## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CORNELLIUS SUTTON

     Plaintiff,

v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR,
IMROJ SINGH, CHANDI
TRUCKING, INC., GOLDEN MILE
ENTERPRISES INC., and ACE
AMERICAN INSURANCE
COMPANY,

     Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

### NOTICE OF REMOVAL

COMES NOW Defendant Imroj Singh ("Defendant"), pursuant to 28 U.S.C. §§ 1332 and 1446, files this Notice of Removal within the time prescribed by law, showing the Court as follows:

1.

On July 17, 2025 Plaintiff filed a complaint in the State Court of Clayton County, Civil Action No. 2025CV05162. Clayton County is within the Atlanta Division of the Northern District of Georgia.

1

2.

The Affidavit of Defendant's counsel, Paul R. Borr, Esq., is submitted as Exhibit A in support of this Notice of Removal.

3.

This is a civil action regarding Plaintiff's claims of negligence against Defendant.

4.

Through this civil action, Plaintiff intends to seek damages in excess of $75,000.

5.

Upon information and belief, at all times material to this action, Plaintiff was a citizen of the State of Georgia.

6.

At all times material to this action, Defendant Imroj Singh was a California resident.

7.

At all times material to this action, Defendant Balwinder Singh Chandi was a California resident.

8.

At all times material to this action, Defendant Rupinder Kaur was a California resident.

9.

At all times material to this action, Defendant Chandi Trucking Inc., was an Indiana corporation.

10.

At all times material to this action, Defendant Golden Mile Enterprises Inc., was an Indiana corporation.

11.

At all times material to this action, Defendant Ace American Insurance Company was a Foreign Insurance Company with jurisdiction in Pennsylvania.

12.

The basis for this Court's jurisdiction is diversity jurisdiction.

13.

Venue is proper in the Northern District of Georgia because, at the time of filing the Complaint, the cause of action arose in Clayton County. This case is properly assigned to the Atlanta Division of the Northern District of Georgia

because, pursuant to 28 U.S.C. § 1441(a), it is the division of the district court embracing the place where this action is pending.

### 14.

Copies of all process, pleadings, and orders served upon Defendant and such other papers that are attachments as required by 28 U.S.C. § 1446 and local court rules are filed herein. (See composite Exhibit B).

### 15.

Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of Court for the State Court of Clayton County, Georgia. (A copy of the Notice of Filing Notice of Removal to opposing counsel is attached hereto as Exhibit C; a copy of the Certificate of Removal is attached hereto as Exhibit D).

### 16.

Undersigned Counsel is Counsel for Balwinder Singh Chandi, Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company in this action.

### 17.

All named Defendants consent to the removal of this action to this Court.

4

WHEREFORE, Defendants respectfully submits this matter to this Court's jurisdiction.

Respectfully submitted this 12th[th] day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*

R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

5

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **NOTICE OF REMOVAL** has been mailed to all parties via U.S. Mail, addressed as follows:

Steven A. Miller
The Miller Firm
500 Bishop St. NW STE A5
Atlanta, GA 30318
themillerfirmatl.com

*Counsel for Plaintiff*

This 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/ Paul R. Borr*

R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

6

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CORNELLIUS SUTTON<br><br>     Plaintiff,<br><br>v.<br><br>JOHN DOE, BALWINDER SINGH<br>CHANDI, RUPINDER KAUR, IMROJ<br>SINGH, CHANDI TRUCKING INC.,<br>GOLDEN MILE ENTERPRISES INC., and<br>ACE AMERICAN INSURANCE<br>COMPANY,<br><br>     Defendants. | CIVIL ACTION FILE<br>NO.: 2025CV05162 |

## AFFIDAVIT OF PAUL R. BORR, ESQ.

STATE OF GEORGIA

COUNTY OF CLAYTON

Before me, the undersigned officer, duly authorized to administer oaths, personally appeared Paul R. Borr, Esq., who, being duly sworn according to law did depose and state:

1. I, Paul R. Borr, Esq., am over the age of eighteen, have personal knowledge of the facts and matters set forth herein, and am competent to testify as to the facts and matters set forth herein.

2. The undersigned is counsel for Balwinder Singh Chandi, Rupinder Kaur, Imroj Singh, Chandi Trucking, Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company (collectively "Defendants") in the above-captioned civil action.

7

3. This is a civil action arising from an incident involving Plaintiff and alleged injuries he sustained on August 22, 2023, while traveling on I-75 North near the Forest Parkway exit in Clayton County, Georgia. (See Plaintiff's Complaint, ¶ 8, attached within composite Exhibit B).

4. This action was commenced in the State Court of Clayton County, Georgia on July 17, 2025.

5. In his Complaint, Plaintiff intends to seek damages for personal injuries, pain and suffering, medical expenses, mental anguish, general expenses, diminished quality of life, and lost wages. Accordingly, upon information and belief, Plaintiff intends to seek damages in this action in excess of $75,000.

6. As pled in the Complaint, Plaintiff was a citizen of the State of Georgia at all times material to this action. (See Complaint, ¶ 1).

7. At all times material to this action, Defendant Imroj Singh was a California resident.

8. At all times material to this action, Defendant Rupinder Kaur was a California resident.

9. At all times material to this action, Defendant Balwinder Singh Chandi was a California resident.

10. At all times material to this action, Defendant Chandi Trucking Inc., was an Indiana corporation.

11. At all times material to this action, Defendant Golden Mile Enterprises Inc., was an Indiana Corporation.

12. At all times material to this action, Defendant Ace American Insurance Company was a Foreign Insurance Company with jurisdiction in Pennsylvania.

8

13. All Defendants consent to the removal of this action to this Court.

14. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 to decide this controversy.

15. On November 12, 2025, I enclosed copies of the Notice of Removal to Plaintiff's counsel, together with a copy of the foregoing Notice, in an envelope addressed to Plaintiff's counsel at their address, duly sealed, stamped, and deposited in the U.S. Mail in Atlanta, Georgia, for transmission to the same address on the date aforesaid.

FURTHER AFFIANT SAYETH NOT.

This 12th day of November, 2025.

Paul Borr, Esq.

Notary Public
My Commission Expires: 10/07/2028

# **EXHIBIT B**

7

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) **2025CV05162** |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) |
| RUPINDER KAUR, IMROJ SINGH, | ) |
| CHANDI TRUCKING INC. , | ) |
| GOLDEN MILE ENTERPRISES INC., | ) |
| and ACE AMERICAN INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## BACKGROUND

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

**COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE**

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;
      d. General expenses;
      e. Diminished quality of life; and
      f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|

| Integrated Health & Injury Center | $6,975.00 |
|---|---|
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of  FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of  FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

> a. Medical expense;
> b. Pain and suffering;
> c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special

damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and

wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and

expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to

O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special

damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for

compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life

in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by

law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further

relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|------------|-----|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This __17th__ day of July, 2025.

_/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

2025CV05162

e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318          Plaintiff

Vs.

Ace American Insurance Company

c/o CT Corporation System

289 S Culver St
Lawrenceville, GA, 30046

Defendant

2025CV05162

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Steven A. Miller
The Miller Firm
500 Bishop St. NW
Ste A5
Atlanta, GA 30318
470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Ashley Bright

By:_____
Deputy Clerk

2025CV05162

Filed 7/17/2025 5:55 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318                **Plaintiff**

Vs.

Balwinder Singh Chandi

15505 Jacara Ln,

Moreno Valley, California 92551

                **Defendant**

2025CV05162

Case Number

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Steven A. Miller
> The Miller Firm
> 500 Bishop St. NW
> Ste A5
> Atlanta, GA 30318
> 470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Ashley Bright

By:_____

Deputy Clerk

2025CV05162
e-Filed 7/17/2025 5:55 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318          **Plaintiff**

Vs.

---

Balwinder Singh Chandi

15505 Jacara Ln,

Moreno Valley, California 92551

**Defendant**

**2025CV05162**

Case Number

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Steven A. Miller
The Miller Firm
500 Bishop St. NW
Ste A5
Atlanta, GA 30318
470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Ashley Bright
By:_____
Deputy Clerk

2025CV05162                                          e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318                **Plaintiff**

Vs.

Rupinder Kaur

5352 Heitz Way,

Fontana, California 92336

**Defendant**

2025CV05162

Case Number

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Steven A. Miller
> The Miller Firm
> 500 Bishop St. NW
> Ste A5
> Atlanta, GA 30318
> 470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Ashley Bright

By:_____
Deputy Clerk

2025CV05162

*e-Filed 7/17/2025 5:55 PM*

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318            Plaintiff

Vs.

Golden Mile Enterprises, Inc.

c/o Registered Agents Inc.
5534 Saint Joe Road

Fort Wayne, IN, 46835

                        Defendant

2025CV05162

Case Number

## <u>SUMMONS</u>

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

> Steven A. Miller
> The Miller Firm
> 500 Bishop St. NW
> Ste A5
> Atlanta, GA 30318
> 470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN
CLERK OF COURT
State Court of Clayton County**

/s/ Ashley Bright

By:_____
Deputy Clerk

2025CV05162

e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318          Plaintiff

Vs.

2025CV05162

Case Number

Imroj Singh

1702 S Belmount Ave.

Indianapolis, Indiana 46221

Defendant

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Steven A. Miller
The Miller Firm
500 Bishop St. NW
Ste A5
Atlanta, GA 30318
470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: /s/ Ashley Bright
_____
Deputy Clerk

2025CV05162   e-Filed 7/17/2025 5:55 PM

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Ashley Bright

☐ Superior or ☒ State Court of _____ CLAYTON _____ County

| **For Clerk Use Only** | |
|---|---|
| Date Filed __7/18/2025__ | Case Number __2025CV05162__ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
SUTTON, CORNELLIUS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
SINGH CHANDI, BALWINDER

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| KAUR, RUPINDER | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| SINGH, IMROJ | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| CHANDI TRUCKING INC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| GOLDEN MILE ENTERPRISES, INC. and ACE AMERICAN INSURANCE COMPANY | | | | |

**Plaintiff's Attorney** ___Steven A. Miller___ **State Bar Number** ___154011___ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                        **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

2025CV05162    e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
    Plaintiff,                        )
                                      )
                                )    CIVIL ACTION FILE NO.:
v.                                    )
                                )    2025CV05162
                                      )    _____
JOHN DOE, BALWINDER SINGH CHANDI,     )
RUPINDER KAUR, IMROJ SINGH,           )
CHANDI TRUCKING INC. ,                )
GOLDEN MILE ENTERPRISES INC.,         )
and ACE AMERICAN INSURANCE            )
COMPANY                               )
                                      )
    Defendants.                       )

### PLAINTIFF'S CERTIFICATE REGARDING SERVICE OF DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, counsel certifies that he served on this day the following discovery:

    1) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents to Defendant Balwinder Singh Chandi;

    2) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents to Defendant Rupinder Kaur;

    3) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents to Defendant Imroj Singh;

    4) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents to Defendant Chandi Trucking, Inc.;

    5) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents to Defendant Golden Mile Enterprises, Inc.

    6) Plaintiff's First Interrogatories and Plaintiff's First Request for Production of

Documents to Defendant Ace American Insurance Company; and

7) Plaintiff's First Request for Admissions, Plaintiff's First Interrogatories and Plaintiff's

First Request for Production of Documents to UM carrier Progressive Mountain Insurance

Company.


This __17th__ day of July, 2025.

                                    __/s/ Steven A. Miller__
                                    Steven A. Miller
                                    Georgia Bar No. 154011
                                    Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served a copy of the foregoing Certificate

Regarding Service of Discovery via Sheriff/Private process server, to the following:

Balwinder Singh Chandi
15505 Jacara Ln, Moreno Valley
California 92551

Chandi Trucking Inc.
c/o Imroj Singh
1702 S Belmount Ave.
Indianapolis, Indiana 46221

GOLDEN MILE ENTERPRISES INC.
c/o Registered Agents Inc.
5534 Saint Joe Road
Fort Wayne, IN, 46835

IMROJ SINGH
1702 S Belmount Ave.
Indianapolis, Indiana 46221

RUPINDER KAUR
5352 Heitz Way
Fontana, California 92336

Ace American Insurance Company
c/o , CT Corporation System
289 S Culver St
Lawrenceville, GA, 30046

Progressive Mountain Insurance Company
c/o CT Corporation System
289 S Culver St
Lawrenceville, GA, 30046

This  17th  day of July, 2025.

_/s/ Steven A. Miller_

Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

3

2025CV05162

e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| |
|---|
| Cornellius Sutton c/o Steven A. Miller |
| 500 Bishop St. NW |
| Ste A5 |

Atlanta, GA 30318        Plaintiff

2025CV05162

Vs.

Case Number

| |
|---|
| Progressive Mountain Insurance Company |
| c/o CT Corporation System |
| 289 S Culver St, Lawrenceville, GA, 30046 |

Defendant

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Steven A. Miller
> The Miller Firm
> 500 Bishop St. NW
> Ste A5
> Atlanta, GA 30318
> 470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: _/s/ Ashley Bright_
_____
Deputy Clerk

2025CV05162

e-Filed 8/4/2025 12:22 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318          Plaintiff

Vs.

2025CV05162

Case Number

Chandi Trucking Inc.

c/o Imroj Singh ,

1702 S Belmount Ave.
Indianapolis, Indiana 46221

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Steven A. Miller
The Miller Firm
500 Bishop St. NW
Ste A5
Atlanta, GA 30318
470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Shalonda Green

By:_____

Deputy Clerk



## AFFIDAVIT OF SERVICE

| Case: 2025CV05162 | Court: IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA | County: | Job: 24781391 |
|---|---|---|---|
| Plaintiff / Petitioner: CORNELLIUS SUTTON C/O STEVEN A. MILLER | | Defendant / Respondent: GOLDEN MILE ENTERPRISES, INC. | |
| Received by: Evolution Process Service/Lexitas Process Service | | For: THE MILLER FIRM | |
| To be served upon: GOLDEN MILE ENTERPRISES, INC. C/O REGISTERED AGENTS, INC | | | |

I, DAWN GRIFFIN-LUCE, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** GOLDEN MILE ENTERPRISES, INC. C/O REGISTERED AGENTS, INC., 5534 SAINT JOE RD , FORT WAYNE, IN 46835:

**Manner of Service:** CORPORATE, 06th day of August, 2025 1:10PM

**Documents:** PLAINTIFFS FIRST REQUESTS FOR ADMISSION TO DEFENDANT GOLDEN MILE ENTERPRISES, INC., PLAINTIFFS FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT GOLDEN MILE ENTERPRISES INC., PLAINTIFFS CERTIFICATE REGARDING SERVICE OF DISCOVERY

**Next Hearing Date:**

**Additional Comments:**
1) Successful Attempt: 06th day of August, 2025 1:10PM at 5534 SAINT JOE RD , FORT WAYNE, IN 46835: received by **VIVKI FRIER, INTAKE SPECIALIST** Age: 71; Sex: FEMALE; Race: WHITE; Weight: 175; Height: 5" 6; Hair: BROWN

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief

DAWN GRIFFIN-LUCE                    8-11-25
                                     Date

Evolution Process Service/Lexitas Process Service
6018 N Keystone Ave.
Indianapolis, IN 46220

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

July 15, 2032
Date        Commission Expires

E. L. WAKEFIELD, Notary Public
State of Indiana
Commission Number NP0757550
My Commission Expires July 15th, 2032

2025CV05162

E-FILED 8/11/2025 8:06 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON                    :

    Plaintiff,                          :

                             :     Civil Action File No.

       v.                              :     2025CV05162

                             :

JOHN DOE, BALWINDER SINGH            :
CHANDI, RUPINDER KAUR,               :
IMROJ SINGH, CHANDI TRUCKING INC.,   :
GOLDEN MILE ENTERPRISES INC.,        :
and ACE AMERICAN INSURANCE           :
COMPANY                              :

                             :

    Defendants.                         :

### AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

(1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

(2)

I served upon Progressive Mountain Insurance Company a Summons and Complaint, Plaintiff's Request for Production of Documents to Uninsured Motorist Carrier, and Plaintiff's First Interrogatories to Uninsured Motorist Carrier, in regard to the above-styled action by leaving copies with Linda Banks, an authorized representative of its Registered Agent, CT Corporation System, located at 289 South Culver St., Lawrenceville, GA 30046 on August 6, 2025, at 2:54 P.M.

Further affiant sayeth not. This 8th day of *August* _____ 2025.

_____
Signature

Sworn to and subscribed before me
8th day of *August*
_____
Notary Public, State of Georgia
My commission expires: 4 9 28

RECEIVED & FILED

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JAN 07 2025

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby CLERK STATE COURT CLAYTON COUNTY

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Aguirre, Antuan | Cline, Travis | Giles, Herbert | Mallas, Nicholas | Singleton, Wanda |
| Allen, Lakeita | Cochrane, Babette | Gotell, Rachel | Mathes, Gabrielle | Singleton, Wesley |
| Anschutz, Edwin | Cotton, Charles | Greenway, Kimberly | McClellan, Rodney | Sistrunk, Alesha |
| Armstrong, Christopher | Crossland, Christina | Gunby, Tamar | McMillon, Ericka | Smith, Norei |
| Armstrong, Michael | Crump, Thomas | Gunnels, Jamie | Mitchell, Kevin | Smith, Ronald |
| Armstrong, Michelle | Cunningham, Sally | Gunnels, Matthew | Moore, Brad | Soleyn, Gracelyn |
| Atkinson-Meiklejohn,C. | Dalman, Jonathan | Harbuck, Michael | Mostafa, Vernon | Spears, Joye |
| Bailey, Santonias | Daniel, Nakisha | Harris, Parks | Muhammad, Azizah | Starks, Marc |
| Barnes, Kristopher | Davidson, Danny | Hassan, Muhsin | Muhammad, Kabir | Stephens, Geri |
| Barron, Shane | Davidson, Mitchell | Hassan, Muhsin S. | Muhammad-Haqq, Raja | Stiggers, James |
| Basham, James | Davis, Jr., Mitchell | Hightower, Anthonio | Murphy, Alesia | Stover, Cierra |
| Benito, Richard | Day, Duane | Hill, Hollis | Murphy, Sharon | Swindle, Frank |
| Beyene, Euael | Derricho, Jr., David | Hines, James | Murphy, Jr., Gregory | Swinger, Ina |
| Blakeney, Cody | Dolbier, Jeffrey | Horton, Christopher | Nolen, Milton | Tassaw, Berhane |
| Blakeney, Kristian | Earthrise, Rochelle | Hudson, Kyle | Pace, Latarsha | Thomas, Corvon |
| Blalock, James | Echols, Eric | Hunte, Karen | Pannell, Nicole | Thomas, Jeffrey |
| Brazeman, Craig | Echols, Patricia | Hunter, Jermarcus | Parker, Ernesqueshia | Thompson, Paulette |
| Bridges, Kayla | Ekwenibe, Joe | Irvin, Elizabeth | Perlson, Marc | Thompson, Stephen |
| Briley, Donnie | Farkas, Mr. Bela | Jackson, II, Anthony | Porter, Gregory | Thompson, Vanessa |
| Brown, Irish | Ferguson, Reginald | Jackson, Chiquita | Rashid, Hassan | Thrash, Nancy |
| Bryant, Shemika | Fisher, Dawn | James, Frank | Richard, Lucky | Tort, Henry |
| Bunch, Kim | Folds, Catherina | Kahssu, Haile | Richardson, Clark | Turner, Travis |
| Burt, Quiyana | Ford, Ronnie | Kirkland, Shirley | Richardson, Leroy | Velasquez, Julius |
| Butts, Kimberly | Fuller, Thomas | Kotlar, Michael | Rucker, Keith | West, Eric |
| Byer, Edmond | Garmon, Daylien | Laster, Beverly | Ruddock, Margaret | Winkelman, Nan |
| Byers, Dayvon | Garmon, Jason | Lawson, Zuri | Saxon Rashad | Wright, Christopher |
| Canela Hernandez, B. | Garner, Jennifer | Lewis, Kevin | Saxon, Robin | Yancey, Shadae |
| Childress, Clifton | Gayle, Earl | Louis, Clyde | Saxon-Ford, Virginia | |
| Clemmons, Joyce | Gibbs, III, Thomas | Luster, Jerald | Seklecki, Christian | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2025, without the necessity of an order for appoint in each individual case.

SO ORDERED this _____ day of _____, 20___.

_____
Chief Judge Michael T. Garrett

_____
Judge Margaret L. Spencer

_____
Judge Sonyja J. George

_____
Judge Tammi L. Hayward

_____
Judge Shalonda Jones-Parker

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON                     :
                                      :
        Plaintiff,                    :
                                      :
                                      :       Civil Action File No.
        v.                            :       2025CV05162
                                      :
JOHN DOE, BALWINDER SINGH             :
CHANDI, RUPINDER KAUR,                :
IMROJ SINGH, CHANDI TRUCKING INC.,    :
GOLDEN MILE ENTERPRISES INC.,         :
and ACE AMERICAN INSURANCE            :
COMPANY                               :
                                      :
        Defendants.                   :

### AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

(1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

(2)

I served upon Ace American Insurance Company a Summons and Complaint, Plaintiff's Request for Production of Documents to Uninsured Motorist Carrier, and Plaintiff's First Interrogatories to Uninsured Motorist Carrier, in regard to the above-styled action by leaving copies with Linda Banks, an authorized representative of its Registered Agent, CT Corporation System, located at 289 South Culver St., Lawrenceville, GA 30046 on August 6, 2025, at 2:54 P.M.

Further affiant sayeth not. This 8th day of _August_ _____ 2025.

_Sall Cunningham_
Signature

Sworn to and subscribed before me this
8th day of _August_
_____
Notary Public, State of Georgia
My commission expires:

**RECEIVED & FILED**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

JAN 07 2025

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby CLERK STATE COURT CLAYTON COUNTY

### ORDERED and ADJUDGED that the following:

| | | | | |
|---|---|---|---|---|
| Aguirre, Antuan | Cline, Travis | Giles, Herbert | Mallas, Nicholas | Singleton, Wanda |
| Allen, Lakeita | Cochrane, Babette | Gotell, Rachel | Mathes, Gabrielle | Singleton, Wesley |
| Anschutz, Edwin | Cotton, Charles | Greenway, Kimberly | McClellan, Rodney | Sistrunk, Alesha |
| Armstrong, Christopher | Crossland, Christina | Gunby, Tamar | McMillon, Ericka | Smith, Norei |
| Armstrong, Michael | Crump, Thomas | Gunnels, Jamie | Mitchell, Kevin | Smith, Ronald |
| Armstrong, Michelle | Cunningham, Sally | Gunnels, Matthew | Moore, Brad | Soleyn, Gracelyn |
| Atkinson-Meiklejohn, C. | Dalman, Jonathan | Harbuck, Michael | Mostafa, Vernon | Spears, Joye |
| Bailey, Santonias | Daniel, Nakisha | Harris, Parks | Muhammad, Azizah | Starks, Marc |
| Barnes, Kristopher | Davidson, Danny | Hassan, Muhsin | Muhammad, Kabir | Stephens, Geri |
| Barron, Shane | Davidson, Mitchell | Hassan, Muhsin S. | Muhammad-Haqq, Raja | Stiggers, James |
| Basham, James | Davis, Jr., Mitchell | Hightower, Anthonio | Murphy, Alesia | Stover, Cierra |
| Benito, Richard | Day, Duane | Hill, Hollis | Murphy, Sharon | Swindle, Frank |
| Beyene, Euael | Derricho, Jr., David | Hines, James | Murphy, Jr., Gregory | Swinger, Ina |
| Blakeney, Cody | Dolbier, Jeffrey | Horton, Christopher | Nolen, Milton | Tassaw, Berhane |
| Blakeney, Kristian | Earthrise, Rochelle | Hudson, Kyle | Pace, Latarsha | Thomas, Corvon |
| Blalock, James | Echols, Eric | Hunte, Karen | Pannell, Nicole | Thomas, Jeffrey |
| Brazeman, Craig | Echols, Patricia | Hunter, Jermarcus | Parker, Ernesqueshia | Thompson, Paulette |
| Bridges, Kayla | Ekwenibe, Joe | Irvin, Elizabeth | Perlson, Marc | Thompson, Stephen |
| Briley, Donnie | Farkas, Mr. Bela | Jackson, II, Anthony | Porter, Gregory | Thompson, Vanessa |
| Brown, Irish | Ferguson, Reginald | Jackson, Chiquita | Rashid, Hassan | Thrash, Nancy |
| Bryant, Shemika | Fisher, Dawn | James, Frank | Richard, Lucky | Tort, Henry |
| Bunch, Kim | Folds, Catherina | Kahssu, Haile | Richardson, Clark | Turner, Travis |
| Burt, Quiyana | Ford, Ronnie | Kirkland, Shirley | Richardson, Leroy | Velasquez, Julius |
| Butts, Kimberly | Fuller, Thomas | Kotlar, Michael | Rucker, Keith | West, Eric |
| Byer, Edmond | Garmon, Daylien | Laster, Beverly | Ruddock, Margaret | Winkelman, Nan |
| Byers, Dayvon | Garmon, Jason | Lawson, Zuri | Saxon Rashad | Wright, Christopher |
| Canela Hernandez, B. | Garner, Jennifer | Lewis, Kevin | Saxon, Robin | Yancey, Shadae |
| Childress, Clifton | Gayle, Earl | Louis, Clyde | Saxon-Ford, Virginia | |
| Clemmons, Joyce | Gibbs, III, Thomas | Luster, Jerald | Seklecki, Christian | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2025, without the necessity of an order for appoint in each individual case.

SO ORDERED this _____ day of _____, 20____.

Chief Judge Michael T. Garrett

Judge Tammi L. Hayward

Judge Margaret L. Spencer

Judge Shalonda Jones-Parker

Judge Sonyja J. George

2025CV05162

Filed 8/19/2025 12:47 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Cornellius Sutton c/o Steven A. Miller

500 Bishop St. NW

Ste A5

Atlanta, GA 30318        Plaintiff

Vs.

2025CV05162

Case Number

Imroj Singh

15637 Iron Spring Ln

Fontana, CA 92336-

Defendant

## AMENDED **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Steven A. Miller
The Miller Firm
500 Bishop St. NW
Ste A5
Atlanta, GA 30318
470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Shalonda Green

By:_____

Deputy Clerk

2025CV05162

eFiled 8/19/2025 1:26 PM

# AFFIDAVIT OF SERVICE

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

| Case: 2025CV05162 | Court: State Court of Clayton County, Georgia | County: Clayton, GA | Job: 13916532 (Sutton vs Chandi Trucking Inc) |
|---|---|---|---|
| Plaintiff / Petitioner: Cornellius Sutton | | Defendant / Respondent: Chandi Trucking Inc | |
| Received by: QuickServe, a Clinton Investigations company | | For: The Miller Firm | |
| To be served upon: Chandi Trucking Inc. | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Chandi Trucking Inc., Company: 1702 S Belmont Ave, Indianapolis, in 46221

**Manner of Service:** Business, Aug 12, 2025, 4:12 pm EDT

**Documents:** Complaint (Cornellius Sutton) f..pdf (Received Aug 7, 2025 at 10:00am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 10:00am EDT), Pl's 1st ROGS & RPD to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), RFA to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), Summons (Chandi Trucking Inc.) f..pdf (Received Aug 7, 2025 at 10:00am EDT)

**Additional Comments:**

1) Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmont Ave, Indianapolis, in 46221 received by Chandi Trucking Inc.. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Employee of Chandi Trucking named Roman ;

_____   08/12/2025

Kit Stuard                          **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

eFiled 8/20/2025 7:41 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia

Ashley Bright

## AMENDED AFFIDAVIT OF SERVICE

| Case:<br>2025CV05162 | Court:<br>State Court of Clayton County, Georgia | | County:<br>Clayton, GA | Job:<br>13916403 (Sutton vs Singh) |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Cornellius Sutton | | Defendant / Respondent:<br>Chandi Trucking Inc | | |
| Received by:<br>QuickServe, a Clinton Investigations company | | For:<br>The Miller Firm | | |
| To be served upon:<br>Imroj Singh | | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Imroj Singh, Company: 1702 S Belmount Ave, Indianapolis, in 46221

**Manner of Service:**   Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**   Imroj Singh (Received Aug 7, 2025 at 11:54am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Pl's 1st ROGS & RPD to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), RFA to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), Summons (Imroj Singh) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Sutton vs Singh.pdf (Received Aug 7, 2025 at 11:54am EDT)

**Additional Comments:**
1) Sub-Served Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmount Ave, Indianapolis, in 46221 received by Imroj Singh. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Office Employee of Chandi Trucking named Roman. Office Manager Josh informed Imroj Singh lives in California.

*Kit Stuard*
_____     08/19/2025
Kit Stuard                              **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

Control Number : SOP-25163820

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Balwinder Singh Chandi**

have been filed with the Secretary of State on 08/18/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Cornellius Sutton v. Balwinder Singh Chandi
Court: Clayton County State Court
Civil Action No.: 2025CV05162

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/21/2025.

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 8/18/2025 7:05:03 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25163820 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Balwinder Singh Chandi |
| Defendant's Address Where Service Attempted and/or Forwarded | : 15505 Jacara Ln, Moreno Valley, CA, 92551, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Cornellius Sutton |
| Style of Proceeding | : Cornellius Sutton v. John Doe, Balwinder Singh Chandi, Rupinder Kaur, Imroj Singh, Chandi Trucking, Inc. Golden Mile Enterprises Inc and Ace American Insurance Company |
| Civil Action Number | : 2025CV05162 |
| Court | : Clayton County State Court |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : The Miller Firm |
| Address | : 500 Bishop St NW, Suite A5, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Star C Coble |

2025CV05162

Control Number : SOP-25163831

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

eFiled 8/22/2025 12:44 PM

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Rupinder Kaur**

have been filed with the Secretary of State on 08/18/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Cornellius Sutton v. Rupinder Kaur
Court: State Court of Clayton County
Civil Action No.: 2025CV05162

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/21/2025.

*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 8/18/2025 7:14:11 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25163831 |

**DEFENDANT INFORMATION**

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Rupinder Kaur |
| Defendant's Address Where Service Attempted and/or Forwarded | : 5352 Heitz Way, Fontana, CA, 92336, USA |

**STATUTORY AUTHORITY**

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

**CASE INFORMATION**

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Cornellius Sutton |
| Style of Proceeding | : Cornellius Sutton v. John Doe et. al |
| Civil Action Number | : 2025CV05162 |
| Court | : State Court of Clayton County |

**SERVICE OF PROCESS DOCUMENTS**

See attached document(s).

**FILER's INFORMATION**

| | |
|---|---|
| Filer Type | : Business |
| Name | : The Miller Firm |
| Address | : 500 Bishop St NW, Suite A5, Atlanta, GA, 30318, USA |

**AUTHORIZER INFORMATION**

| | |
|---|---|
| Authorizer Name | : Star C Coble |

Control Number : SOP-25168144

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

e-Filed 8/28/2025 4:51 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysotto**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Imroj Singh

have been filed with the Secretary of State on 08/25/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Cornellius Sutton v. Imroj Singh
Court: Clayton County State Court
Civil Action No.: 2025CV05162

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/27/2025.

*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 8/25/2025 12:15:46 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25168144 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| Defendant Type | : Individual |
|---|---|
| Defendant's Name | : Imroj Singh |
| Defendant's Address Where Service Attempted and/or Forwarded | : 15637 Iron Spring Lane, Fontana, CA, 92336, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| Name of Plaintiff | : Cornellius Sutton |
|---|---|
| Style of Proceeding | : Cornellius Sutton v. John Doe et. al |
| Civil Action Number | : 2025CV05162 |
| Court | : Clayton County State Court |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : The Miller Firm |
| Address | : 500 Bishop St NW, Suite A5, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Star C Coble |

Control Number : SOP-25168134

# STATE OF GEORGIA
## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

e-Filed 8/28/2025 4:51 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysoito**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Chandi Trucking, Inc.

have been filed with the Secretary of State on 08/22/2025 pursuant to O.C.G.A. § 14-2-1510(b) relating to the following matter:

Case: Cornellius Sutton v. Chandi Trucking, Inc.
Court: Clayton County State Court
Civil Action No.: 2025CV05162

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/27/2025.

*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

## SERVICE OF PROCESS

*Electronically Filed*
Secretary of State
Filing Date: 8/22/2025 2:43:58 PM

### FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25168134 |

### DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : Chandi Trucking, Inc. |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : 1702 S Belmont Ave, Indianapolis, IN, 46221, USA |

### STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 14-2-1510(b)

### CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Cornellius Sutton |
| Style of Proceeding | : Cornellius Sutton v John Doe et. al |
| Civil Action Number | : 2025CV05162 |
| Court | : Clayton County State Court |

### SERVICE OF PROCESS DOCUMENTS

See attached document(s).

### FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Business |
| Name | : The Miller Firm |
| Address | : 500 Bishop St NW, Suite A5, Atlanta, GA, 30318, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Star C Coble |

e-Filed 9/4/2025 3:45 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| JOHN DOE, BALWINDER SINGH | * |
| CHANDI, | *    CASE NO.: |
| RUPINDER KAUR, IMROJ SINGH, | *    2025CV05162 |
| CHANDI TRUCKING INC., | * |
| GOLDEN MILE ENTERPRISES INC., | |
| and ACE AMERICAN INSURANCE | |
| COMPANY, | |
| | |
| Defendants. | |

### PROGRESSIVE'S FIRST INTERROGATORIES TO PLAINTIFF(S)

**COMES NOW** Progressive Mountain Insurance Company ("Progressive") and hereby requires that the Plaintiff(s) answer under oath and in writing the following Interrogatories within thirty (30) days from the date of service as provided by O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to Progressive's attorney at the address in Defendant's attorney's signature line below, or at another mutually agreeable time and place.

In answering these interrogatories, Plaintiff(s) must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to Plaintiff(s), or any of Plaintiff(s)'s attorneys, consultants, representatives, or other agents. If Plaintiff(s) is/are unable to answer fully any of these interrogatories, Plaintiff(s) must answer them to the fullest extent possible, specifying the reasons for Plaintiff(s)'s inability to answer the remainder, and stating whatever information, knowledge, or belief Plaintiff(s) has/have concerning the unanswerable portion.

Without being requested to do so, Plaintiff(s) must reasonably supplement the answers to all interrogatories requesting the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial. Without being requested to do so, Plaintiff(s) must also amend any answer when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

## **DEFINITIONS**

(1)    "Plaintiff(s)," "you," or any synonym thereof: Embraces and includes Cornellius Sutton and all agents, servants, employees, representatives, consultants, attorneys and others who are in possession of or may have obtained information for or on behalf of Plaintiff(s) with regard to the subject matter of this case.

(2)    "Defendant(s)":  Includes any defendant named or served in this case and any agents, servants, employees, representatives, consultants, or attorneys of any such defendant.

(3)    "Document(s)": Refers to any paper, book, record, recording, letter, correspondence, memorandum, internal memorandum, note, diary, report, statement, contract, agreement, invoice, receipt, canceled check, drawing, sketch, graph, chart, work paper, study, report, photograph, movie, videotape, tape recording, computer printout, computer tape or disk, any form of stored information readable by a computer, microfiche, or other similar materials which contain any verbal, graphic or pictorial information. The term "document(s)" also includes, but is not limited to, all duplicates, carbon copies or any other copies of original documents, including copies with handwritten notes, revisions or interlineations.

(4)    "Identify": With respect to a document means set forth the following information, regardless of whether such document is in Plaintiff's possession, if known:  a general description

thereof (*e.g.*, letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons, if any, who drafted, prepared, compiled or signed it; and any other descriptive information necessary in order to describe it adequately in a subpoena *duces tecum* or in a motion or request for production thereof.  With regard to a person, the term "identify" means set forth the person's name, last known address and telephone number, occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

(5)     "Person(s)": Refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

(6)     "And" and "or," as used herein, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information that might otherwise be construed to be outside their scope.

(7)     "Evidencing" and/or "relating to," as used herein, mean and include, in whole or in part, referring to, with respect to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

(8)     If any document requested formerly was in your possession or subject to your control but no longer is in your possession or subject to your control, state when and what disposition was made of the document or documents.

The above definitions are incorporated herein by reference and should be utilized in responding to the following interrogatories.

## **<u>INTERROGATORIES</u>**

1.

Please state your full name, address, date of birth, social security number and your spouse's full name, if married.

2.

Please identify all persons known to you who:

(a)     Arrived or claimed to have arrived at the scene of the incident immediately or shortly after its happening;

(b)     Saw or claimed they saw all or any part of the incident complained of or any material events leading up to it;

(c)     Have knowledge of relevant information regarding the facts or circumstances in this incident; or

(d)     Have made any type of investigation in this incident.

3.

Please identify with sufficient particularity to satisfy a Notice to Produce, any oral, written or transcribed statements or reports you have obtained or are aware of from any persons, including but not limited to those persons identified in your answer to the preceding Interrogatory, having knowledge of relevant information, facts or circumstances in this case, including Defendants and/or Defendants' agents or representatives. Please include in your identification of each statement the name of the person taking each statement, the date each statement was given, and the person having possession, custody, or control of the original or a copy of each statement.

4.

State the substance of any communications you had with the Defendants or Defendants' agent at the time of or at any time following the occurrence giving rise to this lawsuit.

5.

State specifically and in reasonable detail how the subject occurrence happened.

6.

Please set forth in detail each and every act and/or omission which you contend constitutes negligence or negligence per se on the part of Defendants; and the name, address, and telephone number of each and every individual or entity having knowledge concerning each and every fact set forth in your response to this Interrogatory.

7.

State in detail to the best of your ability each injury which you claim to have received as a result of the occurrence set forth in your Complaint. This request does not necessarily seek a medical or scientific name or diagnosis of each alleged injury; a layperson's description is sufficient.

2025CV05162

8.

If you are currently suffering as a result of any of these injuries, please state in what way and to what extent.

9.

What activities have you been unable to participate in, or limited in participating in, as a result of the injuries you allegedly sustained in the subject collision?  If so, for what period of time were you limited or unable to participate in these activities?

10.

With respect to each medical provider (including but not limited to physicians, hospitals, chiropractors, therapists or other practitioners of the healing arts) whom you have seen or been treated by in connection with your alleged injuries, please state their name and address, and the dates you were treated.

11.

Please state specifically the name and address of your current employer and every other employer for whom you have worked for the past ten years, giving as to each the nature of your work, the rate of pay received and your reason for leaving each job (if applicable).

12.

If you are making a claim for lost wages, lost earnings or lost profits as a result of the subject incident, please provide the following information:

(a)    The amount of wages, earnings or profits which you claim you lost;

(b)    How you calculated your claim (for example, the number of hours missed from work multiplied by the hourly wage);

(c)    The amount of any payment or benefit (workers' compensation, sick leave pay, disability insurance, income protection insurance or other) you received on account of any such loss of time from work or loss of earnings.

13.

Please itemize all special damages which you allege you have incurred or others have incurred on your behalf as a result of the incident which is the subject of this litigation (do not simply refer to attached documents), including, *but not limited to*, all past medical expenses, expected future medical expenses of any kind, past and future hospital expenses, lost income of any kind, the past and future cost of medication and property damages for which you have not

already been compensated.  Plaintiff is required to supplement the response to this interrogatory pursuant to Plaintiff's obligation to itemize all special damages as required by O.C.G.A. 9-11-9(g).

14.

For any and all other collisions, accidents and incidents (including, but not limited to slip and falls, home accidents, on-the-job injuries, sports injuries, etc.) in which you have been involved, either before or since the subject collision, please indicate the following for each:

(a)    The approximate date and location;

(b)    The names of any other parties involved in each incident;

(c)    The nature of any personal injuries which you received in such occurrences;

(d)    The name and address of any health care facility and physicians who treated you for any such injury.

15.

If you have ever been arrested, please state the date, city or county where you were arrested, the charges made in each such arrest, whether you pled guilty, not guilty or nolo contendere, and whether you were convicted.

16.

Have you ever undergone any surgery for any reason?  If so, for each surgery, please state the name and address of each medical provider (including hospital, surgery center and physician), the date of each treatment, and the nature of each treatment.

17.

Please provide the name and address of all medical providers with whom you have treated for any reason in the past ten (10) years, including all family/personal/primary care physicians.

18.

In the past 10 years, if you have undergone any physical examination (whether in connection with employment or application for insurance, commercial driver's license, entrance to any school, the armed forces, etc.) *which you have not already referred to in your answers to these Interrogatories*, please describe each such examination (i.e. medical exam for the F.A.A.), including but not limited to, the date, the place, the person making the examination, and the purpose of the examination.

19.

If you have ever suffered from a similar injury or medical condition that you allege you are suffering from as a result of the subject accident, whether <u>before</u> or <u>after</u> this accident, please state the following:

(a)      Describe such injury or condition;

(b)      When and where such injury was sustained;

(c)      Whether you made a claim for personal injury as a result of such injury or condition; and

(d)      The names and addresses of all health care providers with whom you treated for said injury or condition.

20.

Please identify any payments which you have received or which have been made on your behalf by any source, including but not limited to medical payments benefits, workers' compensation, sick leave pay, disability income insurance, or any other source, by reason of the incident which is the subject of this litigation.  As to any such payment, please identify the source and type of payment; the limits of coverage for each such payment; and whether you have executed a release, covenant not to sue, indemnity agreement, proof of loss, loan receipt, or any other document of any kind at the request of the entity making payment to you.

21.

Have you ever been a party to a lawsuit, including a claim for workers' compensation?  If so, please provide the following as to each suit:  the style of the case, the substance of the litigation, the court in which the suit was filed, and the ultimate disposition of the suit.

22.

Are there any photographs, charts, diagrams, videos, or other illustrations either of the subject incident, the vehicles, the scene of the incident, or any of the people involved?  If so, please provide as to each such item a description of each, the date each was made, by whom each was made, and the name and address of the person currently having custody or control of the original or the copy of each.

23.

Have you retained an expert witness or professional consultant to make an evaluation or investigation of the cause of the subject incident or any aspect of the damages being claimed as part of this lawsuit?  If so, please state the following:

(a)      Whether said expert/consultant is expected to testify as an expert witness at trial;

(b)      The name and address of each expert/consultant;

(c)      The date such expert/consultant was retained;

(d)      The subject matter as to which the expert/consultant is expected to testify;

(e)    The substance of the facts and opinions to which the expert/consultant is expected to testify; and

(f)    Whether such expert/consultant has rendered a written report.

24.

Did you consume alcoholic beverages, drugs or medications within twenty-four (24) hours prior to this occurrence?  If so, please identify the nature and quantity thereof, and the name and address of any individual who was a witness to said consumption.

25.

Have you and/or your spouse filed for bankruptcy?  If so, please provide the following as to each bankruptcy:  the style of the case, the court in which the suit was filed, the date of filing of the petition for bankruptcy, and the ultimate disposition of the bankruptcy, including but not limited to the date of any discharge issued by the bankruptcy court.

26.

Please provide the name of the insurance company, the named insured, the policy number and policy limits for any and all policies of insurance which may provide you medical payments, uninsured/underinsured motorist coverage or any other coverage which may apply to the subject collision.

27.

Have any liens been filed by hospitals, physicians or medical providers of any kind arising out of the treatment of injuries sustained in the subject incident?

28.

Note:  The following interrogatory seeks discovery of information required to be reported to the Centers for Medicare & Medicaid Services, pursuant to the Medicare, Medicaid and SCHIP Extension Act of 2007.  Therefore, objections to this interrogatory on the ground that it seeks collateral source information, or that it is overly broad, unduly burdensome, exceeds the scope of discovery or seeks privileged information are without merit:

(a)    Are you currently, or have you been, a Medicare beneficiary?

(b)    Has Medicare made any payments for any medical or prescription expenses related to the subject incident?

(c)    Are you currently receiving Social Security Disability Benefits?

(d)    Have you applied for Social Security Disability Benefits?

(e)    If you have received Medicare benefits in connection with this incident what is your Medicare claim number?

29.

If you maintain any social media account (including but not limited to Facebook, Twitter, Snapchat, LinkedIn, Tumbler, Instagram), please provide your account name, log-in i.d.

30.

If you had a cell phone, smart phone or other mobile device at the time of the subject incident, please identify the service provider, the phone number, the name of the account holder, and whether you were using the device for any purpose at the time of the incident or within the five minutes prior to the incident.

31.

If you have stated a claim for punitive damages and/or attorney's fees in connection with this lawsuit, please identify the legal and/or factual basis for such claim(s), and identify each and every witness who will support such claim(s).

32.

Please state the names, addresses and telephone numbers of any relatives that you have who live in the county in which this case is pending.

33.

Please identify any uninsured motorist insurance policy coverage, in your name, on the vehicle in which you were riding at the time of the occurrence in this case, or otherwise inuring to your benefit, and available for the possible payment of benefits to injured parties in this case, and include the limits of liability or limits of coverage, the effective dates of coverage, the policy number and the named insured for each policy so identified.

34.

Please describe any policies of no-fault insurance coverage in your name, on the vehicle in which you were riding at the time of the occurrence in this case, or otherwise inuring to your benefit, and available for the possible payment of benefits to injured parties in this case, and include the limits of liability or limits of coverage, the effective dates of coverage, the policy number and the named insured for each policy so identified.

35.

Please list all vehicles owned by any members of your household, and describe any policies of liability, no-fault, or uninsured motorist coverage which apply to any vehicle in your household, including the limits of liability or limits of coverage, the effective dates of coverage, the policy number and the named insured for each policy so identified.

36.

Please state whether the vehicle you were operating at the time of the subject accident was equipped with any of the following:

(a)     forward collision warnings;

(b)     automatic braking systems;

(c)     traction control;

(d)     lane departure warning systems;

(e)     any other type of collision avoidance system (also known as a pre-crash system, forward collision warning system or collision mitigating system).

37.

If your answer to the preceding interrogatories is in the affirmative, please state:

(a)     the type(s) of the vehicle's collision avoidance system(s);

(b)     whether the system was functional and operational prior to the accident;

(c)     whether the system provided any type of warning to you prior to an imminent collision;

(d)     whether the vehicle acts autonomously without any driver input to avoid an imminent collision, e.g., by braking or steering or both; and

(e)     whether the collision avoidance system(s) activated in any manner prior to the subject accident.

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529

2025CV05162

Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

2025CV05162

e-Filed 9/4/2025 3:45 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                          *
                                            *
Plaintiff,                                  *
                                            *
v.                                          *
                                            *
JOHN DOE, BALWINDER SINGH                   *
CHANDI,                                     *       CASE NO.:
RUPINDER KAUR, IMROJ SINGH,                 *       2025CV05162
CHANDI TRUCKING INC.,                       *
GOLDEN MILE ENTERPRISES INC.,
and ACE AMERICAN INSURANCE
COMPANY,

Defendants.

---

## DEMAND FOR JURY OF TWELVE

COMES NOW Progressive Mountain Insurance Company in the above-styled civil action

and demands a trial by a jury of twelve as to all appropriate issues.

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

2025CV05162

e-Filed 9/4/2025 3:45 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON,                    *
                                      *
Plaintiff,                            *
                                      *
v.                                    *
                                      *
JOHN DOE, BALWINDER SINGH             *    CASE NO.:
CHANDI,                               *    2025CV05162
RUPINDER KAUR, IMROJ SINGH,           *
CHANDI TRUCKING INC.,                 *
GOLDEN MILE ENTERPRISES INC.,
and ACE AMERICAN INSURANCE
COMPANY,

Defendants.

### NOTICE OF CONSENT TO ELECTRONIC SERVICE

TO:    Cornellius Sutton
       c/o Steven Miller, Esq.
       500 Bishop Street NW., Ste A5
       Atlanta, GA 30313

In conformity with O.C.G.A. § 9-11-5(f)(1)(A), the undersigned counsel of record, a member of the **Law Offices of Andrea Dobur**, hereby notifies the court and all other counsel of record/parties of consent to being served with STATUTORY ELECTRONIC SERVICE of pleadings and other legal notifications at the following email address:

**GAEfile@Progressive.com**

The undersigned will not accept such service at any other email address. It is also requested that service conform to statute by stating STATUTORY ELECTRONIC SERVICE in the subject line.

It is also requested that routine communications regarding scheduling would continue to go to the email of the attorney or staff member involved.

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, a copy of the **Notice of Consent to Electronic Service** was served upon all parties by electronic service or by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to ensure delivery to:

> Steven Miller, Esq.
> 500 Bishop Street NW., Ste A5
> Atlanta, GA 30313

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

e-Filed 9/4/2025 3:45 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| JOHN DOE, BALWINDER SINGH | * |
| CHANDI, | * |
| RUPINDER KAUR, IMROJ SINGH, | * |
| CHANDI TRUCKING INC., | * |
| GOLDEN MILE ENTERPRISES INC., | |
| and ACE AMERICAN INSURANCE | |
| COMPANY, | |
| | |
| Defendants. | |

CASE NO.:
2025CV05162

### CERTIFICATE OF SERVICE OF DISCOVERY

     Pursuant to Uniform Rule 5.2(2), this is to certify that all other parties to this action were served with copies of the following documents: ***Progressive's First Interrogatories to Plaintiff(s); Progressive's First Request for Production of Documents to Plaintiff(s);*** Said service was made via electronic service or by depositing a copy of same in an envelope with sufficient first-class postage affixed thereto to ensure delivery into the United States Mail addressed as follows:

          Steven Miller, Esq.
          500 Bishop Street NW., Ste A5
          Atlanta, GA 30313

     This Thursday, September 04, 2025.

2025CV05162

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN DOE, BALWINDER SINGH | * | CASE NO.: |
| CHANDI, | * | 2025CV05162 |
| RUPINDER KAUR, IMROJ SINGH, | * | |
| CHANDI TRUCKING INC., | * | |
| GOLDEN MILE ENTERPRISES INC., | | |
| and ACE AMERICAN INSURANCE | | |
| COMPANY, | | |
| | | |
| Defendants. | | |

### PROGRESSIVE'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF(S)

**COMES NOW** Progressive Mountain Insurance Company ("Progressive") and hereby requires that Plaintiffs produce the following items for copying and inspection to Progressive's attorney at the address in the undersigned attorney's signature line below, or at another mutually agreeable time and place.  Please produce the following items:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any and all medical bills and medical reports (including, but not limited to hospital records) in your possession or in the possession of your attorney of record which relate to injuries which you allegedly sustained as a result of the subject collision.

2.

Your joint and/or individual income tax returns and any supplemental schedules associated with your joint or individual income tax returns that were filed by you or on your behalf with the United States of America Internal Revenue Service and with the State of Georgia Department of Revenue for the five (5) years preceding this Request for Production of Documents.

3.

If you are making a claim for lost earnings/lost wages, please produce your employee pay stubs, receipts, and/or earning statements relating to your wages and earnings from your employment, or any other source, for the five (5) years preceding this Request for Production of Documents.

4.

If you are making a claim for lost profits, please produce all documentation upon which you base your claim, including documentation of profits earned in the three (3) years prior to the subject collision.

5.

Any and all photographs, video or other graphic representations which you have made, or which have been made on your behalf depicting the injuries you allegedly sustained as a result of the subject collision.

6.

Any and all photographs, video or other graphic representations which you have made, or which have been made on your behalf, depicting the scene of the subject accident or the vehicles involved in the subject accident.

7.

Any and all repair bills or estimates of damage relating to the damage to your vehicle which you allege arose out of the subject accident.

8.

Any and all statements given by you in connection with the subject accident.

9.

Any and all statements given by anyone other than you in connection with the subject accident.

10.

Any and all documents evidencing any and all compensation, indemnity, insurance, wage loss replacement, income replacement or disability benefits or payments available to you or made to or on behalf of you from any and all governmental or private sources because of the special damages being sought to be recovered by you arising out of the subject incident.

11.

Any and all documents or other tangible things which reflect, refer to, relate to or support all special damages that you claim are related to this lawsuit.

12.

Any and all expert reports identified in your response to Interrogatory No. 23 of Progresssive's First Interrogatories to Plaintiff.

13.

Any and all documents and/or other tangible things which you claim prove, support or constitute evidence of any facts or circumstances upon which you base your claim against Defendants and/or Progressive in this case.

14.

Any and all documents which reflect, refer to, relate to or support any charges or citations issued to any person by any governmental authority (including but not limited to police officers), as a result of the subject collision.

15.

Any and all documents or other tangible things which reflect, refer to, relate to or support any bankruptcy petition filed by you and/or your spouse in the last seven (7) years.

16.

Each and every document or thing reflecting or in any way relating to your claim for UM benefits from Progressive for the injuries and damages sustained by you in the automobile collision at issue in the subject case.

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| JOHN DOE, BALWINDER SINGH | * |
| CHANDI, | * CASE NO.: |
| RUPINDER KAUR, IMROJ SINGH, | * 2025CV05162 |
| CHANDI TRUCKING INC., | * |
| GOLDEN MILE ENTERPRISES INC., | |
| and ACE AMERICAN INSURANCE | |
| COMPANY, | |
| | |
| Defendants. | |

PROGRESSIVE'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF(S)

**COMES NOW** Progressive Mountain Insurance Company ("Progressive") and hereby requires that Plaintiffs produce the following items for copying and inspection to Progressive's attorney at the address in the undersigned attorney's signature line below, or at another mutually agreeable time and place.  Please produce the following items:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any and all medical bills and medical reports (including, but not limited to hospital records) in your possession or in the possession of your attorney of record which relate to injuries which you allegedly sustained as a result of the subject collision.

2.

Your joint and/or individual income tax returns and any supplemental schedules associated with your joint or individual income tax returns that were filed by you or on your behalf with the United States of America Internal Revenue Service and with the State of Georgia Department of Revenue for the five (5) years preceding this Request for Production of Documents.

3.

If you are making a claim for lost earnings/lost wages, please produce your employee pay stubs, receipts, and/or earning statements relating to your wages and earnings from your employment, or any other source, for the five (5) years preceding this Request for Production of Documents.

4.

If you are making a claim for lost profits, please produce all documentation upon which you base your claim, including documentation of profits earned in the three (3) years prior to the subject collision.

5.

Any and all photographs, video or other graphic representations which you have made, or which have been made on your behalf depicting the injuries you allegedly sustained as a result of the subject collision.

6.

Any and all photographs, video or other graphic representations which you have made, or which have been made on your behalf, depicting the scene of the subject accident or the vehicles involved in the subject accident.

7.

Any and all repair bills or estimates of damage relating to the damage to your vehicle which you allege arose out of the subject accident.

8.

Any and all statements given by you in connection with the subject accident.

9.

Any and all statements given by anyone other than you in connection with the subject accident.

10.

Any and all documents evidencing any and all compensation, indemnity, insurance, wage loss replacement, income replacement or disability benefits or payments available to you or made to or on behalf of you from any and all governmental or private sources because of the special damages being sought to be recovered by you arising out of the subject incident.

11.

Any and all documents or other tangible things which reflect, refer to, relate to or support all special damages that you claim are related to this lawsuit.

2025CV05162

12.

Any and all expert reports identified in your response to Interrogatory No. 23 of Progresssive's First Interrogatories to Plaintiff.

13.

Any and all documents and/or other tangible things which you claim prove, support or constitute evidence of any facts or circumstances upon which you base your claim against Defendants and/or Progressive in this case.

14.

Any and all documents which reflect, refer to, relate to or support any charges or citations issued to any person by any governmental authority (including but not limited to police officers), as a result of the subject collision.

15.

Any and all documents or other tangible things which reflect, refer to, relate to or support any bankruptcy petition filed by you and/or your spouse in the last seven (7) years.

16.

Each and every document or thing reflecting or in any way relating to your claim for UM benefits from Progressive for the injuries and damages sustained by you in the automobile collision at issue in the subject case.

This Thursday, September 04, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive Mountain Insurance
Company

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysorto**

# STATE OF GEORGIA

_____ CLAYTON _____ COUNTY

**IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY**

**Plaintiff:** CORNELLIUS SUTTON _____

V.

**Defendant:** JOHN DOE, BALDWINDER SINGH CHANDI, PUPINDER KAUR, IMROJ SINGH, CHANDI TRUCKING INC. GOLDEN MILE ENTERPRISES INC., and ACE AMERICAN INSURANCE COMPANY

**Case No.:** 2025CV05162 _____

# SUBSTITUTED SERVICE AFFIDAVIT

I, LORY A. QUALLS GARCIA _____ (name of affiant), being duly sworn, depose and state as follows:

1. I am over the age of eighteen (18) years and am not a party to this action.
2. I was duly authorized to serve process in this case pursuant to Georgia law.
3. On the 9TH day of AUGUST _____, 20 25 , after due and diligent effort, I was unable to personally serve RUPINDER KAUR _____ (name of Defendant).
4. After reasonable efforts to locate and serve the Defendant personally, I accomplished service by **substituted service** as follows:

☒ By leaving a copy with SIMRAT KAUR, SON/CO-OCCUPANT _____ (name and relationship), a person of suitable age and discretion, residing at Defendant's usual place of abode: 5352 HEITZ WAY, FONTANA, CA 92336

■ By serving Defendant's registered agent/authorized person: _____
■ As otherwise authorized by court order dated _____ (attach copy of order).

5. The individual with whom I left said documents was informed of the contents.
6. The date, time, and place of service were:
   Date: 08/09/2025 _____
   Time: 11:23 AM
   Location: 5352 HEITZ WAY, FONTANA, CA 92336 _____

7. To the best of my knowledge, this address is the usual place of abode or authorized service location for the Defendant.

**Affiant's Information:**
Name: LORY A. QUALLS GARCIA/CAL EXECUTIVE PROCESS SERVICE
Address: 16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336
Telephone: 951-809-9400

Signature of Affiant _____    Date: 08/09/2025 _____

Sworn to and subscribed before me this ____ day of _____, 20___.
Notary Public: _____
My Commission Expires: _____
(Seal)

# STATE OF GEORGIA

_____CLAYTON_____ COUNTY

## IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY

**Plaintiff:** CORNELLIUS SUTTON

v.

**Defendant:** JOHN DOE, BALWINDER SINGH CHANDI, PUPINDER KAUR, IMROJ SING, CHANDI TRUCKING INC. and ACE AMERICAN INSURANCE COMPANY

Case No.: 2025CV05162

# DECLARATION OF DUE DILIGENCE

I, LORY A. QUALLS GARCIA _____ (name of affiant), being duly sworn, declare as follows:

1. I am over the age of eighteen (18) years, not a party to this action, and competent to testify to the matters stated herein.

2. I was assigned to serve process on the Defendant, RUPINDER KAUR _____.

3. I made the following attempts to personally serve the Defendant at the address(es) reasonably believed to be the Defendant's residence, business, or usual place of abode:

• Attempt #1: Date/Time 08/05 2025 AT 6:12 PM       ; Address 5352 HEITZ WAY, FONTANA, CA 92336       ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

• Attempt #2: Date/Time 08/06/2025 AT 9:37 AM      ; Address 5352 HEITZ WAY, FONTANA, CA 92336       ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

• Attempt #3: Date/Time 08/08/2025 AT 3:28 PM       ; Address 5352 HEITZ WAY, FONTANA, CA 92336       ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

(Add additional attempts as necessary.)

4. Despite diligent efforts, I was unable to personally serve the Defendant.

5. Based on my observations and investigation, I believe the Defendant resides or can be served at the following address:

5352 HEITZ WAY, FONTANA, CA 92336

6. I therefore request that substituted service, as allowed under Georgia law, be deemed valid and sufficient.

**Affiant's Information:**

Name: LORY A. QUALLS GARCIA dba CAL EXECUTIVE PROCESS SERVICE

Address: 16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336

Telephone: 951-809-9400

Signature of Affiant: _____     Date: 08/09/2025

Sworn to and subscribed before me this ____ day of _____, 20___.

Notary Public: _____

My Commission Expires: _____

(Seal)

2025CV05162

E-Filed 9/25/2025 10:21 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON,       *

     *

Plaintiff,       *

     *

v.       *

     *

JOHN DOE, BALWINDER SINGH       *

CHANDI,       *    CASE NO.:

RUPINDER KAUR, IMROJ SINGH,       *    2025CV05162

CHANDI TRUCKING INC.,       *

GOLDEN MILE ENTERPRISES INC.,

and ACE AMERICAN INSURANCE

COMPANY,

Defendants.

---

### CONSENT MOTION FOR DISMISSAL WITHOUT
### PREJUDICE OF UNINSURED MOTORIST CARRIER

The undersigned attorneys for Plaintiff and purported Uninsured Motorist Carrier,

Progressive Mountain Insurance Company ("Progressive"), hereby consent to the entry of an Order

dismissing Progressive from this case without prejudice.  Having been served with process and a

copy of the above-styled suit, pursuant to O.C.G.A. § 33-7-11(d), Progressive has requested that

Plaintiff file a voluntary dismissal without prejudice as to Progressive.  Under the authority of

Yarbrough v. Dickinson, 183 Ga. App. 489 (1987), Plaintiff has consented to said dismissal with

the express understanding that in the event that the named Defendant becomes uninsured or

underinsured, or that uninsured motorist coverage becomes applicable to this case in the future,

Progressive will waive the statute of limitation defense (as to itself only, and not as to any named

party defendant), and Plaintiff will have the right to re-serve Progressive by certified mail, return

receipt requested, addressed to the Law Offices of Andrea Dobur, at such time.

In the event that Progressive is later re-served with the complaint in this case, as specified

above, Progressive shall be afforded no less that one hundred twenty (120) days before trial is

requested or scheduled in which to complete discovery, conduct its investigation, file motions, and

prepare for trial. Stipulations and defaults by, or judgments against, the individual Defendants will not be binding on Progressive. Plaintiff consents to the dismissal of Progressive in reliance upon the authority of <u>Yarbrough</u> and representations made on behalf of the named Defendants that Defendants were insured at the time of the collision and that Defendants are not being defended under reservation of rights.

      Consented to this Thursday, September 25, 2025.


<u>/s/Steven Miller w/e/p-WRS</u>
Steven Miller
Georgia Bar No. 154011
Attorney for Plaintiff(s)

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this September 25, 2025 a copy of the foregoing was served upon all parties via electronic service or by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to ensure delivery to:

Steven Miller, Esq.
500 Bishop Street NW., Ste A5
Atlanta, GA 30313

This Thursday, September 25, 2025.

Respectfully submitted,

William R. Shelton, Jr.
Georgia Bar No. 640802
Attorney for Progressive

Law Offices of Andrea Dobur
P.O. Box 674027
Marietta, Georgia 30006
(478) 257-3529
Electronic Service Email: GAEfile@progressive.com
Attorney Email: William_R_Shelton@progressive.com

2025CV05162

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN DOE, BALWINDER SINGH | * | CASE NO.: |
| CHANDI, | * | 2025CV05162 |
| RUPINDER KAUR, IMROJ SINGH, | * | |
| CHANDI TRUCKING INC., | * | |
| GOLDEN MILE ENTERPRISES INC., | | |
| and ACE AMERICAN INSURANCE | | |
| COMPANY, | | |
| | | |
| Defendants. | | |

### ORDER GRANTING CONSENT MOTION FOR DISMISSAL WITHOUT PREJUDICE OF UNINSURED MOTORIST CARRIER

The Court, after having been informed that the attorney for Plaintiff and purported Uninsured Motorist Carrier, Progressive Mountain Insurance Company ("Progressive"), have entered into an agreement to dismiss Progressive pursuant to <u>Yarbrough v. Dickinson</u>, 183 Ga. App. 489 (1987), hereby dismisses Progressive without prejudice. This Dismissal shall not preclude Plaintiff from re-serving the instant action against Progressive in the future if Progressive's uninsured motorist coverage should become applicable to this case.

If Progressive is later re-served with the complaint in this case, then Progressive shall be given no less than one hundred twenty (120) days before trial is requested or scheduled, in which to complete discovery, conduct its investigation, file motions, and prepare for trial. Stipulations and defaults by, or judgments against, the individual defendant shall not be binding on Progressive.

**ORDERED** this _____ day of _____, 20_____.

_____

Judge _____
State Court of Clayton County

E-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY ONLY

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-12(a) and 9-11-55, files this Motion for Default Judgment against Defendant Ace American Insurance Company showing the Court the following facts, to wit:

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court. (Complaint, Exhibit "A")

2.

On August 6, 2025, Defendant Ace American Insurance Company was served with a copy of the Summons, Complaint and initial discovery. (AOS of Private Process Server, Exhibit "B")

3.

- 1 -

Pursuant to Georgia law, the Defendant's Answer was due on or about September 5, 2025.

4.

The 15-day grace period to open the default as a matter of right expired on September 22, 2025.

5.

As of the present date, there has been no answer filed by Defendant Ace American Insurance Company.

6.

Plaintiff's Counsel certifies that he has spoken to the Clerk of the Court and reviewed the filed pleadings in the case and can find no evidence of Defendant Ace American Insurance Company having filed an Answer in this case. (Certificate of Compliance, Exhibit "C")

WHEREFORE Plaintiff moves this Court to enter judgment against Defendant Ace American Insurance Company and to schedule this matter for the first available *JURY* trial calendar for a hearing on damages.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 2 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

ACE AMERICAN INSURANCE COMPANY
c/o CT CORPORATIOIN SYSTEM
289 S. CULVER ST.
LAWRENCEVILLE, GA 30046

This 3rd day of October 2025.

/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 3 -

e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

# EXHIBIT A

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                      )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )  CIVIL ACTION FILE NO.:
                                        )      2025CV05162
                                        )  _____
JOHN DOE, BALWINDER SINGH CHANDI,       )
RUPINDER KAUR, IMROJ SINGH,             )
CHANDI TRUCKING INC. ,                  )
GOLDEN MILE ENTERPRISES INC.,           )
and ACE AMERICAN INSURANCE              )
COMPANY                                 )
                                        )
          Defendants.                   )

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

**BACKGROUND**

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;
    d. General expenses;
    e. Diminished quality of life; and
    f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|

| | |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages  in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and  suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and  post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc.,  Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

### COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

2025CV05162

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This _17th_ day of July, 2025.

   _/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

# EXHIBIT B

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON                      :
                                       :
        Plaintiff,                     :
                                       :
                                       :        Civil Action File No.
        v.                             :        2025CV05162
                                       :
JOHN DOE, BALWINDER SINGH              :
CHANDI, RUPINDER KAUR,                 :
IMROJ SINGH, CHANDI TRUCKING INC.,     :
GOLDEN MILE ENTERPRISES INC.,          :
and ACE AMERICAN INSURANCE             :
COMPANY                                :
                                       :
        Defendants.                    :

**e-Filed 10/3/2025 7:00 PM**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

## AFFIDAVIT OF SERVICE OF PROCESS

Comes now the undersigned, Sally Cunningham, and gives this her affidavit of service of process testifying and deposing as follows:

(1)

I am the age of the majority and laboring with no mental disabilities. I give this affidavit based on personal knowledge.

(2)

I served upon Ace American Insurance Company a Summons and Complaint, Plaintiff's Request for Production of Documents to Uninsured Motorist Carrier, and Plaintiff's First Interrogatories to Uninsured Motorist Carrier, in regard to the above-styled action by leaving copies with Linda Banks, an authorized representative of its Registered Agent, CT Corporation System, located at 289 South Culver St., Lawrenceville, GA  30046 on August 6, 2025, at 2:54 P.M.

Further affiant sayeth not.  This 8th day of _____August_____ 2025.

_____
Signature

Sworn to and subscribed before me this
8th day of August

_____
Notary Public, State of Georgia
My commission expires:

RECEIVED & FILED

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JAN 07 2025

## ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court it is hereby CLERK STATE COURT CLAYTON COUNTY

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Aguirre, Antuan | Cline, Travis | Giles, Herbert | Mallas, Nicholas | Singleton, Wanda |
| Allen, Lakeita | Cochrane, Babette | Gotell, Rachel | Mathes, Gabrielle | Singleton, Wesley |
| Anschutz, Edwin | Cotton, Charles | Greenway, Kimberly | McClellan, Rodney | Sistrunk, Alesha |
| Armstrong, Christopher | Crossland, Christina | Gunby, Tamar | McMillon, Ericka | Smith, Norei |
| Armstrong, Michael | Crump, Thomas | Gunnels, Jamie | Mitchell, Kevin | Smith, Ronald |
| Armstrong, Michelle | Cunningham, Sally | Gunnels, Matthew | Moore, Brad | Soleyn, Gracelyn |
| Atkinson-Meiklejohn, C. | Dalman, Jonathan | Harbuck, Michael | Mostafa, Vernon | Spears, Joye |
| Bailey, Santonias | Daniel, Nakisha | Harris, Parks | Muhammad, Azizah | Starks, Marc |
| Barnes, Kristopher | Davidson, Danny | Hassan, Muhsin | Muhammad, Kabir | Stephens, Geri |
| Barron, Shane | Davidson, Mitchell | Hassan, Muhsin S. | Muhammad-Haqq, Raja | Stiggers, James |
| Basham, James | Davis, Jr., Mitchell | Hightower, Anthonio | Murphy, Alesia | Stover, Cierra |
| Benito, Richard | Day, Duane | Hill, Hollis | Murphy, Sharon | Swindle, Frank |
| Beyene, Euael | Derricho, Jr., David | Hines, James | Murphy, Jr., Gregory | Swinger, Ina |
| Blakeney, Cody | Dolbier, Jeffrey | Horton, Christopher | Nolen, Milton | Tassaw, Berhane |
| Blakeney, Kristian | Earthrise, Rochelle | Hudson, Kyle | Pace, Latarsha | Thomas, Corvon |
| Blalock, James | Echols, Eric | Hunte, Karen | Pannell, Nicole | Thomas, Jeffrey |
| Brazeman, Craig | Echols, Patricia | Hunter, Jermarcus | Parker, Ernesqueshia | Thompson, Paulette |
| Bridges, Kayla | Ekwenibe, Joe | Irvin, Elizabeth | Perlson, Marc | Thompson, Stephen |
| Briley, Donnie | Farkas, Mr. Bela | Jackson, II, Anthony | Porter, Gregory | Thompson, Vanessa |
| Brown, Irish | Ferguson, Reginald | Jackson, Chiquita | Rashid, Hassan | Thrash, Nancy |
| Bryant, Shemika | Fisher, Dawn | James, Frank | Richard, Lucky | Tort, Henry |
| Bunch, Kim | Folds, Catherina | Kahssu, Haile | Richardson, Clark | Turner, Travis |
| Burt, Quiyana | Ford, Ronnie | Kirkland, Shirley | Richardson, Leroy | Velasquez, Julius |
| Butts, Kimberly | Fuller, Thomas | Kotlar, Michael | Rucker, Keith | West, Eric |
| Byer, Edmond | Garmon, Daylien | Laster, Beverly | Ruddock, Margaret | Winkelman, Nan |
| Byers, Dayvon | Garmon, Jason | Lawson, Zuri | Saxon Rashad | Wright, Christopher |
| Canela Hernandez, B. | Garner, Jennifer | Lewis, Kevin | Saxon, Robin | Yancey, Shadae |
| Childress, Clifton | Gayle, Earl | Louis, Clyde | Saxon-Ford, Virginia | |
| Clemmons, Joyce | Gibbs, III, Thomas | Luster, Jerald | Seklecki, Christian | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2025, without the necessity of an order for appoint in each individual case.

SO ORDERED this _____ day of _____, 20___.

Chief Judge Michael T. Garrett

Judge Margaret L. Spencer

Judge Sonyja J. George

Judge Tammi L. Hayward

Judge Shalonda Jones-Parker

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

# EXHIBIT C

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## CERTIFICATE OF DEFAULT

COMES NOW, Steven A. Miller, Counsel for the Plaintiff in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby certifies he has spoken with the Clerk of Court and reviewed the pleadings on file with the Court and that Ace American Insurance Company, Defendant has failed to file an Answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

2025CV05162

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
      Plaintiff,                    )
v.                                    )        CIVIL ACTION FILE NO.: 2025CV05162
                                      )
JOHN DOE, BALWINDER SINGH,            )
CHANDI, RUPINDER KAUR,                )
IMROJ SINGH, CHANDI TRUCKING          )
INC., GOLDEN MILE ENTERPRISES         )
INC., and ACE AMERICAN INSURANCE )
COMPANY,                              )
      Defendant(s).                 )

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT IMROJ SINGH ONLY

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-12(a) and 9-11-55, files this Motion for Default Judgment against Defendant Imroj Singh showing the Court the following facts, to wit:

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court.  (Complaint, Exhibit "A")

2.

On August 12, 2025, Defendant Imroj Singh was served with a copy of the Summons, Complaint and initial discovery.  (AOS of Private Process Server, Exhibit "B")

3.

Pursuant to Georgia law, the Defendant's Answer was due on or about September 11, 2025.

4.

The 15-day grace period to open the default as a matter of right expired on September 26, 2025.

5.

As of the present date, there has been no answer filed by Defendant Imroj Singh.

6

Plaintiff's Counsel certifies that he has spoken to the Clerk of the Court and reviewed the filed pleadings in the case and can find no evidence of Defendant Imroj Singh having filed an Answer in this case. (Certificate of Compliance, Exhibit "C")

WHEREFORE Plaintiff moves this Court to enter judgment against Defendant Imroj Singh and to schedule this matter for the first available *JURY* trial calendar for a hearing on damages.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 2 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT IMROJ SINGH** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

IMROJ SINGH
1702 S Belmount Ave,
Indianapolis, in 46221

And

15637 Iron Spring Ln
Fontana, CA 92336

This 3rd day of October 2025.

/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

2025CV05162    e-Filed 7/17/2025 5:55 PM

EXHIBIT A

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Bright

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

Cornelia Ramsey

|  |  |  |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 2025CV05162 |
| | ) | _____ |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) | |
| RUPINDER KAUR, IMROJ SINGH, | ) | |
| CHANDI TRUCKING INC. , | ) | |
| GOLDEN MILE ENTERPRISES INC., | ) | |
| and ACE AMERICAN INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

**BACKGROUND**

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;
    d. General expenses;
    e. Diminished quality of life; and
    f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |

| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

       a. Medical expense;
       b. Pain and suffering;
       c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## **COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.**

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc.,  Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

### COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This __17th__ day of July, 2025.

_/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

2025CV05162     e-Filed 8/13/2025 11:31 AM

# EXHIBIT B

## AFFIDAVIT OF SERVICE

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

| Case:<br>2025CV05162 | Court:<br>State Court of Clayton County, Georgia | County:<br>Clayton, GA | Job:<br>13916403 (Sutton vs Singh) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Cornellius Sutton | | Defendant / Respondent:<br>Chandi Trucking Inc | |
| Received by:<br>QuickServe, a Clinton Investigations company | | For:<br>The Miller Firm | |
| To be served upon:<br>Imroj Singh | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Imroj Singh, Company: 1702 S Belmount Ave, Indianapolis, in 46221

**Manner of Service:**   Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**   Imroj Singh (Received Aug 7, 2025 at 11:54am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Pl's 1st ROGS & RPD to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), RFA to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), Summons (Imroj Singh) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Sutton vs Singh.pdf (Received Aug 7, 2025 at 11:54am EDT)

**Additional Comments:**
1) Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmount Ave, Indianapolis, in 46221 received by Imroj Singh. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Office Employee of Chandi Trucking named Roman. ;

*Kit Stuard*

_____     08/12/2025
Kit Stuard                                   **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

**e-Filed 10/3/2025 7:00 PM**

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**
**Cornelia Ramsey**

2025CV05162  Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey**

EXHIBIT C

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## <u>CERTIFICATE OF DEFAULT</u>

COMES NOW, Steven A. Miller, Counsel for the Plaintiff in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby certifies he has spoken with the Clerk of Court and reviewed the pleadings on file with the Court and that Imroj Singh, Defendant has failed to file an Answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT GOLDEN MILE ENTERPRISES INC. ONLY**

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-12(a) and 9-11-55, files this Motion for Default Judgment against Defendant Golden Mile Enterprises Inc. showing the Court the following facts, to wit:

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court. (Complaint, Exhibit "A")

2.

On August 6, 2025, Defendant Golden Mile Enterprises Inc. was served with a copy of the Summons, Complaint and initial discovery. (AOS of Private Process Server, Exhibit "B")

3.

- 1 -

Pursuant to Georgia law, the Defendant's Answer was due on or about September 5, 2025.

4.

The 15-day grace period to open the default as a matter of right expired on September 22, 2025.

5.

As of the present date, there has been no answer filed by Defendant Golden Mile Enterprises Inc..

6.

Plaintiff's Counsel certifies that he has spoken to the Clerk of the Court and reviewed the filed pleadings in the case and can find no evidence of Defendant Golden Mile Enterprises Inc. having filed an Answer in this case.  (Certificate of Compliance, Exhibit "C")

WHEREFORE Plaintiff moves this Court to enter judgment against Defendant Golden Mile Enterprises Inc. and to schedule this matter for the first available JURY trial calendar for a hearing on damages.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT GOLDEN MILE ENTERPRISES INC.** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

GOLDEN MILE ENTERPRISES INC.
c/o REGISTERED AGENTS, INC.
5534 SAINT JOE RD
FORT WAYNE, IN 46835

This 3rd day of October 2025.


/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*


**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 3 -

EXHIBIT A

2025CV05162    e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Bright

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                      )
                                        )
        Plaintiff,                      )
                                        )
                                        )    CIVIL ACTION FILE NO.:
v.                                      )
                                        )    2025CV05162
                                        )    _____
JOHN DOE, BALWINDER SINGH CHANDI,       )
RUPINDER KAUR, IMROJ SINGH,             )
CHANDI TRUCKING INC. ,                  )
GOLDEN MILE ENTERPRISES INC.,           )
and ACE AMERICAN INSURANCE              )
COMPANY                                 )
                                        )
        Defendants.                     )

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## BACKGROUND

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;
    d. General expenses;
    e. Diminished quality of life; and
    f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |

| Integrated Health & Injury Center | $6,975.00 |
|---|---|
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of  FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of  FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special

damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and

wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and

expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to

O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special

damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for

compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life

in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by

law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further

relief as this Court deems just and proper.

**COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT
CHANDI TRUCKING INC.**

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc.,  Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## <u>COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.</u>

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| | |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
| --- | --- |

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This __17th__ day of July, 2025.

    _/s/ Steven A. Miller_
    Steven A. Miller
    Georgia Bar No. 154011
    Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16




# EXHIBIT B

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

P24781391

AFFIDAVIT OF SERVICE

| Case: 2025CV05162 | Court: IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA | County: | Job: 24781391 |
|---|---|---|---|
| Plaintiff / Petitioner: CORNELLIUS SUTTON C/O STEVEN A. MILLER | | Defendant / Respondent: GOLDEN MILE ENTERPRISES, INC | |
| Received by: Evolution Process Service/Lexitas Process Service | | For: THE MILLER FIRM | |
| To be served upon: GOLDEN MILE ENTERPRISES, INC. C/O REGISTERED AGENTS, INC | | | |

I, DAWN GRIFFIN-LUCE, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** GOLDEN MILE ENTERPRISES, INC. C/O REGISTERED AGENTS, INC., 5534 SAINT JOE RD., FORT WAYNE, IN 46835;

**Manner of Service:** CORPORATE, 06th day of August, 2025 1:10PM

**Documents:** PLAINTIFFS FIRST REQUESTS FOR ADMISSION TO DEFENDANT GOLDEN MILE ENTERPRISES, INC., PLAINTIFFS FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT GOLDEN MILE ENTERPRISES INC., PLAINTIFFS CERTIFICATE REGARDING SERVICE OF DISCOVERY

**Next Hearing Date:**

**Additional Comments:**
1) Successful Attempt: 06th day of August, 2025 1:10PM at 5534 SAINT JOE RD., FORT WAYNE, IN 46835: received by **VIVKI FRIER, INTAKE SPECIALIST** Age: 71; Sex: FEMALE; Race: WHITE; Weight: 175; Height: 5' 6; Hair: BROWN

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief

_Dawn Griffin-Luce_    8-11-25
DAWN GRIFFIN-LUCE                   Date

Evolution Process Service/Lexitas Process Service
6018 N. Keystone Ave.
Indianapolis, IN 46220

Subscribed and sworn to before me by the affiant who is personally known to me.

_E. L. Wakefield_
Notary Public

July 15, 2032
Date         Commission Expires

**e-Filed 10/3/2025 7:00 PM**

_Tiki Brown_

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

(SEAL)

**E. L. WAKEFIELD, Notary Public**
**State of Indiana**
**Commission Number NP0757550**
**My Commission Expires July 15th, 2032**

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

# EXHIBIT C

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## <u>CERTIFICATE OF DEFAULT</u>

COMES NOW, Steven A. Miller, Counsel for the Plaintiff in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby certifies he has spoken with the Clerk of Court and reviewed the pleadings on file with the Court and that Golden Mile Enterprises Inc., Defendant has failed to file an Answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This 3rd day of October 2025.

**THE MILLER FIRM**
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
      Plaintiff,                    )
v.                                    )          CIVIL ACTION FILE NO.: 2025CV05162
                                      )
JOHN DOE, BALWINDER SINGH,            )
CHANDI, RUPINDER KAUR,                )
IMROJ SINGH, CHANDI TRUCKING          )
INC., GOLDEN MILE ENTERPRISES         )
INC., and ACE AMERICAN INSURANCE      )
COMPANY,                              )
      Defendant(s).                 )

## **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT RUPINDER KAUR ONLY**

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-12(a) and 9-11-55, files this Motion for Default Judgment against Defendant Rupinder Kaur showing the Court the following facts, to wit:

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court.  (Complaint, Exhibit "A")

2.

On August 9, 2025, Defendant Rupinder Kaur was served with a copy of the Summons, Complaint and initial discovery.  (AOS of Private Process Server, Exhibit "B")

3.

- 1 -

Pursuant to Georgia law, the Defendant's Answer was due on or about September 8, 2025.

4.

The 15-day grace period to open the default as a matter of right expired on September 23, 2025.

5.

As of the present date, there has been no answer filed by Defendant Rupinder Kaur.

6.

Plaintiff's Counsel certifies that he has spoken to the Clerk of the Court and reviewed the filed pleadings in the case and can find no evidence of Defendant Rupinder Kaur having filed an Answer in this case.  (Certificate of Compliance, Exhibit "C")

WHEREFORE Plaintiff moves this Court to enter judgment against Defendant Rupinder Kaur and to schedule this matter for the first available *JURY* trial calendar for a hearing on damages.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 2 -

<u>**CERTIFICATE OF SERVICE**</u>

 This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT RUPINDER KAUR** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

RUPINDER KAUR
5352 HEITZ WAY
FONTANA, CA 92336

This 3rd day of October 2025.


/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*


**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 3 -

EXHIBIT A

**e-Filed 7/17/2025 5:55 PM**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Bright

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) 2025CV05162 |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) _____ |
| RUPINDER KAUR, IMROJ SINGH, | ) |
| CHANDI TRUCKING INC. , | ) |
| GOLDEN MILE ENTERPRISES INC., | ) |
| and ACE AMERICAN INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

**e-Filed 10/3/2025 7:00 PM**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## BACKGROUND

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

**COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE**

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

a. Medical expense;
b. Pain and suffering;
c. Mental anguish;
d. General expenses;
e. Diminished quality of life; and
f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|

| Integrated Health & Injury Center | $6,975.00 |
|---|---|
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc.,  Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| | |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

2025CV05162

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

### 75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

### 76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

### 78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This  17th  day of July, 2025.

                                   */s/ Steven A. Miller*
                                  Steven A. Miller
                                  Georgia Bar No. 154011
                                  Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

# EXHIBIT B

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysofto**

**e-Filed 10/3/2025 7:00 PM**

Tiki Brown

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

# STATE OF GEORGIA

_____CLAYTON_____ COUNTY

## IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY

**Plaintiff:** CORNELLIUS SUTTON

V.

**Defendant:** JOHN DOE, BALDWINDER SINGH CHANDI, PUPINDER KAUR, IMROJ SINGH, CHANDI TRUCKING INC, GOLDEN MILE ENTERPRISES INC., and ACE AMERICAN INSURANCE COMPANY

Case No.: 2025CV05162

# SUBSTITUTED SERVICE AFFIDAVIT

I, LORY A. QUALLS GARCIA _____ (name of affiant), being duly sworn, depose and state as follows:

1. I am over the age of eighteen (18) years and am not a party to this action.
2. I was duly authorized to serve process in this case pursuant to Georgia law.
3. On the 9TH day of AUGUST _____, 20 25 , after due and diligent effort, I was unable to personally serve RUPINDER KAUR _____ (name of Defendant).
4. After reasonable efforts to locate and serve the Defendant personally, I accomplished service by **substituted service** as follows:

☒ By leaving a copy with SIMRAT KAUR, SON/CO-OCCUPANT _____ (name and relationship), a person of suitable age and discretion, residing at Defendant's usual place of abode: 5352 HEITZ WAY, FONTANA, CA 92336

■ By serving Defendant's registered agent/authorized person: _____

■ As otherwise authorized by court order dated _____ (attach copy of order).

5. The individual with whom I left said documents was informed of the contents.
6. The date, time, and place of service were:

Date: 08/09/2025

Time: 11:23 AM

Location: 5352 HEITZ WAY, FONTANA, CA 92336

7. To the best of my knowledge, this address is the usual place of abode or authorized service location for the Defendant.

**Affiant's Information:**

Name: LORY A. QUALLS GARCIA/CAL EXECUTIVE PROCESS SERVICE

Address: 16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336

Telephone: 951-809-9400

Signature of Affiant _____ :    Date: 08/09/2025

Sworn to and subscribed before me this ____ day of _____, 20___.

Notary Public: _____

My Commission Expires: _____

(Seal)

# STATE OF GEORGIA

_____ CLAYTON _____ COUNTY

**IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY**

Plaintiff: __CORNELLIUS SUTTON__

v.

Defendant: JOHN DOE, BALWINDER SINGH CHANDI, PUPINDER KAUR, IMROJ SING, CHANDI TRUCKING INC. and ACE AMERICAN INSURANCE COMPANY

Case No.: __2025CV05162__

# DECLARATION OF DUE DILIGENCE

I, __LORY A. QUALLS GARCIA__ _____ (name of affiant), being duly sworn, declare as follows:

1. I am over the age of eighteen (18) years, not a party to this action, and competent to testify to the matters stated herein.

2. I was assigned to serve process on the Defendant, __RUPINDER KAUR__ _____.

3. I made the following attempts to personally serve the Defendant at the address(es) reasonably believed to be the Defendant's residence, business, or usual place of abode:

• Attempt #1: Date/Time __08/05 2025 AT 6:12 PM__ ; Address __5352 HEITZ WAY, FONTANA, CA 92336__ ;
Result: __NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.__

• Attempt #2: Date/Time __08/06/2025 AT 9:37 AM__ ; Address __5352 HEITZ WAY, FONTANA, CA 92336__ ;
Result: __NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.__

• Attempt #3: Date/Time __08/08/2025 AT 3:28 PM__ ; Address __5352 HEITZ WAY, FONTANA, CA 92336__ ;
Result: __NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.__

(Add additional attempts as necessary.)

4. Despite diligent efforts, I was unable to personally serve the Defendant.

5. Based on my observations and investigation, I believe the Defendant resides or can be served at the following address:

__5352 HEITZ WAY, FONTANA, CA 92336__

6. I therefore request that substituted service, as allowed under Georgia law, be deemed valid and sufficient.

**Affiant's Information:**

Name: __LORY A. QUALLS GARCIA dba CAL EXECUTIVE PROCESS SERVICE__

Address: __16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336__

Telephone: __951-809-9400__

Signature of Affiant: _____ Date: __08/09/2025__

Sworn to and subscribed before me this ____ day of _____, 20 ___.

Notary Public: _____

My Commission Expires: _____

(Seal)

E-Filed 10/3/2025 7:00 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

# EXHIBIT C

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) |
| JOHN DOE, BALWINDER SINGH, | ) |
| CHANDI, RUPINDER KAUR, | ) |
| IMROJ SINGH, CHANDI TRUCKING | ) |
| INC., GOLDEN MILE ENTERPRISES | ) |
| INC., and ACE AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| Defendant(s). | ) |

## CERTIFICATE OF DEFAULT

COMES NOW, Steven A. Miller, Counsel for the Plaintiff in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby certifies he has spoken with the Clerk of Court and reviewed the pleadings on file with the Court and that Rupinder Kaur, Defendant has failed to file an Answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

E-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

## **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT CHANDI TRUCKING INC. ONLY**

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-12(a) and 9-11-55, files this Motion for Default Judgment against Defendant Chandi Trucking Inc. showing the Court the following facts, to wit:

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court. (Complaint, Exhibit "A")

2.

On August 12, 2025, Defendant Chandi Trucking Inc. was served with a copy of the Summons, Complaint and initial discovery. (AOS of Private Process Server, Exhibit "B")

3.

- 1 -

Pursuant to Georgia law, the Defendant's Answer was due on or about September 5, 2025.

4.

The 15-day grace period to open the default as a matter of right expired on September 22, 2025.

5.

As of the present date, there has been no answer filed by Defendant Chandi Trucking Inc..

6.

Plaintiff's Counsel certifies that he has spoken to the Clerk of the Court and reviewed the filed pleadings in the case and can find no evidence of Defendant Chandi Trucking Inc. having filed an Answer in this case.  (Certificate of Compliance, Exhibit "C")

WHEREFORE Plaintiff moves this Court to enter judgment against Defendant Chandi Trucking Inc. and to schedule this matter for the first available *JURY* trial calendar for a hearing on damages.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT CHANDI TRUCKING INC.** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

CHANDI TRUCKING INC.
c/o IMROJ SINGH
1702 S Belmount Ave,
Indianapolis, in 46221

This 3rd day of October 2025.


                                        <u>/s/Steven Miller</u>
                                        **Steven Miller**
                                        Georgia Bar No. 154011
                                        *Attorney for Plaintiff*


**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

EXHIBIT A

e-Filed 7/17/2025 5:55 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

e-Filed 10/3/2025 7:00 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
        Plaintiff,                    )
                                      )    CIVIL ACTION FILE NO.:
v.                                    )
                                      )    ___2025CV05162___
JOHN DOE, BALWINDER SINGH CHANDI,     )
RUPINDER KAUR, IMROJ SINGH,           )
CHANDI TRUCKING INC. ,                )
GOLDEN MILE ENTERPRISES INC.,         )
and ACE AMERICAN INSURANCE            )
COMPANY                               )
                                      )
        Defendants.                   )

## **COMPLAINT**

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## BACKGROUND

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

**COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE**

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

        a. Medical expense;
        b. Pain and suffering;
        c. Mental anguish;
        d. General expenses;
        e. Diminished quality of life; and
        f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |

| | |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of  FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special

damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and

wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and

expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to

O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special

damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for

compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life

in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by

law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further

relief as this Court deems just and proper.

### COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| | |
|---|---|
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc.,  Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
| --- | --- |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This  17th  day of July, 2025.

                         _/s/ Steven A. Miller_
                         Steven A. Miller
                         Georgia Bar No. 154011
                         Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

2025CV05162

e-Filed 8/19/2025 1:26 PM

Tiki Brown
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# EXHIBIT B

**AFFIDAVIT OF SERVICE**

| Case: 2025CV05162 | Court: State Court of Clayton County, Georgia | County: Clayton, GA | Job: 13916532 (Sutton vs Chandi Trucking Inc) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Cornellius Sutton | | **Defendant / Respondent:** Chandi Trucking Inc | |
| **Received by:** QuickServe, a Clinton Investigations company | | **For:** The Miller Firm | |
| **To be served upon:** Chandi Trucking Inc. | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Chandi Trucking Inc., Company: 1702 S Belmont Ave, Indianapolis, in 46221

**Manner of Service:**   Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**   Complaint (Cornellius Sutton) f..pdf (Received Aug 7, 2025 at 10:00am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 10:00am EDT), Pl's 1st ROGS & RPD to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), RFA to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), Summons (Chandi Trucking Inc.) f..pdf (Received Aug 7, 2025 at 10:00am EDT)

**Additional Comments:**
1) Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmont Ave, Indianapolis, in 46221 received by Chandi Trucking Inc.. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Employee of Chandi Trucking named Roman ;

e-Filed 10/3/2025 7:00 PM

_Tiki Brown_

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

**Cornelia Ramsey**

_Kit Stuard_ _____   08/12/2025 _____

Kit Stuard                                             Date

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

EXHIBIT C

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Cornelia Ramsey**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 2025CV05162 |
| | ) | |
| JOHN DOE, BALWINDER SINGH, | ) | |
| CHANDI, RUPINDER KAUR, | ) | |
| IMROJ SINGH, CHANDI TRUCKING | ) | |
| INC., GOLDEN MILE ENTERPRISES | ) | |
| INC., and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant(s). | ) | |

**CERTIFICATE OF DEFAULT**

COMES NOW, Steven A. Miller, Counsel for the Plaintiff in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform Superior Court Rules, hereby certifies he has spoken with the Clerk of Court and reviewed the pleadings on file with the Court and that Chandi Trucking Inc., Defendant has failed to file an Answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This 3rd day of October 2025.

THE MILLER FIRM
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

THE MILLER FIRM
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

2025CV05162

e-Filed 10/3/2025 7:15 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

CORNELLIUS SUTTON,                     *
                                       *
         Plaintiff,                    *          Civil Action File No. 2025CV05162
v.                                     *
                                       *
JOHN DOE, BALWINDER SINGH              *
CHANDI, RUPINDER KAUR,                 *
IMROJ SINGH, CHANDI TRUCKING INC.,     *
GOLDEN MILE ENTERPRISES INC.,          *
and ACE AMERICAN INSURANCE             *
 COMPANY                               *
                                       *
         Defendants.                   *
                                       *
                                       *

**DEFENDANT CHANDI TRUCKING INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, CHANDI TRUCKING INC. ("Defendant Chandi Trucking"), named Defendant in this action, pursuant to O.C.G.A. § 9-11-12(b)(5), hereby submits this Motion to Dismiss Plaintiff Cornellius Sutton's ("Plaintiff") Complaint. For the reasons set forth below, Plaintiff's Complaint should be dismissed in its entirety for insufficient service of process.

**STATEMENT OF FACTS**

1.

Plaintiff filed his Complaint on July 17, 2025. (See Plaintiff's Complaint attached as Exhibit "A").

2.

On August 12, 2025, Kit Stuard, served Defendant Chandi Trucking with a Summons and Complaint by leaving the Summons and Complaint with an employee named Roman at Defendant

Chandi Trucking's address located at 1702 S. Belmont Ave, Indianapolis, 46221. (See Affidavit of Service for Chandi Trucking attached as Exhibit "B").

3.

Plaintiff failed to comply with O.C.G.A. § 14-2-1510(b), which provides that service on a foreign corporation may be made by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the chief executive officer, chief financial officer, or secretary of the foreign corporation, or a person holding a position comparable to any of the foregoing, at its principal office shown in the later of its application for a certificate of authority or its most recent annual registration.

## ARGUMENT

### A. Plaintiff Failed to Comply with O.C.G.A. § 14-2-1510(b).

Under Georgia law, service on a foreign corporation authorized to transact business in this state shall be made on a defendant by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the chief executive officer, chief financial officer, or secretary of the foreign corporation, or a person holding a position comparable to any of the foregoing, at its principal office shown in the later of its application for a certificate of authority or its most recent annual registration. Any party that serves a foreign corporation in accordance with this subsection shall also serve a copy of the process upon the Secretary of State and shall pay a $10.00 filing fee. O.C.G.A. § 14-2-1510(b).

Service is perfected under subsection (b) of O.C.G.A. § 14-2-1510 at the earliest of 1) the date the foreign corporation receives the mail; 2) The date shown on the return receipt, if signed on behalf of the foreign corporation; or 3) Five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postpaid and correctly addressed.

Here, according to the Affidavit of Service, Defendant Chandi Trucking was served by Kit Stuard at Chandi Trucking's address located at 1702 S Belmont Ave, Indianapolis, In, 46221. Plaintiff failed to properly serve Chandi Trucking and his Complaint must be dismissed for that reason alone.  Service is a threshold issue that must be addressed before addressing whether due process allows the exercise of personal jurisdiction. BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1556 (2017) ("service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction").

Plaintiffs allege Defendant Chandi Trucking can be served "c/o its registered agent, Imroj Singh, 1702 S Belmount Ave., Indianapolis, Indiana 46221." Compl. ¶ 3.  Plaintiff did not serve the registered agent.  (See Affidavit of Service for Chandi Trucking attached as Exhibit "B" reflecting service on Roman).  Further. O.C.G.A. § 9-11-4 does not provide for service of a foreign corporation.

Under Georgia law, Plaintiff is required to serve a foreign corporation in compliance with O.C.G.A. § 14-2-1510.  Plaintiff's own Affidavit of Service reflects Plaintiff did not serve Chandi Trucking Inc.'s Registered Agent pursuant to said statute or any other way permissible under Georgia law.  Thus, Plaintiff's claims against Defendant Chandi Trucking should be dismissed for insufficiency of service of process.

Respectfully submitted this 3rd day of October, 2025.

*(signature page to follow)*

3

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*s/ Paul R. Borr*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine Choi
Georgia Bar No. 960461

*Attorneys for Defendant  Chandi Trucking Inc.*

Exhibit "A"

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Cornellius Sutton c/o Steven A. Miller |
| 500 Bishop St. NW |
| Ste A5 |
| Atlanta, GA 30318 |

Plaintiff

Vs.

| Ace American Insurance Company |
| c/o CT Corporation System |
| 289 S Culver St |
| Lawrenceville, GA, 30046 |

Defendant

2025CV05162

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> Steven A. Miller
> The Miller Firm
> 500 Bishop St. NW
> Ste A5
> Atlanta, GA 30318
> 470.825.4031

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Ashley Bright

By: _____
Deputy Clerk

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Ashley Bright**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
        Plaintiff,                    )
                                      )
                                      )   CIVIL ACTION FILE NO.:
v.                                    )
                                      )       2025CV05162
                                      )   _____
JOHN DOE, BALWINDER SINGH CHANDI,     )
RUPINDER KAUR, IMROJ SINGH,           )
CHANDI TRUCKING INC. ,                )
GOLDEN MILE ENTERPRISES INC.,         )
and ACE AMERICAN INSURANCE            )
COMPANY                               )
                                      )
        Defendants.                   )

## COMPLAINT

COMES NOW Plaintiff and files this his Complaint, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address: 15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"),
is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania.
Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St,
Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## **BACKGROUND**

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in
Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest
Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words
"Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow
and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff
attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or
employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj
Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services
in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc.,
Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

        a. Medical expense;
        b. Pain and suffering;
        c. Mental anguish;
        d. General expenses;
        e. Diminished quality of life; and
        f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |

| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

**COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE**

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of  FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of  FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

### 57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

### 58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

### 60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

· 87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein. ·

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

### COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

**COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH**

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This __17th__ day of July, 2025.

_/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

Exhibit "B"

2025CV05162                                                        e-Filed 8/19/2025 1:26 PM

## AFFIDAVIT OF SERVICE

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

| Case:<br>2025CV05162 | Court:<br>State Court of Clayton County, Georgia | County:<br>Clayton, GA | Job:<br>13916532 (Sutton vs Chandi Trucking Inc) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Cornellius Sutton | | Defendant / Respondent:<br>Chandi Trucking Inc | |
| Received by:<br>QuickServe, a Clinton Investigations company | | For:<br>The Miller Firm | |
| To be served upon:<br>Chandi Trucking Inc. | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Chandi Trucking Inc., Company: 1702 S Belmont Ave, Indianapolis, in 46221

**Manner of Service:**   Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**   Complaint (Cornellius Sutton) f..pdf (Received Aug 7, 2025 at 10:00am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 10:00am EDT), Pl's 1st ROGS & RPD to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), RFA to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), Summons (Chandi Trucking Inc.) f..pdf (Received Aug 7, 2025 at 10:00am EDT)

**Additional Comments:**

1) Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmont Ave, Indianapolis, in 46221 received by Chandi Trucking Inc.. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Employee of Chandi Trucking named Roman ;

_____          08/12/2025

Kit Stuard                                                         **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I electronically filed the foregoing **DEFENDANT CHANDI TRUCKING INC.'S  MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Steven A. Miller
**THE MILLER FIRM**
500 BISHOP ST. NE STE A5
Atlanta, GA 30318
*themillerfirmatl.com*

Counsel for Plaintiff

LEWIS BRISBOIS BISGAARD  & SMITH LLP

600 Peachtree Street, Suite 4700          *s/  Paul R. Borr*
Atlanta, Georgia 30308                      R. Scott Masterson
(404) 348-8585                              Georgia Bar No. 476356
(404) 467-8845 Facsimile                    Paul R. Borr
Scott.Masterson@lewisbrisbois.com           Georgia Bar No. 309380
Paul.Borr@lewisbrisbois.com                 Jasmine Choi
Jasmine.Choi@lewisbrisbois.com              Georgia Bar No. 960461

*Attorneys for Defendant  Chandi Trucking Inc.*

2020CV05162

e-Filed 10/3/2025 7:15 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON,                )
                                  )
          Plaintiff,              )
                                  )          CIVIL ACTION FILE NO:
v.                                )          2020CV05162
                                  )
JOHN DOE, BALWINDER SINGH         )
CHANDI, RUPINDER KAUR,            )
IMROJ SINGH, CHANDI               )
TRUCKING INC., GOLDEN MILE        )
ENTERPRISES INC., and ACE         )
AMERICAN INSURANCE COMPANY        )
                                  )
          Defendants.             )

### DEFENDANTS CHANDI TRUCKING INC., GOLDEN MILE ENTERPRISES INC., AND ACE AMERICAN INSURANCE COMPANY'S MOTION TO OPEN DEFAULT AND BRIEF IN SUPPORT THEREOF

COME NOW Defendants Chandi Trucking Inc. ("Defendant Chandi Trucking"), Golden Mile Enterprises Inc. ("Defendant Golden Mile"), and Ace American Insurance Company ("Defendant Ace") (hereinafter collectively "Defendants"), by and through undersigned counsel, and file this Motion to Open Default and Incorporated Brief in Support pursuant to O.C.G.A. § 9-11-55(b), showing this Court as follows:

### I.    INTRODUCTION

Defendants request this Court open default to allow Defendants to assert meritorious defenses to Plaintiff's allegations of personal injury and other damages arising from blown out tire fragments alleged to have fallen from Defendant's truck wheel and struck Plaintiff's windshield. Defendants Chandi Trucking, Golden Mile, and Ace deny Plaintiff's allegations of negligence as well as Plaintiff's damages claims. Defendants should be permitted to set aside , and they should be permitted to defend themselves against Plaintiff's claim.

1

Defendants move this Court to open default pursuant to O.C.G.A. § 9-11-55(b) on the grounds of excusable neglect, that Defendants can make a proper case to open default, significant injustice will result if this case is not decided on its merits, and Plaintiff will not be prejudiced if default is opened.  Under O.C.G.A. § 9-11-55(b), Defendants further show they have paid the costs of this matter and have meritorious defenses, as discussed below. Finally, Defendants offer to plead instanter and announce their readiness to proceed with the trial.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Liability in this case should be decided on the merits after the parties have an opportunity to conduct discovery, not by default. Plaintiff alleges a piece of Defendant John Doe's blown-out tire struck Plaintiff's windshield.  Plaintiff attempted to swerve to avoid the blown-out tire pieces, which resulted in Plaintiff's injuries. *See* Plaintiff's Complaint, *generally*. Plaintiff alleges Defendant John Doe was driving an 18-wheeler as an employee and/or agent of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Sing, and/or Golden Mile Enterprise Inc. and was acting within the scope of employment. (Compl. at ¶¶ 35, 53, 71, 89, 107).

Plaintiff filed his Complaint on July 17, 2025. Plaintiff purports to have served Defendants Golden Mile Enterprises, Inc., Chandi Trucking, Inc., and Ace on August 6, 8, and 12, 2025, respectively. *See* Plaintiff's Affidavits of Service.

Defendants Chandi Trucking and Golden Mile forwarded the Summons and Complaint to their insurer and co-defendant, Ace, and believed Ace would retain counsel and provide a timely response. Plaintiff's counsel has not yet filed a motion for default judgement.  However, upon realizing that Defendants were in default, the undersigned promptly acted to investigate the subject matter of the lawsuit and contacted Plaintiff's counsel to seek their consent to open default. In light of Plaintiff's counsel's refusal to do so, defense counsel hereby files the instant motion.

2

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A.  The Standard for Opening Default Under Georgia Law

In Georgia, "the rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations." *Collier v. Cathon*, 256 Ga. App. 825, 827 (2002); *Leeper*, 353 Ga. App. at 123. Therefore, "whenever possible, cases should be decided on their merits for **default judgment is not favored in law**." *Johnson v. Am. Nat'l Red Cross*, 253 Ga. App. 587, 589, 569 S.E.2d 242, 243 (2002) (quotations and citations omitted) (emphasis added). Based on the foregoing principles, Georgia courts have repeatedly held that the policy of this state is for cases to be resolved on their merits rather than by default. *See e.g., Feazell v. Gregg,* 270 Ga. App. 651, 653-54, 607 S.E.2d 253, 254 (2004); *Albee v. Krasnoff*, 255 Ga. App. 738, 740, 566 S.E.2d 455, 456 (2002); *Ford v. St. Francis Hosp.,* 227 Ga. App. 823, 826, 490 S.E.2d 415, 417 (1997).

Under O.C.G.A. § 9-11-55(b), a prejudgment default may be opened on one of three grounds: (1) providential cause, (2) excusable neglect, or (3) a proper case. *MacDonald v. Harris*, 265 Ga. App. 131, 132 (2003). The defendant must also satisfy the following four conditions: (1) making a showing under oath, (2) offering to plead instanter, (3) announcing readiness to proceed to trial, and (4) establishing meritorious defenses. O.C.G.A. § 9-11-55(b). Once these four conditions are met, the question of whether to open a default rests within the sound discretion of the trial court. *Anderson v. Flake*, 270 Ga. 141 (1998).

The Georgia Supreme Court has instructed trial courts that "in keeping with the policy of deciding cases on their merits, [opening defaults] should be liberally applied." *See Exxon Corp. v. Thomason*, 269 Ga. 761, 763 (1998); *see also Matter of Boyd*, 315 Ga. 390, 394 (2022) (noting that "trial courts have 'very ample powers' to open defaults and that the proper-case ground for

3

opening a default should be liberally applied so as to keep with the policy of deciding cases on their merits") (citation omitted).

Thus, when a party in default satisfies all conditions set forth under O.C.G.A. § 9-11-55(b), the trial court has extremely broad discretion to open default, and its decision will not be disturbed "absent a manifest abuse of discretion." *Albee*, 255 Ga. App. at 740 (citing *Johnson*, 253 Ga. App. at 589–90 (2002)). As Georgia's Courts have repeatedly stated, the default statute is "remedial in nature and should be liberally applied." *Id*. Further, the Georgia Court of Appeals has held,

> [O.C.G.A. § 9-11-55(b)] conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc. The "proper case" ground "is broader than the other two. Its essence is the discretion of the trial judge."

*Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 682 (2003) (citations omitted); *see also Becker v. Fairman*, 167 Ga. App. 708, 710 (1983) (same); *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (1986) (same); *First Union Nat'l Bank of Ga. v. Floyd*, 198 Ga. App. 99, 101 (1990) (same).

The reach of the judge's discretion under the "excusable neglect" standard includes every "'reasonable excuse' for failing to answer," as distinguished only from "willful disregard of the process of the court." *Ga. Farm Bldgs., Inc. v. Willard*, 170 Ga. App. 327, 330 (1984). The "proper case" standard grants even broader discretion, "as if reaching out to take in every ***conceivable case*** where injustice ***might result*** if the default were not opened." *Henderson*, 260 Ga. App. at 682 (emphasis added). The Georgia Supreme Court has clarified that grounds upon which a default may be opened are "disjunctive," and only one ground needs to be established to open the default. *Bowen v. Savoy*, 308 Ga. 304, 306, 839 S.E. 2d 546, 548 (2020).

4

2025CV05162

Application of these principles to the facts of this case shows that Defendants are entitled to be heard on the merits of their defenses. As will be shown below, Defendants have satisfied the threshold conditions for opening default under O.C.G.A. § 9-11-55, and the circumstances of this case fall squarely within the statutory categories, which justify opening a default under well-established Georgia law. Moreover, significant injustice will result if this case is not heard on the merits; not only based upon the imposition of improper liability against Defendants, but also because continued default will inure an improper benefit to Plaintiff. Therefore, Defendants ask this Court to exercise its significant and broad discretion, and open the Defendants' default in this case so that this matter can be determined on its merits.

## B. <u>Default Should Be Opened Because Defendants Have Satisfied All Four Conditions for Opening Default</u>

O.C.G.A. § 9-11-55(b) sets forth the procedural requirements for opening default under Georgia's default statute and specifically provides, "[i]n order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter and shall announce ready to proceed with the trial." In the present case, Defendants Chandi Trucking, Golden Mile, and Ace have set forth the proper showing to open default.

### 1. *Defendants Have Made a Showing Under Oath in support of this Motion to Open Default*

In seeking to open a default, a party must first make a showing under oath in support of its motion. This is not a high burden, as Georgia courts have held that even an affidavit from a paralegal or an attorney can satisfy this simple requirement of making a "showing under oath." *See, e.g., Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 429, 535 S.E.2d 780, 781 (2000) (affidavit of paralegal attached to motion to open default met requirement to make showing "under

2025CV05162

oath"); *Herring v. Harvey*, 300 Ga. App. 560, 561, 685 S.E.2d 460, 461 (2009) (affidavit from defense counsel setting forth the required elements is a sufficient showing under oath).

Therefore, in accordance with O.C.G.A. § 9-11-55(b), Defendants attach hereto the affidavit from Scott Masterson, the undersigned defense counsel, which meets this element of a showing under oath. (*See* Affidavit of Scott Masterson attached hereto as Exhibit A). Furthermore, as discussed in further detail below, this Affidavit demonstrates its meritorious defenses in this case as well.

### 2. *Defendants Hereby Offer to Plead Instanter.*

Secondly, a party seeking to open default must offer to plead *instanter*, or immediately. As set forth in its attached Affidavit, Defendants hereby tender its offer to plead *instanter*. (*See* Ex. A). The Georgia Court of Appeals has noted that this "offer to plead immediately" requirement can be met through attaching a proposed answer to the motion to open default. *Boggs,* 255 Ga. App. at 848, 567 S.E.2d at 95 (stating that "[Defendant] offered to plead immediately, attaching a copy of its proposed answer to the motion"). Therefore, Defendants hereby attach its proposed Answers to this Motion and respectfully request this Court permit it to file these Answers upon the opening of the default. (*See* Defendants' Proposed Answer, attached hereto as Exhibit B).

*Boggs* and other Georgia courts have also noted that tendering court costs is a part of an offer to plead *instanter*. *Boggs,* 255 Ga. App. at 848, 567 S.E.2d at 95; *see also Minn. Mut. Life Ins. Co. v. Love*, 120 Ga. App. 502, 503, 171 S.E.2d 361, 362 (1962) ("Payment of court costs is a mandatory condition precedent to opening a default."). Therefore, along with this Motion, Affidavit, and proposed Answers, Defendants tendered court costs in this case. (*See* Exs. A and C).

3.      *Defendants Announce Readiness to Proceed to Trial.*

A defendant seeking to open default must also announce that it is ready to proceed to trial. Toward this end, Defendants hereby announce and aver that they are ready to proceed to trial on the grounds set forth in the Affidavit attached hereto. (*See* Ex. A). Defendants submit that an immediate trial, however, is probably in neither party's best interest, as discovery should be allowed.  Accordingly, because Defendants have announced that they are ready to proceed to trial, they respectfully request that the Court find that it has met this condition of opening the default.

4.      *Defendants have Meritorious Defenses to Plaintiff's Claims.*

The final condition of opening a default is that a defendant must show under oath that it will be able to establish meritorious defense(s). O.C.G.A. § 9-11-55(b). This condition does not require a defendant to show that it will "completely defeat plaintiff's claim," rather, the defendant must only demonstrate that "if relief from default is granted, the outcome of the suit may be different from the result if the default stands." *Johnson,* 253 Ga. App. at 590, 569 S.E.2d at 244. "By not requiring a showing that the defendant will completely defeat plaintiff's claim, we remain consistent with the strong public policy of this state favoring resolution of cases on their merits." *Exxon Corp.,* 269 Ga. at 762, 504 S.E.2d at 677.

For example, in *Johnso*n, *supra*, at 587, the Court of Appeals held the defendant established a meritorious defense because the defendant's answer "presented defenses including failure to state a claim upon which relief can be granted, assumption of the risk, and . . . consent." *Id.* at 590.  The court determined that even though the defenses "were not set out in great factual detail, they were still sufficient to establish a meritorious defense."  *Id.* (citation omitted). The strong public policy of this state favors resolution of cases on their merits. *Exxon*, 269 Ga. at 761.

In *Pinehurst Baptist Church*, the defaulting defendant sought to open the default entered when it failed to file a timely answer in a premises liability case stemming from a child's playground injury. 215 Ga. App. 259 (1994). In support of its motion to open default, the defendant filed an answer asserting the playground equipment on which the child was injured was not inherently dangerous and the defendant had no knowledge that the equipment could be dangerous. *Id.* at 261. The defendant further answered that it was not negligent and that there was adequate supervision on the playground at the time of the accident. *Id.* at 262. The Court held the averments set forth in the answer were sufficient to establish a meritorious defense. *Id.* In its holding, the Court stated there is no requirement that the defenses asserted contain great detail as to the factual basis of the proposed defenses. *Id.* at 261 (citing *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (1986)). In fact, an answer denying liability alone will generally constitute a showing of a meritorious defense where all other conditions are met. *SunTrust Bank v. Perry*, 233 Ga. App. 701, 702 (1998).

A party can meet this element by filing an affidavit under oath setting forth the meritorious defense(s). *Boggs*, 255 Ga. App. at 847-848, 567 S.E.2d at 95; *see Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 429, 535 S.E.2d 780, 781 (2000) (holding that an affidavit effectively incorporating the allegation in the motion that the defendant is not liable is sufficient to set forth the meritorious defense requirement); *see also Grayson & Hollingsworth, Inc. v. C. Henning Studios*, 194 Ga. App. 531, 532-533, 391 S.E.2d 8, 9 (1990) (contemplating that affidavit submitted in support of motion to open default would satisfy the "meritorious defense under oath" requirement if it had disclosed defenses).

In the instant case, Defendants have satisfied the meritorious defenses requirement by denying the allegations against the Defendants in Plaintiff's Complaint, and by alleging, under

8

oath and by affidavit, that affirmative defenses apply preventing Plaintiff's recovery from Defendants. Therefore, continued default as to liability would result in manifest injustice to the Defendants and would deny the Defendants the opportunity to present their meritorious defenses to Plaintiff's Complaint. Based on the foregoing, Defendants have satisfied their burden of showing a meritorious defense.

Defendants meet all of the preconditions necessary to opening default under O.C.G.A. § 9-11-55(b), as there has been a showing under oath, an offer to plead instanter, an announcement of readiness to proceed to trial, and can establish meritorious defenses. *See Dewberry v. Foxy Lady*, 2012 Ga. State LEXIS 59, *5-6 (2012) (granting defendant's motion to open default where defendant met all four conditions precedent to opening default).

### C. <u>Defendants' Failure to Timely Answer is Due to Excusable Neglect and, thus a Valid Reason to Open their Default</u>

The "excusable neglect" standard justifying the opening of a default judgment cannot be determined by a fixed rule, but rather by the circumstances of each individual case. O.C.G.A. § 9-11-55(b); *Carter v. Ravenwood Dev. Co*., 249 Ga. App. 603 (2001). The circumstances of the instant case show that Defendants satisfy the "excusable neglect" standard.

The "excusable neglect" standard includes every "'reasonable excuse' for failing to answer," as distinguished only from "willful disregard of the process of the court." *Willard*, 170 Ga. App. at 330. Courts have also described this standard as "a reasonable excuse or justification for failure to answer timely; it is that neglect which might have been the act of a reasonably prudent person under the same circumstances." *Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 123–24 (1997).

Georgia courts have found excusable neglect where "there was good cause for a defendant to believe that the suit is being defended by its insurance company." *Powell v. Eskins*, 193 Ga. App. 144, 145 (1989). *See also Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 262

(1994)(1994) ("It is clear, from the facts of this case, that defendant relied upon its insurance carrier to select counsel and to make sure that defensive pleadings were timely filed. Any neglect by defendant in failing to follow the progress of the case was, therefore, excusable."); *Shortnacy v. N. Atlanta Internal Med., PC*, 252 Ga. App. 321, 324 (2001) (affirming opening of default where defendant "forwarded the matter to his insurer and was depending on that insurer to provide a defense"); *Strader v. Palladian Enters., LLC*, 312 Ga. App. 646, 649-50 (2011) (affirming opening of default where defendant forwarded complaint to insurer and confirmed it had been received). Georgia courts have further founds that '[w]here a defendant has been properly served and relies upon the insurer, the insurance agent, or counsel to file an answer timely, the failure of the defendant's agent, counsel, or insurer is imputable to the defendant in determining the presence or absence of excusable neglect. *Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 123, 488 S.E.2d 500, 503 (1997).

The facts of this case clearly establish that Defendants have a reasonable excuse for failing to appear and answer as it is reasonable for Defendants, who are not attorneys, to rely on their insurance carrier and counsel to defend this case. This is especially true considering the insurance carrier would ultimately be responsible for payment of any judgment should Defendants be found liable. As to Ace, a reasonable excuse for failing to appear and answer is imputed to Ace since Ace, attempted to retained defense counsel for which Ace relied on to defend this case. In this case, Chandi Trucking and Golden Mile forwarded the Complaint to Ace, who forwarded it via email to defense counsel. Defendants reasonably expected defense counsel would enter an appearance and answer on their behalf. Defendants' failure to timely file their answer was reasonable and excusable, and default should be opened.

**D. Defendants Have Promptly Shown a "Proper Case" for Opening Default That Will Not Prejudice Plaintiff.**

10

Even assuming *arguendo* that Defendants have not made a showing of excusable neglect, Defendants have promptly shown a "proper case" for opening default that will not prejudice Plaintiff.

The "proper case" standard for opening default gives judges great discretion, "as if reaching out to take in ***every conceivable case*** where injustice ***might result*** if the default were not opened." *Henderson v. Quadramed Corp.*, 260 Ga. App. 680, 682 (2003) (emphasis added). The default statute is "remedial in nature and should be liberally applied." *Albee,* 255 Ga. App. at 740 (2002). The Supreme Court of Georgia recently held that a defendant does not have to provide a reasonable explanation for the failure to file a timely answer under the proper case ground and expressly disapproved any prior decisions requiring such a reasonable excuse or explanation under this ground. *Bowen v. Savoy*, 308 Ga. 204 (2020). Thus, when a defendant satisfies all conditions set forth under O.C.G.A. § 9-11-55(b), the trial court has extremely broad discretion to open default, and its decision will not be disturbed "absent a manifest abuse of discretion." *Albee,* 255 Ga. App. at 740.

### 1. *Significant Injustice Will Result If this Case is Not Decided on its Merits*

Significant injustice will result if this case is not heard on the merits, not only based upon the imposition of improper liability against Defendants but also because continued default will inure an improper benefit to Plaintiff. Plaintiff alleges Defendant John Doe negligently operated the 18-wheeler he was driving at the time of the accident and his negligence was the direct and proximate cause of Plaintiff's personal injuries and other damages. (Compl. ¶¶ 18-25). Plaintiff alleges liability for Defendant John Doe's negligence is imputed to Defendants Chandi Trucking and Golden Mile under the doctrine of *respondeat superior* (Compl. ¶¶ 34-39 and ¶¶ 52-57) and Defendants Chandi Trucking and Golden Mile are also liable for its independent acts of negligent

11

and/or wanton hiring, training, and supervision of Defendant John Doe. (Compl. ¶¶ 40-51 and ¶¶ 58-69). As to Defendant Ace, Plaintiff asserts that because it is the commercial liability carrier, Ace is liable to Plaintiff for Defendant John Doe's negligence since under O.C.G.A. § 40-2-140(d)(4), Plaintiff can bring a direct action against Ace as the insurer of motor carriers engaged in intrastate commerce.

Defendants have several meritorious defenses to Plaintiff's allegations. To begin with, Defendants have no present knowledge of the subject incident and therefore deny any negligence. Furthermore, Defendants contend Plaintiff was contributorily or comparatively negligent in the subject accident giving rise to this lawsuit, which is pled in Defendants' proposed Answer and Affirmative Defenses to Plaintiff's Complaint. (*See* Ex. B). If the case were to proceed on its merits, competent evidence of fault on the part of Plaintiff and other parties may be developed in discovery.

Defendants' default admissions would be outcome determinative, including that Defendant John Doe was negligent and that his acts were the direct and proximate cause of the accident and Plaintiff's damages. (Compl. ¶¶ 19-22). Defendants should be permitted to defend against Plaintiff's allegations and present affirmative evidence of Plaintiff's contributory fault as may be developed through discovery. *See Johnson v. Am. Nat'l Red Cross*, 253 Ga. App. 587, 589-90 (2002) (holding that the defendant established a meritorious defense because the defendant's answer "presented defenses including failure to state a claim upon which relief can be granted, assumption of the risk, and . . . consent." *Id*. at 590. The court reasoned that, "[a]lthough these defenses were not set out in great factual detail, they [were] sufficient to satisfy O.C.G.A. § 9-11-55(b)." *Id*. (Citation omitted).

Similarly, Defendants Chandi Trucking and Golden Mile will be deemed to have admitted they were negligent in hiring, training, and supervising Defendant John Doe which they deny and for which Plaintiff has no evidence to support and cannot have evidence to support in the absence of fulsome discovery. (Compl. ¶¶ 29-31). "Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with **actual knowledge** that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Gunn v. Booker*, 259 Ga. 343, 347 (1989) (citing *Thomason v. Harper*, 162 Ga. App. 441, 444-445 (1982); *Gill Plumbing Co. v. Macon*, 187 Ga. App. 481, 482-484 (1988)) (emphasis added). Like Plaintiff, Defendants Chandi Trucking and Golden Mile do not know the identity of this John Doe Defendant but, in any event, deny knowledge that any driver either Defendant employs is incompetent to operate their vehicle. (*See* Ex. B). Chandi Trucking, Golden Mile, and Ace in its capacity as the imputable liability insurer, therefore have a meritorious defense to Plaintiff's claims against it.  Not only would it be unjust for Defendants to be denied the opportunity to adequately defend themselves against this claim if the Court denies Defendants' request to open default, but the claim could be dismissed in its entirety as it may be utterly baseless.

Finally, Defendants' deemed admissions include statements Defendants are not qualified to make, including injury causation and medical billing. (Compl. ¶¶ 38,50, 56, 68, 129). Defendants, similar to Plaintiff, do not have a medical degree or otherwise possess the knowledge and experience necessary to comment on the existence or extent of Plaintiff's alleged injuries and whether they were, in fact, caused by this accident, and therefore, Defendants are completely unqualified to make this type of admissions.

If default is not opened in this case, and as discussed above, liability will be improperly imposed upon the Defendants despite having meritorious defenses that may bar liability to Plaintiff. However, Defendants dispute and deny Plaintiff's allegations of causation, injury causation, and damages. Accordingly, Defendants have met the requirement that a meritorious defense be stated, explicitly, under oath. *See Cohutta Mills v. Hawthorne Indus.,* 179 Ga. App. 815, 816 (1986).

## 2. *Opening Default Will Not Prejudice Plaintiff*

Under Georgia law, the proper case ground has been "construed to confer discretion on the trial court broader than that conferred on the other two grounds, as if reaching out to take in every conceivable case where injustice might result if the default were not opened." *Nelson v. Bd. Of Regents of Univ. Sys. of GA.*, 307 Ga. App. 220, 223 (2010). As set forth above, Defendants will certainly sustain a great injustice if default is not opened. On the other hand, there will be no injustice to the Plaintiff if this Court opens the default.

First, opening default will not prejudice Plaintiff. One of the factors Georgia courts consider in determining whether to open a default under the broad "proper case" standard is "whether and how the opposing party will be prejudiced by opening the default." *Albee*, 255 Ga. App. at 740. As the litany of cases in this area demonstrate, a delay in answering, even for a reasonable time period similar to the delay here, does not constitute the type of prejudice that can form the basis for denying a motion to open default. *See, e.g., Shortnacy v. N. Atl. Internal Med.*, 252 Ga. App. 321, 323-24 (2001) (holding no prejudice where answer was served over 11 months after service of complaint); *Powell v. Eskins*, 193 Ga. App. 144, 144-46 (1989) (finding no prejudice where answer was filed more than 100 days after service of complaint).

In this case, Plaintiff will not be prejudiced by opening default. Specifically, the delay in

this case has not made it more difficult for Plaintiff to make out the merits of his case. *See, e.g., Feazell v. Gregg*, 270 Ga. App. 651, 654 (2005) (holding default was properly opened where plaintiff, "made no showing that . . . the opening of default made it more difficult for him to make out the merits of his case.") *See also, Ford v. Saint. Francis Hospital, Inc.*, 227 Ga. App. 823, 826 (1997). Plaintiff is not prejudiced by having to carry his burden of proving liability as well as causation and the reasonableness and necessity of alleged damages against the Defendants, rather than obtaining judgment by default. Defendants have acted promptly to get out of default and defend this litigation by submitting this motion immediately after discovering its default status.

Accordingly, and considering all the foregoing, Defendants respectfully move this Honorable Court to open the default on the grounds that the instant circumstances present a "proper case" for doing so.

## CONCLUSION

WHEREFORE, Defendants move the Court pursuant to O.C.G.A. §9-11-55(b) to enter an order opening default of this action and allowing Defendants to assert the defenses set out in the Answer & Affirmative Defenses attached hereto.

Respectfully submitted this 3[nd] day of October, 2025.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

600 Peachtree Street, N.E.
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (Telephone)
404.467.8845 (Fax)
Scott.Masteron@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/ Paul R. Borr*
R. Scott Masterson
Georgia Bar No.: 476356
Paul R. Borr
Georgia Bar No.: 309380
Jasmine M. Choi
Georgia Bar No.: 960461
*Counsel for Defendants Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

15

EXHIBIT A

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON,

                Plaintiff,

    v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR,
IMROJ SINGH, CHANDI TRUCKING INC.,
GOLDEN MILE ENTERPRISES INC.,
and ACE AMERICAN INSURANCE
COMPANY

                Defendant.

Civil Action File No. 2025CV05162

## AFFIDAVIT OF SCOTT MASTERSON

STATE OF GEORGIA
COUNTY OF FULTON

    Personally before the undersigned officer, duly authorized by the laws of this State to administer oaths, appeared R. Scott Masterson, who, after first being duly sworn, deposes and says:

1.

    My name is Scott Masterson and I am more than 18 years of age, under no legal disability and make this Affidavit based upon my personal knowledge.

2.

    I am the Managing Partner of the Atlanta Office of the law firm Lewis Brisbois Bisgaard & Smith, LLP ("LBBS").

3.

Plaintiff filed the present civil action on July 17, 2025 alleging a tire fragment from a truck belonging to one of the Defendants struck Plaintiff's windshield, causing damages.

4.

LBBS represents Defendants Chandi Trucking, Inc., Golden Mile Enterprises, Inc., and Ace American Insurance Company (collectively, "Defendants") in this matter.

5.

This Affidavit is given voluntarily in support of Defendants' Motion to Open Default.

6.

Defendants deny their negligence caused the incident forming the basis of the *Complaint*.

7.

Plaintiff has filed affidavits of service purporting to reflect service of process in this case on Defendants.

8.

To date, Defendants have filed no responsive pleadings.

9.

Immediately upon learning Defendants were in default, my office prepared the instant *Motion to Open Default.*

10.

On October 2 and 3, 2025, I and my partner Paul Borr contacted the Plaintiff's legal counsel and requested Plaintiff's consent to file a late answer and open default. Plaintiff refused to consent to the opening of default and the Defendants' late filing of an answer.

11.

Based upon LBBS' legal analysis, and current investigation, Defendants have meritorious defenses such that, if relief is granted, the outcome of this suit will be different from the result if the default stands including but not limited to Plaintiff's comparative and contributory negligence, as well as the fact all Defendants do not all own the truck and employ the John Doe driver. There is also reason to believe discovery will identify other parties at fault for Plaintiff's alleged injuries. Additional defenses asserted by Defendants are set forth in their proposed Answer and Affirmative Defenses attached to the Motion to Open Default.

12.

Furthermore, Plaintiff failed to allege any factual basis for his claims against Defendants on the grounds of imputed liability and negligent hiring, entrustment, and/or supervision. The Complaint merely asserts conclusory legal statements without setting forth the basis for a finding of Defendants' negligence.

13.

Defendants have paid court costs contemporaneously with the filing of this *Motion* in accordance with O.C.G.A. § 9-11-55(b).

14.

Defendants offer to plead instanter and announce their readiness to proceed with trial.

FURTHER AFFIANT SAYETH NOT.

_____
R. Scott Masterson

Sworn to and subscribed before me
this 3rd day of October, 2025.

_Constanze Patricia Asaad_

3

Notary Public

State of GEORGIA

County of _Clayton_
My Commission Expires:  10 / 17 / 25

EXHIBIT B

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON

      Plaintiff,

v.

JOHN DOE, BALWINDER SINGH CHANDI, RUPINDER KAUR, IMROJ SINGH, CHANDI TRUCKING, INC., GOLDEN MILE ENTERPRISES INC., and ACE AMERICAN INSURANCE COMPANY,

      Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

### DEFENDANTS CHANDI TRUCKING, INC., GOLDEN MILE ENTERPRISES, INC., AND ACE AMERICAN INSURANCE COMPANY'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendant Chandi Trucking, Inc., Golden Mile Enterprises, Inc., and Ace American Insurance Company (hereinafter "Defendant"), in the  above-captioned civil action, and, hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint (hereinafter Plaintiff's "Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted, therefore, Plaintiff's Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the incident which resulted in Plaintiff's alleged injuries, therefore, Plaintiff is barred from recovery.

## THIRD DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence, contributory negligence, and assumption of the risk.

## FOURTH DEFENSE

Defendants' actions and/or inactions were not the proximate cause of Plaintiff's alleged harm and, therefore, Plaintiff's Complaint should be dismissed as to Defendants.

## FIFTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom the Defendants had no control; therefore, Defendants cannot be liable to Plaintiff.

## SIXTH DEFENSE

Plaintiff failed to mitigate her damages and is barred from recovery.

## SEVENTH DEFENSE

Defendants did not owe or breach any duty owed Plaintiff.

## EIGHTH DEFENSE

Plaintiff's Complaint is barred due to a failure to join an indispensable party and, therefore, Plaintiff's Complaint should be dismissed.

## NINTH DEFENSE

Defendants are not subject to joint and several liability.

## TENTH DEFENSE

The alleged danger that resulted in Plaintiff's alleged harm and forms the basis of his Complaint was not reasonably foreseeable and there lacked a pattern of substantially similar

conduct which is necessary to meet the definition of nuisance or notice, therefore, Defendants cannot be liable to Plaintiff.

## ELEVENTH DEFENSE

This Court lacks personal jurisdiction.

## TWELFTH DEFENSE

Venue is improper

## THIRTEENTH DEFENSE

Any special damages not specifically pleaded are not recoverable. *See* O.C.G.A. § 9-11-9(g).

## FOURTEENTH DEFENSE

Defendants are not insolvent or bankrupt and/or this is not a proper case for direct action and, therefore, Defendant Ace American Insurance Company is not a proper party.

## FIFTEENTH DEFENSE

Defendants hereby incorporate by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of failure to avoid consequences, failure to mitigate damages, discharge in bankruptcy, estoppel, fraud, illegality, res judicata and open and obvious.

## SEVENTEENTH DEFENSE

Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## EIGHTEENTH DEFENSE

The Plaintiff has failed to properly serve this Defendant Chandi Trucking, Inc. and Golden Mile Enterprises, Inc. or perfect service upon Defendant.

## ANSWER

Defendant responds to the specifically numbered allegations in Plaintiff's Complaint as follows:

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

2.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

3.      Defendant admits Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indiana. Defendant denies it was doing business in Clayton County, Georgia on August 22, 2023. Defendant admits that its registered agent is Imroj Singh at 1702 Belmont Avenue, Indianapolis IN, 46221. Otherwise denied.

4.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

5.      Defendant admits Golden Mile Enterprises, Inc. is a foreign corporation with its principal place of business in Indiana. Defendant denies it was doing business in Clayton County, Georgia on August 22, 2023. Defendant is without information or knowledge sufficient to admit or deny whether it employed John Doe. Defendant admits its registered agent is Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Otherwise denied.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

2025CV05162

7.     Defendant admits Ace American Insurance Company is a foreign insurance company formed in Pennsylvania with CT Corporation System as its registered agent with address at 289 S Culver St, Lawrenceville, GA, 30046. Otherwise denied.

## BACKGROUND

8.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

9.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

10.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

11.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

12.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

2025CV05162

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.     This Defendant incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

19.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

20.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

21.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

22.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

23.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

24.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

25.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.


## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.     This Defendant incorporates by reference its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

28.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

29.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

30.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

31.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

32.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

33.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING, INC.

34.     This Defendant incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

36.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

37.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

38.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

39.     Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT IV- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING, INC.

40.     This Defendant incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT V- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.     This Defendant incorporates by reference its responses to Paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

53.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

54.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

55.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

56.     Denied.

57.     Denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.


## COUNT VI -NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES, INC.

58.     This Defendant incorporates by reference its responses to Paragraphs 1 through 57 of Plaintiff's Complaint as if fully set forth herein.

59.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

60.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.    Denied.

68.    Denied.

69.    Denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.


**COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI**

70.    This Defendant incorporates by reference its responses to Paragraphs 1 through 69 of Plaintiff's Complaint as if fully set forth herein.

71.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

72.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

73.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

74.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

2025CV05162

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

75.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT VII-NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANI

76.     This Defendant incorporates by reference its responses to Paragraphs 1 through 75 of Plaintiff's Complaint as if fully set forth herein.

77.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

78.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

79.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

2025CV05162

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

80.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

81.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

82.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

83.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

84.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

85.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

86.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

87.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.    This Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully set forth herein.

89.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

90.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

91.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

92.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

93.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.


## COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.     This Defendant incorporates by reference its responses to Paragraphs 1 through 93 of Plaintiff's Complaint as if fully set forth herein.

2025CV05162

95.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

96.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

97.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

98.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

99.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

100.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

101.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

102.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

103.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

104.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

105.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.    This Defendant incorporates by reference its responses to Paragraphs 1 through 105 of Plaintiff's Complaint as if fully set forth herein.

107.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

108.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

109.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

110.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

111.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT XII: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

112.    This Defendant incorporates by reference its responses to Paragraphs 1 through 111 of Plaintiff's Complaint as if fully set forth herein.

113.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

114.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

115.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

116.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

117.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

118.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

119.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

120.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

121.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

2025CV05162

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

122.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

123.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.    This Defendant incorporates by reference its responses to Paragraphs 1 through 123 of Plaintiff's Complaint as if fully set forth herein.

125.    Admitted Defendant Ace American Insurance Company issued an insurance policy to Defendant Golden Mile Enterprises, Inc. in effect on or about August 22, 2023. Otherwise denied as stated.

126.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

127.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied. To the

extent this paragraph contains conclusions of law to be resolved by the finder of fact upon instruction by the Court, no response is necessary from this Defendant; however, to the extent a response is deemed necessary, denied.

128.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph of the Complaint; therefore denied. Defendant denies liability to Plaintiff.

129.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph of the Complaint; therefore denied. Defendant denies liability to Plaintiff.

130.    Denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.


## EIGHTEENTH DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants Chandi Trucking, Inc., Golden Mile Enterprises, Inc., and Ace American Insurance Company respectfully pray for the following relief from this Honorable Court:

1.    That Plaintiff's claims be denied and Plaintiff's Complaint for Damages and Demand for Jury Trial be dismissed with prejudice;

2.    That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.    That the case be tried before a jury of twelve (12) persons; and

4.    For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this ___ day of October, 2025.


                       **LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**

                       /s/ *Paul R. Borr*
                       R. Scott Masterson
                       Georgia Bar No. 476356

600 Peachtree Street, N.E., Suite 4700      Paul R. Borr
Atlanta, Georgia  30309                     Georgia Bar No. 309380
Tel:  404-348-8585                          Jasmine Choi
Fax:  404-467-8845                        Georgia Bar No.: 960461
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com                *Counsel for Defendants*
Jasmine.Choi@lewisbrisbois

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *DEFENDANTS CHANDI TRUCKING, INC., GOLDEN MILE ENTERPRISES, INC., AND ACE AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* was filed with the Clerk of Court utilizing Odyssey, Georgia E-file system, its online electronic filing system, which will provide copies of same to all counsel of record, by *STATUTORY ELECTRONIC SERVICE O.C.G.A. § 9-11-5(f):*

Steven A. Miller
***THE MILLER FIRM***
500 BISHOP ST. NE STE A5
Atlanta, GA30318
*themillerfirmatl.com*

*Counsel for Plaintiff*

Respectfully submitted, this ____day of October, 2025.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

/s/ *Paul R. Borr*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine Choi
Georgia Bar No.: 960461

600 Peachtree Street, N.E., Suite 4700
Atlanta, Georgia  30309
Tel:  404-348-8585
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

*Counsel for Defendants*

EXHIBIT C

CITY NATIONAL BANK
020073
90-1606/1220

10/2/25

rate Cout of Clayton Canty $ 669.00 $\frac{100}{100}$

ity nine dollars — DOLLARS

LEWIS BRISBOIS BISGAARD & SMITH LLP

Lawyn Masterson

DRAFT VOID 120 DAYS FROM DATE ISSUED

CLERK OF STATE COURT
CIVIL DIVISION

10/03/2025

RECEIPT# 202509066

PAID BY LEWIS BRISBOIS BISGAARD & SMI
T
FOR (3) LAT    2025 CV 05162 M
G

'066

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED IS IN PAYMENT OF ITEMS DESCRIBED BELOW
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

669.00  CK

TOTAL PAID

35151 ARS

**********************************

CHECK DATE   10/2/25
CHECK AMT.   669.00

2025 OCT -3 PM 3:19
CLERK STATE COURT
FILED

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS
Atlanta Office
600 PEACHTREE STREET NE
SUITE 4700
ATLANTA, GA 30308
(404) 348-8585

20250V05162

020073

90-1606/1220

10/2/25

PAY TO THE
ORDER OF ___ Clerk of State Court of Clayton County ___ $ 669.00

Six Hundred & Sixty nine dollars _____ DOLLARS

LEWIS BRISBOIS BISGAARD & SMITH LLP

Lauryn Masterson

DRAFT VOID 120 DAYS FROM DATE ISSUED

2025CV05162   202509066

⑆020073⑆

---

LEWIS BRISBOIS BISGAARD & SMITH LLP

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED IS IN PAYMENT OF ITEMS DESCRIBED BELOW
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY.  NO RECEIPT DESIRED.

CHECK # 20073

FILE # Sutton

VENDOR #

CODE

CHECK DATE 10/2/25

CHECK AMT. 669.00

2025 OCT -3 PM 3: 19

RECEIVED & FILED

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the foregoing **DEFENDANTS' MOTION TO OPEN DEFAULT AND BRIEF IN SUPPORT THEREOF** with the Clerk of Court via Peachcourt, which automatically sends an electronic copy of same to all counsel of record as follows:

Steven A. Miller
The Miller Firm
500 Bishop St. NW, STE A5
Atlanta, GA 30318
*Counsel for Plaintiff*

This 3rd day of October, 2025.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Paul R. Borr*

600 Peachtree Street, N.E.
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (Telephone)
404.467.8845 (Fax)
Scott.Masteron@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

R. Scott Masterson
Georgia Bar No.: 476356
Paul R. Borr
Georgia Bar No.: 309380
Jasmine M. Choi
Georgia Bar No.: 960461
*Counsel for Defendants Chandi Trucking Inc.,*
*Golden Mile Enterprises Inc., and Ace American*
*Insurance Company*

19

e-Filed 10/13/2025 7:15 PM

*Tiki Brown*

**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Adazel Sheleysorto**

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | * |
| | * |
|     Plaintiff, | * |
| v. | * |
| | * |
| JOHN DOE, BALWINDER SINGH | * |
| CHANDI, RUPINDER KAUR, | * |
| IMROJ SINGH, CHANDI TRUCKING INC., | * |
| GOLDEN MILE ENTERPRISES INC., | * |
| and ACE AMERICAN INSURANCE | * |
|  COMPANY | * |
| | * |
|     Defendants. | * |
| | * |
| | * |

Civil Action File No. 2025CV05162

## DEFENDANT RUPINDER KAUR'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, Rupinder Kaur, named Defendant in this action, pursuant to O.C.G.A. § 9-11-12(b)(2), hereby submits this Motion to Dismiss Plaintiff Cornellius Sutton's ("Plaintiff") Complaint and Memorandum of Law, stating as follows.

## INTRODUCTION

Plaintiff sues Defendant Rupinder Kaur because he is an owner of Defendant Golden Mile Enterprises, Inc. Defendant Kaur, hereinafter "Defendant," does not transact business in Georgia and his ownership of a corporate entity alleged to conduct business in Georgia does not subject him to this Court's jurisdiction.

For the reasons set forth herein, Plaintiff's Complaint should be dismissed in its entirety for lack of personal jurisdiction over Defendant.

## STATEMENT OF FACTS

1.

Plaintiff filed his Complaint on July 17, 2025. (See Plaintiff's Complaint attached as Exhibit "A").

2.

On August 9, 2025, Lory A. Qualls Garcia, served Defendant with a Summons and Complaint by leaving the Summons and Complaint with Simrat Kaur at 5352 Heitz Way, Fontana, California 92336. (See Affidavit of Service for Defendant attached as Exhibit "B").

3.

Plaintiff alleges Defendant was doing business in Georgia on August 22, 2023 and is therefore subject to personal jurisdiction of this Court.

4.

Defendant is not a Georgia resident and does not personally transact business or own any property in Georgia.

5.

Pursuant to O.C.G.A. § 9-10-91, a court may exercise personal jurisdiction over any nonresident in the same manner as if he or she were a resident of this state if he or she 1) transacts any business within this state; 2) commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; 3) commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or 4) owns, uses, or possesses any real property situated within this state.

6.

Plaintiff fails to establish that Defendant has sufficient contacts with Georgia that satisfy the requirements of O.C.G.A. § 9-10-91.

## ARGUMENT

### A.  Plaintiff Fails to Establish that Defendant Transacted Business in Georgia

Under Georgia law, a court may exercise personal jurisdiction over any nonresident in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she 1) transacts any business within this state; 2) commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; 3) commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or 4) owns, uses, or possesses any real property situated within this state.  O.C.G.A. § 9-10-91.

Georgia courts use a three-part test to determine whether a party has transacted business in Georgia under § 9-10-91(1). First, the plaintiff must show that the nonresident defendant purposefully committed some act or consummated some transaction in Georgia. Second, the plaintiff must show that the cause of action arises from or is connected with that act or transaction. Third, the plaintiff must show that the exercise of jurisdiction by a Georgia court would not offend traditional fairness and substantial justice. *Intercontinental Servs. of Del., LLC v. Kent*, 343 Ga. App. 567, 571, 807 S.E.2d 485, 489 (2017); *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 137 (2008) (quoting *Aero Toy Store v. Grieves*, 279 Ga. App. 515, 518 (2006)).

Jurisdiction under this subsection of the long-arm statute "expressly depends on the actual transaction of business—the doing of some act or consummation of some transaction—by the defendant *in the state*." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1260 (11th Cir. 2010). Simply establishing a defendant's minimum contacts with Georgia is not enough.

In addressing whether "business activities in this state" establish jurisdiction under this subsection, the Georgia Supreme Court considers whether the "claims are related *directly* to the [defendants'] purposeful acts in Georgia." *Stubblefield v. Stubblefield*, 296 Ga. 481, 484 (2015) (emphasis added). That is because Georgia's long-arm statute requires enumerated acts, so "[t]he statutory requirement that a nonresident defendant transact any business in Georgia must mean something more than, and cannot simply equate to, mere minimum contacts in a due process sense." *Diamond Crystal*, 593 F.2d at 1262. Thus, the plaintiff's injury must *have arisen out of business,* as the defendant transacted in Georgia. *Id.* at 1264.

Defendant does not personally transact business in Georgia, nor does Plaintiff's injury arise out of business this Defendant transacted in Georgia. Therefore, this Court cannot exercise personal jurisdiction based on O.C.G.A. § 9-10-91(1).

**B.  Plaintiff Fails to Establish that Defendant Committed A Tort Within Georgia**

Plaintiff's Complaint lacks any factual allegations that Defendant committed any torts in Georgia.  Courts have strictly interpreted O.C.G.A. § 9-10-91(2) to require that the tortious act *be committed in Georgia*. *See LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 843 (11th Cir. 2013). Since the Complaint does not allege Defendant was physically present in Georgia when he allegedly negligently and/or wantonly hired, trained, and supervised Defendant John Doe, nor did

Defendant hire, train or supervise anyone in Georgia, Defendant's conduct cannot be considered a "tortious act or omission within" Georgia under O.C.G.A. § 9-10-91(2). As a result, there is no basis for this Court to exercise personal jurisdiction over Defendant under O.C.G.A. § 9-10-91(2).

### C. Plaintiff Fails to Establish Defendant Regularly Does or Solicits Business in Georgia

Likewise, Plaintiff's Complaint fails to allege that Defendant regularly does business and derives revenue from these activities in Georgia. Jurisdiction under O.C.G.A. § 9-10-91(3) of the Georgia long-arm statute exists only where (1) the defendant caused a tortious injury in Georgia from outside Georgia and (2) the defendant regularly does or solicits business, engages in any other persistent conduct, or derives substantial revenue from services rendered in Georgia. Thus, even when a defendant causes a tortious injury within Georgia, for this Court to have jurisdiction over Defendant, Plaintiff must satisfy "the other requirements (such as regularly doing or soliciting business or engaging in any other persistent course of conduct in the state) set forth in paragraph 3." *Anderson v. Deas,* 279 Ga. App. 892 (2006).

The key to satisfying the second requirement of O.C.G.A. § 9-10-91(3) is for the non-resident defendant to do something else in Georgia. *Huggins v. Boyd*, 304 Ga. App. 566 (2010) ("The plain language of [O.C.G.A. § 9-10-91(3)] . . . according to the Supreme Court of Georgia requires that 'an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction.'") (emphasis in original) (quoting *Gust v. Flint*, 257 Ga. 129, 130 (1987)).

Plaintiff's Complaint fails to allege or provide any facts that establish that Defendant "regularly does or solicits business" in Georgia or that Defendant "derives substantial revenue from services rendered" in Georgia because no such facts exist. Therefore, there is no basis under O.C.G.A. § 9-10-91(3) for this Court to exercise personal jurisdiction over Defendant.

## CONCLUSION

Here, Plaintiff alleges Defendant was doing business in Georgia but does not provide any other facts that establish that Defendant was actually transacting business, committed a tortious act, solicits business and derives a substantial revenue, or owns, uses, or possesses any real property within this state.

Plaintiff fails to provide any facts that demonstrate that this Court has personal jurisdiction over Defendant under O.C.G.A. § 9-10-91. Moreover, no such facts exist. For the reasons set forth above, Defendant should be dismissed.

Respectfully submitted this 13th day of October, 2025.

<br>

/s/ Jasmine M. Choi
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine Choi
Georgia Bar No. 960461

**LEWIS BRISBOIS BISGAARD**
  **& SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*Attorneys for Defendant*
*Rupinder Kaur*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I electronically filed the foregoing with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Steven A. Miller
THE MILLER FIRM
500 BISHOP ST. NE STE A5
Atlanta, GA30318
*themillerfirmatl.com*

Counsel for Plaintiff

**LEWIS BRISBOIS BISGAARD
& SMITH LLP**
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine Choi
Georgia Bar No. 960461

*Attorneys for Defendant
Rupinder Kaur*

EXHIBIT A

2025CV05162
Filed 7/17/2025 5:55 PM
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Ashley Bright

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                    )
                                      )
        Plaintiff,                    )
                                      )
                                      )    CIVIL ACTION FILE NO.:
v.                                    )
                                      )    2025CV05162
                                      )
JOHN DOE, BALWINDER SINGH CHANDI,     )
RUPINDER KAUR, IMROJ SINGH,           )
CHANDI TRUCKING INC. ,                )
GOLDEN MILE ENTERPRISES INC.,         )
and ACE AMERICAN INSURANCE            )
COMPANY                               )
                                      )
        Defendants.                   )

## COMPLAINT

COMES NOW Plaintiff and files this his Complaint, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his address: 15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## **BACKGROUND**

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;
      d. General expenses;
      e. Diminished quality of life; and
      f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|

| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | $ 48,225.00+ |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

        a. Medical expense;
        b. Pain and suffering;
        c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special

damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and

wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and

expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to

O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special

damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for

compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life

in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by

law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further

relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

### COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| TOTAL SPECIALS | $ 48,225.00+ |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.


This __17th__ day of July, 2025.

_/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CORNELLIUS SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | 2025CV05162 |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) | |
| RUPINDER KAUR, IMROJ SINGH, | ) | |
| CHANDI TRUCKING INC. , | ) | |
| GOLDEN MILE ENTERPRISES INC., | ) | |
| and ACE AMERICAN INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO UNINSURED MOTORIST CARRIER

COMES NOW, Plaintiff, and serves her first Interrogatories on Uninsured Motorist

Carrier Progressive Mountain Insurance Company ("UM Carrier"). UM Carrier is required to

respond to the following Interrogatories under oath within forty-five (45) days from the date of

service of these Interrogatories upon it.

## DEFINITIONS

The following definitions shall apply to these Interrogatories:

A.    "You" and "your" shall mean and refer to UM Carrier and all its agents, employees,

attorneys, accountants, subsidiary or affiliated corporations, representatives or other persons acting

or purporting to act on his behalf.

B.    "Person" shall mean and include any natural person, firm, partnership, trust, estate,

association, corporation, proprietorship, joint venture, governmental body, governmental agency or

commission or any other organization or entity whether or not recognized as such by law.

C.     "Document" is intended to have the broadest permissible meaning under the Civil Practice Act, and includes, without limitation, recordings, imprintings or otherwise preserving statements, images, sounds, and/or any other form of information, whether printed or recorded or reproduced by any mechanical or electronic process, or written or produced by hand, books, magazines, pamphlets, bulletins, publications, letters, emails, telegraphs, telegrams, cables, notes, messages, diaries, calendars, appointment books, time sheets, logs, schedules, memorandum, interoffice and intra-office communications, reports, working papers, diagrams, drawings, drafts, tabulations, indexes, statements, receipts, warranties, summaries, electronic mail transfers, teletypes, telefaxes, telecopies, worksheets, meeting minutes, recordings, sketches, graphs, charts, engineering notebooks, tapes, disks, electronic recording data sheets, data processing cards or other data computations, photographs, movies, assignments, contracts, agreements, official documents and legal instruments, annual reports and reports to shareholders and partners, and minutes or reports of minutes of directors or executive boards or committees, advertising or promotional literature and press releases, studies, analyses, agenda, telephone logs, jottings, announcements, instructions, ledgers, checks (front and back), check stubs, bills, orders, records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced.

D.     "Relates to" or "relating to" shall be construed to include "refers to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes," or "comments upon."

E.     "Communication" shall mean any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons whether face-to-face, by letter, or by any other means.

F.    "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

G.    "Affiliates" shall mean and include any person or entity that directly or indirectly controls, is controlled by, or is under common control with another person or entity, with "control" meaning an ownership interest of more than 50 percent of the stock or other ownership interests or the ability to direct the voting of more than 50 percent of the voting rights of an entity.

H.    "Identify" means and requires you to provide the following information:

    (a)    With respect to each natural person:

        (1)    The person's full name;

        (2)    The person's last known home address and telephone number;

        (3)    The person's last known business address and telephone number;

        (4)    The name of the person's last known employer or business affiliation; and

        (5)    The person's last known title or business position.

    (b)    With respect to a person other than a natural person:

        (1)    Name;

        (2)    Place of incorporation, or location of where certificates of partnership or association are filed; and

        (3)    Principal place of business.

    (c)    With respect to a document, either:

        (1)    Produce the document pursuant to O.C.G.A. § 9-11-34; or

3

(2)    Identify the author, date, recipient and type of document.

## **INTERROGATORIES**

1.    IDENTIFICATION: Identify the name and address of any person answering, assisting in answering, or providing information used to answer, these Interrogatories. Include in your answer their professional title, their affiliation with you, and the length of time with you in that position.

2.    CONTRACT: State whether there was a contract of insurance between you and the Plaintiff to provide uninsured/underinsured motorist benefits.

3.    WITNESSES: Identify by providing the name, address and phone number of any person, including parties to this action, who to your knowledge, information, or belief:

a.    Was an eyewitness to the subject incident;

b.    Was at the scene of the subject incident from the time of the incident until the last person left the scene;

c.    Has knowledge of any fact upon which your affirmative defenses are based;

d.    Has knowledge of any Defendants' or Plaintiff's activities in the 24 hours preceding the subject incident;

e.    Has knowledge or information concerning the damages Plaintiff is claiming in this action; or

f.    Has conducted any investigation into the subject collision, or the employment, background, medical history or activities of daily living of Plaintiff.

4.    TESTIFYING EXPERTS: Identify the name and address of each expert witness who will offer any testimony at trial.

5.     CONTRIBUTIVE/APPORTIONED NEGLIGENCE: If you allege some other person or entity, including Plaintiff, caused or contributed to the collision and is therefore liable for its proportionate share of fault, provide the name, address, and phone number of said person or entity and the basis for your allegation they caused or contributed to the subject collision.

6.     CLAIMS FILE: Identify by document name, author, and date of creation every document or file in your claims file for the claim that is the basis of this lawsuit.

7.     STATEMENTS: Identify by date, subject matter, and name and address of any person who provided you with a statement, written or oral, in connection with the claim that is the basis for this lawsuit.

8.     UNINSURED INVESTIGATION: What investigation have you done to determine whether the driver or owner of the vehicle that was involved in the subject collision with the Plaintiff was insured with liability insurance at the time of the subject collision? Include in your response, the results of that investigation and by whom it was conducted.

9.     OTHER INSURANCE: Identify by name and policy number (if known) any insurance company that might provide coverage to satisfy all or part of any judgment that might be entered against the driver or owner of the Defendant's vehicle involved in the subject collision with the Plaintiff in this case.

10.     PRE-EXISTING CONTENTIONS: Do you contend any of the injuries suffered by Plaintiff in the subject car collision were in fact the result of any preexisting condition suffered by Plaintiff prior to the collision?  If so, identify those injuries and explain your basis for making such a contention, including but not limited to identifying any medical records you think support your contention.

11.    CLAIMS HISTORY: Identify all claims known by you involving the Plaintiff by stating the date of loss, your claim number, and the type of claim.

12.    CLAIMS HANDLERS: Identify (name, address and telephone number) all local, district, regional or home office employees or agents of your company who assisted, in any way, in the handling of this claim or acted in the supervisory fashion on the handling of Plaintiff's UM claim.

13.    COVERAGE AMOUNT: Assuming Defendant's liability policy limits are $25,000, what are the combined underinsured motorist limits available under your insurance policy(ies) to pay Plaintiff's damages to the extent Defendant is underinsured?

14.    RESERVATIONS ON COVERAGE: If you contend there are policy defects or prerequisites to coverage that have not been met, identify the specific defect or policy language which relates to any unmet coverage prerequisites and provide all factual predicates upon which your contentions are based.

15.    MEDICAL EXPENSES: Identify every resource (person, expert, company, database, in-house service, outsourced service, or website) used or consulted with in determining your valuation of Plaintiff's past, present and/or future medical expenses as being "reasonable and customary" as intended under Georgia damages law.

16.    AFFIRMATIVE DEFENSES: Identify all facts, witnesses, and documents which support or corroborate each affirmative defense pled by you in your Answer to Plaintiff's Complaint.

17.    PRIVILEGE LOG: Identify each document you have not produced in response to Plaintiff's First Requests for Production of Documents on grounds of privilege by stating the

date the document was created, the person(s) who created the document, the present custodian of the document, and a description of each document.

18.     NO PHANTOM VEHICLE: If you contend Plaintiff's vehicle was not struck by a tire from a phantom 18-wheeler driven by John Doe, identify all facts, witnesses, and documents related to such contention.


This __17th__ day of July, 2025.

_/s/ Steven A. Miller_
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| v. | ) |
| | ) ___2025CV05162___ |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) |
| RUPINDER KAUR, IMROJ SINGH, | ) |
| CHANDI TRUCKING INC. , | ) |
| GOLDEN MILE ENTERPRISES INC., | ) |
| and ACE AMERICAN INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO UNINSURED MOTORIST CARRIER

COMES NOW, Plaintiff, and serves his first requests for production of documents on Uninsured Motorist Carrier Progressive Mountain Insurance Company ("UM Carrier") pursuant to O.C.G.A. § 9-11-34. UM Carrier is requested to produce for inspection and copying the documents requested herein at the offices of counsel for Plaintiff, The Miller Firm 500 BISHOP ST NW, SUITE A5, ATLANTA, GA 30318 no later than forty-five (45) days after the date of service.

UM Carrier is further reminded that the provisions of O.C.G.A. § 9-11-26(e) require a responding party to supplement its responses in the manner provided.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to the accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and

1

(b) the basis upon which you claim the privilege. Plaintiff refers to and incorporates the "Definitions" provided in her first Interrogatories to you.

Please produce the following:

1.

A copy of each and every statement by the Plaintiff and/or the Defendant.

2.

A **certified** copy of each and every automobile liability insurance policy issued by UM Carrier providing uninsured/underinsured motorist liability coverage to Plaintiff and which was in effect on the date of the incident central to this case, including, but not limited to, copies of all declarations sheet and endorsements related thereto.

3.

Copies of all written documents including, but not limited to, letters, memoranda, billings, or reports maintained in the regular course of business of UM Carrier, or otherwise obtained by UM Carrier, with respect to any claims made by Plaintiff against UM Carrier for medical expenses ("med-pay"), loss of wage, property damage, or bodily injuries related to the automobile collision central to this case.

4.

Copies of any photographs of any of the motor vehicles involved in the collision which is the subject matter of Plaintiff's Complaint, or any other person, place, or thing regarding the collision at issue.

5.

Any affidavits in your possession, custody, or control that refer to, evidence, or reflect in any way the subject of this case.

2

6.

Final repair bill for Plaintiff's and/or Defendants' vehicle which resulted from the collision.

7.

Any record you obtained using an open records or Freedom of Information Act request.

8.

Employment records relating to the Plaintiff which have been obtained by you unless such records were produced by the undersigned counsel.

9.

Any drawings, maps, charts, diagrams, or other representation of the scene of the collision or of any other aspect of the incident.

10.

Color copies of any photographs of the Plaintiff taken after the subject collision including any surveillance photos.

11.

Copies of any video taken of the Plaintiff subsequent to the subject collision.

12.

All written and/or email communication between you and Plaintiff or Defendant's insurance company(ies) regarding the collision and/or Plaintiff.

13.

All documents and things relating to any expert retained to testify, including but not limited to:

a)      Resume/curriculum vitae

19.

All documents you contend support or relate to any defenses, affirmative or otherwise, or contentions in your Answer.

This __17th__ day of July, 2025.

__/s/ Steven A. Miller__
Steven A. Miller
Georgia Bar No. 154011
Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

EXHIBIT B

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysorto**

# STATE OF GEORGIA

_____ CLAYTON _____ COUNTY

IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY

Plaintiff: CORNELLIUS SUTTON
_____

V.

Defendant: JOHN DOE, BALDWINDER SINGH CHANDI, PUPINDER KAUR
IMROJ SINGH, CHANDI TRUCKING INC. GOLDEN MILE ENTERPRISES INC , and ACE AMERICAN INSURANCE COMPANY

Case No.: 2025CV05162
_____

# SUBSTITUTED SERVICE AFFIDAVIT

I, LORY A. QUALLS GARCIA _____ (name of affiant), being duly sworn, depose and state as follows:

1. I am over the age of eighteen (18) years and am not a party to this action.
2. I was duly authorized to serve process in this case pursuant to Georgia law.
3. On the 9TH day of AUGUST _____, 20 25 , after due and diligent effort, I was unable to personally serve RUPINDER KAUR _____ (name of Defendant).
4. After reasonable efforts to locate and serve the Defendant personally, I accomplished service by **substituted service** as follows:

   ☒ By leaving a copy with SIMRAT KAUR, SON/CO-OCCUPANT _____ (name and relationship), a person of suitable age and discretion, residing at Defendant's usual place of abode: 5352 HEITZ WAY, FONTANA, CA 92336

   ■ By serving Defendant's registered agent/authorized person: _____
   ■ As otherwise authorized by court order dated _____ (attach copy of order).
5. The individual with whom I left said documents was informed of the contents.
6. The date, time, and place of service were:
   Date: 08/09/2025 _____
   Time: 11:23 AM
   Location: 5352 HEITZ WAY, FONTANA, CA 92336 _____
7. To the best of my knowledge, this address is the usual place of abode or authorized service location for the Defendant.

**Affiant's Information:**
Name: LORY A. QUALLS GARCIA/CAL EXECUTIVE PROCESS SERVICE
Address: 16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336
Telephone: 951-809-9400

Signature of Affiant _____ Date: 08/09/2025 _____

Sworn to and subscribed before me this ____ day of _____, 20___.
Notary Public: _____
My Commission Expires: _____
(Seal)

# STATE OF GEORGIA

_____ CLAYTON _____ COUNTY

**IN THE [Court Type: Superior / State / Magistrate] COURT OF [County] COUNTY**

**Plaintiff:** CORNELLIUS SUTTON

v.

**Defendant:** JOHN DOE, BALWINDER SINGH CHANDI, PUPINDER KAUR, IMROJ SING, CHANDI TRUCKING INC. and ACE AMERICAN INSURANCE COMPANY

Case No.: 2025CV05162

# DECLARATION OF DUE DILIGENCE

I, LORY A. QUALLS GARCIA _____ (name of affiant), being duly sworn, declare as follows:

1. I am over the age of eighteen (18) years, not a party to this action, and competent to testify to the matters stated herein.

2. I was assigned to serve process on the Defendant, RUPINDER KAUR _____.

3. I made the following attempts to personally serve the Defendant at the address(es) reasonably believed to be the Defendant's residence, business, or usual place of abode:

• Attempt #1: Date/Time 08/05 2025 AT 6:12 PM _____ ; Address 5352 HEITZ WAY, FONTANA, CA 92336 ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

• Attempt #2: Date/Time 08/06/2025 AT 9:37 AM _____ ; Address 5352 HEITZ WAY, FONTANA, CA 92336 ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

• Attempt #3: Date/Time 08/08/2025 AT 3:28 PM _____ ; Address 5352 HEITZ WAY, FONTANA, CA 92336 ;
Result: NO ANSWER AT DOOR; CANNOT SEE INSIDE; CALLED OUT/WAITED.

(Add additional attempts as necessary.)

4. Despite diligent efforts, I was unable to personally serve the Defendant.

5. Based on my observations and investigation, I believe the Defendant resides or can be served at the following address:

5352 HEITZ WAY, FONTANA, CA 92336

6. I therefore request that substituted service, as allowed under Georgia law, be deemed valid and sufficient.

**Affiant's Information:**

Name: LORY A. QUALLS GARCIA dba CAL EXECUTIVE PROCESS SERVICE

Address: 16155 SIERRA LAKES PKWY., #160-225 FONTANA, CA 92336

Telephone: 951-809-9400

Signature of Affiant: _____ Date: 08/09/2025

Sworn to and subscribed before me this ____ day of _____, 20____.

Notary Public: _____

My Commission Expires: _____

(Seal)

2025CV05162

e-Filed 10/13/2025 7:15 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysorto**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON

     Plaintiff,

v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR, IMROJ
SINGH, CHANDI TRUCKING, INC.,
GOLDEN MILE ENTERPRISES INC., and
ACE AMERICAN INSURANCE
COMPANY,

     Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

### DEFENDANT RUPINDER KAUR'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Rupinder Kaur (hereinafter "Defendant"), a named Defendant in the above-captioned civil action, by and through the undersigned counsel, and hereby files this Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint (hereinafter Plaintiff's "Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted, therefore, Plaintiff's Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the incident which resulted in Plaintiff's alleged injuries, therefore, Plaintiff is barred from recovery.

### THIRD DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence, contributory negligence, and assumption of the risk.

### FOURTH DEFENSE

Defendant's actions and/or inactions were not the proximate cause of Plaintiff's alleged harm and, therefore, Plaintiff's Complaint should be dismissed as to Defendant.

### FIFTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom the Defendant had no control; therefore, Defendant cannot be liable to Plaintiff.

### SIXTH DEFENSE

Plaintiff failed to mitigate his damages and is barred from recovery.

### SEVENTH DEFENSE

Defendant did not owe or breach any duty owed Plaintiff.

### EIGHTH DEFENSE

Plaintiff's Complaint is barred due to a failure to join an indispensable party and, therefore, Plaintiff's Complaint should be dismissed.

### NINTH DEFENSE

Defendant is not subject to joint and several liability.

### TENTH DEFENSE

The alleged danger that resulted in Plaintiff's alleged harm and forms the basis of his Complaint was not reasonably foreseeable and there lacked a pattern of substantially similar

conduct which is necessary to meet the definition of nuisance or notice, therefore, Defendant cannot be liable to Plaintiff.

## ELEVENTH DEFENSE

This Court lacks personal jurisdiction.

## TWELFTH DEFENSE

Venue is improper.

## THIRTEENTH DEFENSE

Any special damages not specifically pleaded are not recoverable. *See* O.C.G.A. § 9-11-9(g).

## FOURTEENTH DEFENSE

Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable.

## FIFTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant assert the defenses of failure to avoid consequences, failure to mitigate damages, discharge in bankruptcy, estoppel, fraud, illegality, res judicata and open and obvious.

## SIXTEENTH DEFENSE

Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## SEVENTEENTH DEFENSE

The Plaintiff has failed to properly serve this Defendant Rupinder Kaur or perfect service upon Defendant.

## **ANSWER**

Defendant responds to the specifically numbered allegations in Plaintiff's Complaint as follows:

1.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

2.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

3.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

4.     Defendant admits he is an owner of Golden Mile Enterprises Inc.  Defendant is not a Georgia resident and was not doing business in Clayton County, Georgia on August 22, 2023. Defendant is not subject to the jurisdiction of this Court.  Otherwise denied.

5.     Defendant admits Golden Mile Enterprises, Inc. is a foreign corporation with its principal place of business in Indiana. Defendant denies Golden Mile Enterprises Inc., was doing business in Clayton County, Georgia on August 22, 2023. Defendant is without information or knowledge sufficient to admit or deny whether Golden Mile Enterprises Inc., employed John Doe. Defendant admits Golden Mile Enterprises Inc.'s registered agent is Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Otherwise denied.

6.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

7.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

## **BACKGROUND**

8.      This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

9.      This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

10.      This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

11.      This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

12.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

13.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

14.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

15.    Defendant denies being an owner of Chandi Trucking Inc.  Defendant admits being an owner of Golden Mile Enterprises Inc.

16.    Denied.

17.    Denied.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18.    This Defendant incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

19.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

20.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

21.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

22.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

23.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

24.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

25.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.


## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.     This Defendant incorporates by reference its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

28.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

29.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

30.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

31.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

32.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

33.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING, INC.

34.    This Defendant incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

36.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

37.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

38.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT IV- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING, INC.

39.     This Defendant incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

40.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

41.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

42.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

43.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

44.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

45.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

46.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

47.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

48.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

49.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

50.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT V- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

51.     This Defendant incorporates by reference its responses to Paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

52.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

53.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

54.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

55.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

56.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## COUNT VI -NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES, INC.

57.     This Defendant incorporates by reference its responses to Paragraphs 1 through 57 of Plaintiff's Complaint as if fully set forth herein.

58.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

59.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

60.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

61.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

62.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

63.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

64.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

65.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

66.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

67.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

68.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

69.    This Defendant incorporates by reference its responses to Paragraphs 1 through 69 of Plaintiff's Complaint as if fully set forth herein.

70.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

71.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

72.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

73.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

74.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT VII-NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

75.     This Defendant incorporates by reference its responses to Paragraphs 1 through 75 of Plaintiff's Complaint as if fully set forth herein.

76.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

77.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

78.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

79.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

80.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

81.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

82.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

83.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

84.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

85.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

86.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

87.    This Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully set forth herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

93.     This Defendant incorporates by reference its responses to Paragraphs 1 through 93 of Plaintiff's Complaint as if fully set forth herein.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

105.     This Defendant incorporates by reference its responses to Paragraphs 1 through 105 of Plaintiff's Complaint as if fully set forth herein.

106.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

107.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

108.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

109.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

110.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT XII: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

111.    This Defendant incorporates by reference its responses to Paragraphs 1 through 111 of Plaintiff's Complaint as if fully set forth herein.

112.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

113.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

114.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

115.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

116.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

117.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

118.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

119.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

120.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

121.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

122.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

123.    This Defendant incorporates by reference its responses to Paragraphs 1 through 123 of Plaintiff's Complaint as if fully set forth herein.

124.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

125.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

126.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

127.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

128.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph of the Complaint; therefore denied. Defendant denies liability to Plaintiff.

129.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## EIGHTEENTH DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1.    That Plaintiff's claims be denied and Plaintiff's Complaint for Damages and Demand for Jury Trial be dismissed with prejudice;

2.    That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.    That the case be tried before a jury of twelve (12) persons; and

4.    For such other and further relief as this Honorable Court deems just and proper.

*[signature page to follow]*

Respectfully submitted, this 13ᵗʰ day of October, 2025.

**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
600 Peachtree Street, N.E., Suite 4700         Georgia Bar No. 309380
Atlanta, Georgia  30309                         Jasmine M. Choi
Tel:  404-348-8585                              Georgia Bar No. 960461
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com               *Counsel for Defendant*
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Defendant Rupinder Kaur's Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint*** was filed with the Clerk of Court utilizing Odyssey, Georgia E-file system, its online electronic filing system, which will provide copies of same to all counsel of record, by ***STATUTORY ELECTRONIC SERVICE O.C.G.A. § 9-11-5(f):***

Steven A. Miller
***THE MILLER FIRM***
500 BISHOP ST. NE STE A5
Atlanta, GA 30318
*themillerfirmatl.com*

*Counsel for Plaintiff*

Respectfully submitted, this 13th day of October, 2025.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

600 Peachtree Street, N.E., Suite 4700
Atlanta, Georgia  30309
Tel:  404-348-8585
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

*Counsel for Defendant*

2025CV05162

e-Filed 10/15/2025 2:30 PM

# AFFIDAVIT OF SERVICE

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Maria Martin

| Case: 2025CV05162 | Court: State Court of Clayton County, Georgia | | County: Clayton, GA | Job: 13916403 (Sutton vs Singh) |
|---|---|---|---|---|
| Plaintiff / Petitioner: Cornellius Sutton | | | Defendant / Respondent: Chandi Trucking Inc | |
| Received by: QuickServe, a Clinton Investigations company | | | For: The Miller Firm | |
| To be served upon: Imroj Singh | | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Imroj Singh, Company: 1702 S Belmount Ave, Indianapolis, in 46221

**Manner of Service:** Business, Aug 12, 2025, 4:12 pm EDT

**Documents:** Imroj Singh (Received Aug 7, 2025 at 11:54am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Pl's 1st ROGS & RPD to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), RFA to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), Summons (Imroj Singh) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Sutton vs Singh.pdf (Received Aug 7, 2025 at 11:54am EDT)

**Additional Comments:**

1) Sub-Served Successful Attempt: Aug 19, 2025, 4:12 pm EDT at Company: 1702 S Belmount Ave, Indianapolis, in 46221 received by Imroj Singh. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Office Manager of Chandi Trucking. Office Manager Josh informed Imroj Singh lives in California.

_____     08/19/2025

Kit Stuard                          **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

e-Filed 10/16/2025 10:18 AM

*Tiki Brown*

**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Adazel Sheleysorto**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                    *
                                      *
Plaintiff,                            *
                                      *
v.                                    *
                                      *
JOHN DOE, BALWINDER SINGH             *      CASE NO.:
CHANDI,                               *      2025CV05162
RUPINDER KAUR, IMROJ SINGH,           *
CHANDI TRUCKING INC.,                 *
GOLDEN MILE ENTERPRISES INC.,
and ACE AMERICAN INSURANCE
COMPANY,

Defendants.

## ORDER GRANTING CONSENT MOTION FOR DISMISSAL WITHOUT PREJUDICE OF UNINSURED MOTORIST CARRIER

The Court, after having been informed that the attorney for Plaintiff and purported Uninsured

Motorist Carrier, Progressive Mountain Insurance Company ("Progressive"), have entered into an

agreement to dismiss Progressive pursuant to Yarbrough v. Dickinson, 183 Ga. App. 489 (1987),

hereby dismisses Progressive without prejudice. This Dismissal shall not preclude Plaintiff from re-

serving the instant action against Progressive in the future if Progressive's uninsured motorist coverage

should become applicable to this case.

If Progressive is later re-served with the complaint in this case, then Progressive shall be given

no less than one hundred twenty (120) days before trial is requested or scheduled, in which to complete

discovery, conduct its investigation, file motions, and prepare for trial. Stipulations and defaults by, or

judgments against, the individual defendant shall not be binding on Progressive.

**ORDERED** this _17_ day of _O. 79C_ , 20_27_ .

_____
Judge _____
State Court of Clayton County

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Adazel Sheleysorto

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

**Cornellius Sutton C/O Steven A. Miller, 500 Bishop
Street NW, Suite A5, Atlanta, GA 30318,**
*Plaintiff,*

Civil Action No.:
**2025CV05162**

vs.

**Chandi Trucking Inc. C/O Imroj Singh, 1702 S.
Belmount Avenue, Indianapolis, IN 46221,**
*Defendant,*

Imroj Singh
15637 Iron Spring Lane
Fontana, California 92336
*Defendant.*

### AFFIDAVIT OF RETURN OF SERVICE (PRIVATE PROCESS SERVER) — AS TO DEFENDANT
### IMROJ SINGH, AN INDIVIDUAL

I, Raul A. Mata, am over the age of 18, a citizen of the United States, and not a party to this
action. I am registered as a private process server in Riverside County, California, Registration No.
PS-001514, authorized to serve process within California pursuant to *Cal. Bus. & Prof. Code § 22350*
et seq.

Under O.C.G.A. § 9-11-4(c) and (h), proof of service by a person other than a sheriff or marshal
shall be made by that person's affidavit stating the date, place, and manner of service. Personal
service outside Georgia may be authorized pursuant to O.C.G.A. § 9-11-4(f)(2).

### DOCUMENTS SERVED

On **October 4, 2025**, I received the AMENDED SUMMONS (08/19/2025); SUMMONS
(08/04/2025); COMPLAINT (07/17/2025) from The Miller Law Firm for service of process in Case
No. 2025CV05162. On **October 13, 2025**, at **7:08 P.M.** I served the following upon Imroj Singh, an
individual: Amended Summons (as to Imroj Singh, an individual) (08/19/2025), Summons (as to
Chandi Trucking Inc. C/O Imroj Singh (08/04/2025) and Complaint (07/17/2025).

### SERVICE DETAILS REQUIRED BY O.C.G.A. § 9-11-4(H)

Date & Time of Service: **October 13, 2025 at 7:08 P.M. (PST)**.

Service Location: **15637 Iron Springs Lane, Fontana, California 92336**.

Person Served: **Imroj Singh (individual defendant)**.

Capacity/Authority: **N/A (individual defendant)**.

Method of Service: **Personal, hand-to-hand delivery at the above address**.

Identity Confirmation: Self-identification, IMROJ SINGH (a Middle Eastern Male, approximately 48-51 years of age, 5'9-5'10 in height, 190-200 Lbs. with salt and pepper hair) identified himself by name; corroborated by a BeenVerified Report as to the residence at the service address whose Ownership reflected IMROJ SINGH as one of two owners thereof.

## PRIOR ATTEMPTS (IF ANY)

10-06-2025 at 10:52 A.M., No Answer at front door.

10-08-2025 at 6:16 P.M., No Answer at front door.

10-10-2025 at 4:45 P.M., No Answer at front door.

10-11-2025 at 11:14 A.M., No Answer at front door.

10-12-2025 at 11:29 A.M., No Answer at front door.

## FEES (OPTIONAL)

Service fee: $ 100.00; Mileage/other: Notary $ 15.00.

I am not a party to this action and am competent to testify to the foregoing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10-16-2025

Place of execution: Riverside, California

Raul A. Mata
Riverside County, CA Registered Process Server No. PS-001514
6130 Camino Real #212, Riverside, California 92509
Tel: 951-823-9709; Facsimile: 888-410-8642

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of _Riverside_____ }

On _October 16th, 2025_ before me, _Anthony David Romero (Notary public)_
(Here insert name and title of the officer)
personally appeared _Raul Armando Mata Vargas_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                          (Notary Public Seal)

ANTHONY DAVID
DELAPINA ROMERO
Notary Public - California
Riverside County
Commission # 2525065
My Comm. Expires Jul 24, 2029

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_Affidavit of Return of Service_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _2_ Document Date _10/16/25_

### CAPACITY CLAIMED BY THE SIGNER

☑ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

*Tiki Brown*

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

**Cornellius Sutton C/O Steven A. Miller, 500 Bishop
Street NW, Suite A5, Atlanta, GA 30318,**
*Plaintiff,*

Civil Action No.:
**2025CV05162**

vs.

**Chandi Trucking Inc. C/O Imroj Singh, 1702 S.
Belmount Avenue, Indianapolis, IN 46221,**
*Defendant,*

Imroj Singh
15637 Iron Spring Lane
Fontana, California 92336
*Defendant.*

### AFFIDAVIT OF RETURN OF SERVICE (PRIVATE PROCESS SERVER) — AS TO DEFENDANT CHANDI TRUCKING INC. C/O IMROJ SINGH

I, Raul A. Mata, am over the age of 18, a citizen of the United States, and not a party to this action. I am registered as a private process server in Riverside County, California, Registration No. PS-001514, authorized to serve process within California pursuant to *Cal. Bus. & Prof. Code § 22350* et seq.

Under O.C.G.A. § 9-11-4(c) and (h), proof of service by a person other than a sheriff or marshal shall be made by that person's affidavit stating the date, place, and manner of service. Personal service outside Georgia may be authorized pursuant to O.C.G.A. § 9-11-4(f)(2).

### DOCUMENTS SERVED

On **October 4, 2025**, I received the AMENDED SUMMONS (08/19/2025); SUMMONS (08/04/2025); COMPLAINT (07/17/2025) from The Miller Law Firm for service of process in Case No. 2025CV05162. On **October 13, 2025**, at **7:08 P.M.** I served the following upon CHANDI TRUCKING INC C/O IMROJ SINGH: Amended Summons (as to Imroj Singh, an individual) (08/19/2025), Summons (as to Chandi Trucking Inc. C/O Imroj Singh (08/04/2025) and Complaint (07/17/2025).

### SERVICE DETAILS REQUIRED BY O.C.G.A. § 9-11-4(H)

Date & Time of Service: **October 13, 2025 at 7:08 P.M. (PST)**.

Service Location: **15637 Iron Springs Lane, Fontana, California 92336**.

Person Served: **Imroj Singh on behalf of CHANDI TRUCKING INC.**

Capacity/Authority: **On behalf of CHANDI TRUCKING INC., an authorized person for service for Chandi Trucking Inc., per representations made at the time of service.**

Method of Service: **Personal, hand-to-hand delivery at the above address**.

Identity Confirmation: Self-identification, IMROJ SINGH (a Middle Eastern Male, approximately 48-51 years of age, 5'9-5'10 in height, 190-200 Lbs. with salt and pepper hair) identified himself by name; corroborated by a BeenVerified Report as to the residence at the service address whose Ownership reflected IMROJ SINGH as one of two owners thereof.

**PRIOR ATTEMPTS (IF ANY)**

10-06-2025 at 10:52 A.M., No Answer at front door.

10-08-2025 at 6:16 P.M., No Answer at front door.

10-10-2025 at 4:45 P.M., No Answer at front door.

10-11-2025 at 11:14 A.M., No Answer at front door.

10-12-2025 at 11:29 A.M., No Answer at front door.

**FEES (OPTIONAL)**

Service fee: $ 50.00; Mileage/other: Notary $ 15.00.

I am not a party to this action and am competent to testify to the foregoing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *10-16-2025*

Place of execution: *Riverside*, California

*Raul A Mata*

Raul A. Mata
Riverside County, CA Registered Process Server No. PS-001514
6130 Camino Real #212, Riverside, California 92509
Tel: 951-823-9709; Facsimile: 888-410-8642

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of *Riverside* _____ }

On *October 16th, 2025* before me, *Anthony David Romero (Notary public)*
(Here insert name and title of the officer)
personally appeared *Raul Armando Mata Vargas* _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                    (Notary Public Seal)

ANTHONY DAVID
DELAPINA ROMERO
Notary Public – California
Riverside County
Commission # 2525065
My Comm. Expires Jul 24, 2029

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

*Affidavit of Return of Service*
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages **2** Document Date **10/16/25**

### CAPACITY CLAIMED BY THE SIGNER
- ☑ Individual (s)
- ☐ Corporate Officer

_____
(Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

INSTRUCTIONS FOR COMPLETING THIS FORM
*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

e-Filed 10/27/2025 10:16 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON

      Plaintiff,

v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR, IMROJ
SINGH, CHANDI TRUCKING, INC.,
GOLDEN MILE ENTERPRISES INC., and
ACE AMERICAN INSURANCE
COMPANY,

      Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

COMES NOW Rupinder Kaur, (hereinafter "Defendant"), named Defendant in the above-captioned civil action, by and through the undersigned counsel of record, and hereby certify Defendant served upon all counsel of record a copy of the following: ***Defendant Rupinder Kaur's Responses and Objections to Plaintiff's First Interrogatories and First Request for Production of Documents to Defendant*** has this day been served upon all counsel of record all counsel of record by **STATUTORY ELECTRONIC SERVICE O.C.G.A. § 9-11-5(f)** to:

Steven A. Miller
***THE MILLER FIRM***
500 BISHOP ST. NE STE A5
Atlanta, GA30318
themillerfirmatl.com

*Counsel for Plaintiff*

Respectfully submitted this 27th day of October, 2025.

*(signature page to follow)*

**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
 Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants*

600 Peachtree Street, N.E., Suite 4700
Atlanta, Georgia  30309
Tel:  404-348-8585
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** has this day been served upon the Clerk of Court and all counsel of record through the Court's electronic filing system, Odyssey E-File, which automatically serves all counsel of record by **STATUTORY ELECTRONIC SERVICE O.C.G.A. § 9-11-5(f)** as follows:

Steven A. Miller
***THE MILLER FIRM***
500 BISHOP ST. NE STE A5
Atlanta, GA 30318
themillerfirmatl.com

*Counsel for Plaintiff*

Respectfully submitted this 27th day of October, 2025.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
600 Peachtree Street, N.E., Suite 4700    Georgia Bar No. 309380
Atlanta, Georgia  30309                   Jasmine M. Choi
Tel:  404-348-8585                        Georgia Bar No. 960461
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com         *Counsel for Defendants*
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Maria Martin**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

CORNELLIUS SUTTON,                )
                                  )
        Plaintiff,                )
v.                                )        CIVIL ACTION FILE NO.: 2025CV05162
                                  )
JOHN DOE, BALWINDER SINGH,        )
CHANDI, RUPINDER KAUR,            )
IMROJ SINGH, CHANDI TRUCKING      )
INC., GOLDEN MILE ENTERPRISES     )
INC., and ACE AMERICAN INSURANCE  )
COMPANY,                          )
        Defendant(s).             )

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT CHANDI TRUCKING INC'S MOTION TO DISMISS COMPLAINT

COMES NOW Plaintiff Cornellius Sutton, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-4 (e)(1A) and 14-2-1510(b), files this Response and Objection to Defendant Chandi Trucking Inc's Motion to Dismiss Complaint with the attached exhibits and Affidavit of Steven A. Miller showing the Court the following facts, to wit:

### FACTS

1.

On July 17, 2025, the Plaintiff filed suit against the Defendant in Clayton County, State Court.  (Complaint, Exhibit "A")

2.

On August 12, 2025, Defendant Chandi Trucking Inc. was served by a private process server by handing a copy of the Summons, Complaint and initial discovery to office manager Josh. With regards to a corporation, service can be had "to the president or other officer of such

- 1 -

corporation or foreign corporation, a managing agent thereof, or a registered agent therof. . . " See O.C.G.A. § 9-11-4(e)(1)(A) (AOS of private process server, Exhibit "B".) On August 12, 2025, Plaintiff's attorney mailed a copy of the Summons, Complaint and initial discovery certified returned receipt requested (**tracking #9589 0710 5270 2993 1251 87**) to Defendant Chandi Trucking Inc. c/o registered agent Imroj Singh to 1702 S. Belmont Ave., Indianapolis, Indiana 46221. (Tracking Receipt, Exhibit "C")

3.

To clear any confusion, on August 19, 2025, Defendant Chandi Trucking was served with a copy of the Summons, Complaint and initial discovery by a private process server by handing the service documents to the office manager Josh who informed the private process server that the Registered Agent, Imroj Singh lives in California.  (Second Amended AOS of Private Process Server, Exhibit "D")

4.

On August 19, 2025, Plaintiff's attorney forwarded a copy of the Summons, Complaint and initial discovery to the Georgia Secretary of State for Defendant Chandi Trucking Inc. and paid $10.00 to the Georgia Secretary of State. On August 22, 2025, the Georgia Secretary of State accepted service for Defendant Chandi Trucking Inc.. (Certificate of Acknowledgement, Exhibit "E")

5.

On October 13, 2025, Defendant Chandi Trucking Inc. was served with a copy of the Summons, Complaint and initial discovery c/o registered agent Imroj Singh by handing a copy of the service documents to him at 15637 Iron Springs Lane, Fontana. California 92336.  (AOS of Private Process Server, Exhibit "F")

## <u>ARGUMENT</u>

Pursuant to O.C.G.A. § 9-11-4 (e)(1A) "If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in this state. Further, if it appears from such certification that there is a last known address of a known officer of such corporation or foreign corporation outside this state, the plaintiff shall, in addition to and after such service upon the Secretary of State, mail or cause to be mailed to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint. Any such service by certification to the Secretary of State shall be answerable not more than 30 days from the date the Secretary of State receives such certification." Service has been perfected on Defendant Chandi Trucking Inc.

according to this statute by having a private process server hand a copy of the Summons, Complaint and initial discovery to a managing agent of Chandi Trucking Inc.. If the August 19, 2025 service is not acceptable, service has also been made upon the Georgia Secretary of State for Defendant Chandi Trucking Inc.in compliance with this statute.

O.C.G.A. § 14-2-1510(b) states that "If a foreign corporation has no registered agent or its registered agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the chief executive officer, chief financial officer, or secretary of the foreign corporation, or a person holding a position comparable to any of the foregoing, at its principal office shown in the later of its application for a certificate of authority or its most recent annual registration. Any party that serves a foreign corporation in accordance with this subsection shall also serve a copy of the process upon the Secretary of State and shall pay a $10.00 filing fee." Defendant Chandi Trucking Inc. has been served with a copy of the Summons, Complaint and initial discovery by certified mail c/o of its registered agent Imroj Singh at the address listed on the Indiana Secretary of State. Service has also been made upon the Georgia Secretary of State for Defendant Chandi Trucking Inc. according to this statute. To ensure service of the Summons, Complaint and initial discovery on Defendant Chandi Trucking Inc., a private process server completed another successful service attempt on registered agent Imroj Singh in California. For these reasons, Plaintiff objects to Defendant Chandi Trucking Inc's Motion to Dismiss Complaint and requests that this court deny its motion.

WHEREFORE Plaintiff moves this Court to deny Defendant Chandi Trucking Inc's Motion to Dismiss Complaint.

This 3rd day of November 2025.

- 4 -

**THE MILLER FIRM**
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT CHANDI TRUCKING INC'S MOTION TO DISMISS COMPLAINT** upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

LEWIS BRISBOIS BISGAARD & SMITH LLP
Paul R. Borr, Esq.
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308

This 3rd day of November 2025.

/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

- 6 -

EXHIBIT A

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Bright

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CORNELLIUS SUTTON,                              )
                                                )
    Plaintiff,                              )
                                                )
                                                )    CIVIL ACTION FILE NO.:
v.                                              )
                                                )    2025CV05162
                                                )    _____
JOHN DOE, BALWINDER SINGH CHANDI,               )
RUPINDER KAUR, IMROJ SINGH,                     )
CHANDI TRUCKING INC. ,                          )
GOLDEN MILE ENTERPRISES INC.,                   )
and ACE AMERICAN INSURANCE                      )
COMPANY                                         )
                                                )
    Defendants.                             )

**e-Filed 10/3/2025 7:00 PM**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

EFILED
CLAYTON COUNTY, GA
11/3/2025 11:54 PM
Tiki Brown
CLERK STATE COURT

Adazel Sheleysorto

## COMPLAINT

COMES NOW Plaintiff and files this his Complaint, and  respectfully shows the Court as

follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Balwinder Singh Chandi is a California resident. Defendant Balwinder Singh

Chandi is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Balwinder

Singh Chandi was doing business in Clayton County, Georgia on the date of the collision made the

basis of this suit. He may be served with a copy of the Summons and Complaint in this action at

his address:  15505 Jacara Ln, Moreno Valley, California 92551. Defendant is subject to the

jurisdiction of this Court. Venue is proper.

3.

Defendant Chandi Trucking Inc. is a foreign corporation with its principal place of business

in Indianapolis, Indiana. Defendant Chandi Trucking Inc. was doing business in Clayton County,

Georgia on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc.

was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Chandi Trucking Inc. may be served c/o its registered agent, Imroj Singh , 1702 S Belmount Ave., Indianapolis, Indiana 46221. Jurisdiction and venue are proper as to Defendant Chandi Trucking Inc..

4.

Defendant Rupinder Kaur is a California resident. Defendant Rupinder Kaur is an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc. Defendant Rupinder Kaur was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his home address:  5352 Heitz Way, Fontana, California 92336. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Golden Mile Enterprises Inc. is a foreign corporation with its principal place of business in Indianapolis, Indiana. Defendant Golden Mile Enterprises Inc. was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit. Defendant Golden Mile Enterprises Inc. may be served c/o its registered agent, Registered Agents Inc., 5534 Saint Joe Road, Fort Wayne, IN, 46835. Jurisdiction and venue are proper as to Defendant Golden Mile Enterprises Inc..

6.

Defendant Imroj Singh is a California resident. Defendant Imroj Singh is an owner of Golden Mile Enterprises Inc. Defendant Imroj Singh was doing business in Clayton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this at his address:  1702 S Belmount Ave., Indianapolis, Indiana 46221. Defendant is subject to the jurisdiction of this Court. Venue is proper.

7.

Defendant Ace American Insurance Company (hereinafter referred to as "Defendant Ace"), is a foreign insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Ace may be served c/o its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046. Jurisdiction and venue are proper as to Defendant Ace.

## BACKGROUND

8.

On August 22, 2023, Plaintiff traveled on I-75 North near the Forest Parkway exit in Clayton County, Georgia in his 2006 Chevrolet.

9.

At the same date and time, Defendant John Doe traveled on I-75 North near the Forest Parkway exit in an 18-wheeler with US DOT number 3006995 written on the side with the words "Chandi Trucking Inc" in red letters on the side and "Golden Mile, goldenmileinc.com" in yellow and blue letters on the side and the back of the truck.

10.

Defendant John Doe had a blow out tire that struck Plaintiff's windshield. Plaintiff attempted to swerve to avoid the blown-out tire pieces.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Defendant Golden Mile Enterprises Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at all times material hereto.

Defendant John Doe was within the line and scope of his agency or employment with Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Ace was the insurance carrier for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh and/or Golden Mile Enterprises Inc..

14.

At the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

15.

At the time of the collision made the basis of this suit, Defendant Rupinder Kaur was an owner of Chandi Trucking Inc. and Golden Mile Enterprises Inc..

16.

At the time of the collision made the basis of this suit, Defendant Imroj Sing was an owner of Golden Mile Enterprises Inc..

17.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

**COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE**

18.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

19.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he drove in a reasonably safe manner under the circumstances.

20.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

21.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

22.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

23.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;
      d. General expenses;
      e. Diminished quality of life; and
      f. Lost wages.

24.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |

| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

25.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

27.

Defendant John Doe had a duty to exercise ordinary care and operate the 18-wheeler he was driving in a reasonably safe manner under the circumstances.

28.

Defendant John Doe breached that duty by driving an unsafe or improperly equipped vehicle, failing to drive a vehicle with tires safe to drive on the roadway, driving a vehicle without properly inspecting the equipment, operating a vehicle that did not meet the minimum standards for commercial motor vehicles, driving a vehicle without properly inspecting and performing maintenance, operating a vehicle in such a condition as to likely cause an accident, failing to keep a proper lookout for Plaintiff's vehicle, and generally driving in an unsafe manner.

29.

Defendant John Doe's actions are in violation of Georgia law and Federal law, specifically driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §40-8-7, failing to drive a vehicle with safe tires in violation of O.C.G.A. §40-8-74, driving a vehicle without properly inspecting the equipment in violation of FMCSR §392.7, operating a vehicle that did not meet the minimum standards for commercial motor vehicles in violation of FMCSR §393, driving a vehicle without properly inspecting and performing maintenance in violation of FMCSR §396, and for operating a vehicle in such a condition as to likely cause an accident in violation of FMCSR §396.7. His violations of Georgia law and Federal law as described in this Complaint constitute negligence per se.

30.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

31.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate him for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;

d. General damages;
e. Diminished quality of life; and
f. Lost wages.

32.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special

damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

33.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and

wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and

expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to

O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special

damages  in an amount to be proven at trial, but no less than $48,225.00+ for general damages, for

compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life

in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by

law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further

relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING INC.

34.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 35.

Upon information and belief, at the time of the collision made the basis of this suit Defendant John Doe was employed by or an agent of Defendant Chandi Trucking Inc. and was acting within the line and scope of his employment with Defendant Chandi Trucking Inc.

### 36.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Chandi Trucking Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

### 37.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Chandi Trucking Inc. liable to Plaintiff.

### 38.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |

| Perimeter Anesthesia | $ 4,200.00 |
|---|---|
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

39.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING INC.

40.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

41.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Chandi Trucking Inc. and within the line and scope of said agency and/or employment.

42.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

43.

Defendant Chandi Trucking Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely

operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

44.

Defendant Chandi Trucking Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

45.

Defendant Chandi Trucking Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Chandi Trucking Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

46.

Defendant Chandi Trucking Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

47.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

48.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its training of Defendant John Doe.

49.

Defendant Chandi Trucking Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

50.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Chandi Trucking Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

51.

Defendant Chandi Trucking Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Chandi Trucking Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

53.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Golden Mile Enterprises Inc. and was acting within the line and scope of his employment with Defendant Golden Mile Enterprises Inc.

54.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Golden Mile Enterprises Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

55.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Golden Mile Enterprises Inc. liable to Plaintiff.

56.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |

20250V05162

| Lost Wages | TBD |
|---|---|
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

57.

Defendant Golden Mile Enterprise Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

58.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

59.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Golden Mile Enterprises Inc. and within the line and scope of said agency and/or employment.

60.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

61.

Defendant Golden Mile Enterprises Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

62.

Defendant Golden Mile Enterprises Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

63.

Defendant Golden Mile Enterprises Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Golden Mile Enterprises Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

64.

Defendant Golden Mile Enterprise Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

65.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

66.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its training of Defendant John Doe.

67.

Defendant Golden Mile Enterprises Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

68.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Golden Mile Enterprises Inc., Plaintiff has been caused to incur and obliged to spend substantial

sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

69.

Defendant Golden Mile Enterprises Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Golden Mile Enterprises Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

71.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Balwinder Singh Chandi and was acting within the line and scope of his employment with Defendant Balwinder Singh Chandi.

72.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of his agency and/or employment. Therefore, Defendant Balwinder Singh Chandi, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

73.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Balwinder Singh Chandi liable to Plaintiff.

74.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |

| Mileage | TBD |
|---|---|
| **TOTAL SPECIALS** | **$ 48,225.00+** |

75.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANDI

76.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

77.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi and within the line and scope of said agency and/or employment.

78.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

79.

Defendant Balwinder Singh Chandi knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

80.

Defendant Balwinder Singh Chandi utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

81.

Defendant Balwinder Singh Chandi negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Balwinder Singh Chandi's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

82.

Defendant Balwinder Singh Chandi's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

83.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his hiring of Defendant John Doe.

84.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his training of Defendant John Doe.

85.

Defendant Balwinder Singh Chandi was negligent and/or wanton in his supervision of Defendant John Doe.

86.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Balwinder Singh Chandi, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great

detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

87.

Defendant Balwinder Singh Chandi has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Balwinder Singh Chandi in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

89.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Rupinder Kaur and was acting

within the line and scope of his employment with Defendant Rupinder Kaur.

90.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of his agency and/or employment. Therefore, Defendant Rupinder Kaur, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

91.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Rupinder Kaur liable to Plaintiff.

92.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

93.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

95.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Rupinder Kaur and within the line and scope of said agency and/or employment.

96.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

97.

Defendant Rupinder Kaur knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

98.

Defendant Rupinder Kaur utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

99.

Defendant Rupinder Kaur negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Rupinder Kaur's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

100.

Defendant Rupinder Kaur's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

101.

Defendant Rupinder Kaur was negligent and/or wanton in his hiring of Defendant John Doe.

102.

Defendant Rupinder Kaur was negligent and/or wanton in his training of Defendant John Doe.

103.

Defendant Rupinder Kaur was negligent and/or wanton in his supervision of Defendant John Doe.

104.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Rupinder Kaur, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

105.

Defendant Rupinder Kaur has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Rupinder Kaur in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Imroj Singh and was acting within the line and scope of his employment with Defendant Imroj Singh.

108.

Upon information and belief, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of his

agency and/or employment. Therefore, Defendant Imroj Singh, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Imroj Singh liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

111.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs

of this proceeding.

## COUNT XII:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

### 112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 113.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Imroj Singh and within the line and scope of said agency and/or employment.

### 114.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving.

### 115.

Defendant Imroj Singh knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

### 116.

Defendant Imroj Singh utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 117.

Defendant Imroj Singh negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Imroj Singh's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

118.

Defendant Imroj Singh's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the 18-wheeler he was driving at the time of the collision made the basis of this suit.

119.

Defendant Imroj Singh was negligent and/or wanton in his hiring of Defendant John Doe.

120.

Defendant Imroj Singh was negligent and/or wanton in his training of Defendant John Doe.

121.

Defendant Imroj Singh was negligent and/or wanton in his supervision of Defendant John Doe.

122.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Imroj Singh, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| Advanced Imaging Centers | $ 7,200.00 |
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |

| TOTAL SPECIALS | $ 48,225.00+ |
|---|---|

123.

Defendant Imroj Singh has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Imroj Singh in a sum to be established by the jury and the costs of this proceeding.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

125.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc. were insured under a commercial liability insurance policy with Defendant Ace American Insurance Company with a $1,000,000 coverage limit and an MCS-90 endorsement.

126.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving as an agent and/or employee of Defendant Balwinder Singh Chandi, Defendant Chandi Trucking Inc., Defendant Rupinder Kaur, Defendant Imroj Singh, and/or Defendant Golden Mile Enterprise Inc..

127.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of interstate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the 18-wheeler he was driving for the furtherance of the engagement of intrastate commerce for Defendants Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, and/or Golden Mile Enterprise Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

128.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company liable to Plaintiff.

129.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprise Inc., and Ace American Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to his great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of his injuries.

Plaintiff suffered special damages as follows:

| Advanced Imaging Centers | $ 7,200.00 |
|---|---|
| Integrated Health & Injury Center | $6,975.00 |
| Laser Spine & Pain Centers | $29,850.00 |
| Perimeter Anesthesia | $ 4,200.00 |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 48,225.00+** |

130.

Defendant Ace American Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Balwinder Singh Chandi, Chandi Trucking Inc., Rupinder Kaur, Imroj Singh, Golden Mile Enterprises Inc., and Ace American Insurance Company in a sum to be established by the jury and the costs of this proceeding.

This __17th__ day of July, 2025.

                                         _/s/ Steven A. Miller_
                                         Steven A. Miller
                                         Georgia Bar No. 154011
                                         Attorney for Plaintiff

**The Miller Firm**
**500 Bishop St. NW**
**Ste A5**
**Atlanta, GA 30318**
**(404) 583-3960 (Office)**
**(404) 601-7450 (Fax)**
**themillerfirmatl.com**

16

2025CV05162    e-Filed 8/19/2025 1:26 PM

**AFFIDAVIT OF SERVICE**

2025CV05162

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

| Case:<br>2025CV05162 | Court:<br>State Court of Clayton County, Georgia | | County:<br>Clayton, GA | Job:<br>13916532 (Sutton vs Chandi Trucking Inc) |
| --- | --- | --- | --- | --- |
| Plaintiff / Petitioner:<br>Cornellius Sutton | | | Defendant / Respondent:<br>Chandi Trucking Inc | |
| Received by:<br>QuickServe, a Clinton Investigations company | | | For:<br>The Miller Firm | |
| To be served upon:<br>Chandi Trucking Inc. | | | | |

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Chandi Trucking Inc., Company: 1702 S Belmont Ave, Indianapolis, in 46221

**Manner of Service:**   Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**   Complaint (Cornellius Sutton) f..pdf (Received Aug 7, 2025 at 10:00am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 10:00am EDT), Pl's 1st ROGS & RPD to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), RFA to Chandi Trucking Inc.pdf (Received Aug 7, 2025 at 10:00am EDT), Summons (Chandi Trucking Inc.) f..pdf (Received Aug 7, 2025 at 10:00am EDT)

**Additional Comments:**

1) Successful Attempt: Aug 12, 2025, 4:12 pm EDT at Company: 1702 S Belmont Ave, Indianapolis, in 46221 received by Chandi Trucking Inc.. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Employee of Chandi Trucking named Roman ;

*Kit Stuard*
_____    08/12/2025
Kit Stuard                                      Date

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

e-Filed 11/3/2025 11:54 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Adazel Sheleysorto**

e-Filed 11/3/2025 11:57 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Maria Martin**



## AFFIDAVIT OF SERVICE

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Maria Martin**

| Case:<br>2025CV05162 | Court:<br>State Court of Clayton County, Georgia | County:<br>Clayton, GA | Job:<br>13916403 (Sutton vs Singh) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Cornellius Sutton | | Defendant / Respondent:<br>Chandi Trucking Inc | |
| Received by:<br>QuickServe, a Clinton Investigations company | | For:<br>The Miller Firm | |
| To be served upon:<br>Imroj Singh | | | |

e-Filed 11/4/2025 12:07 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

I, Kit Stuard, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Imroj Singh, Company: 1702 S Belmount Ave, Indianapolis, in 46221

**Manner of Service:**    Business, Aug 12, 2025, 4:12 pm EDT

**Documents:**    Imroj Singh (Received Aug 7, 2025 at 11:54am EDT), COS (initial discovery) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Pl's 1st ROGS & RPD to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), RFA to IMROJ SINGH.pdf (Received Aug 7, 2025 at 11:54am EDT), Summons (Imroj Singh) f..pdf (Received Aug 7, 2025 at 11:54am EDT), Sutton vs Singh.pdf (Received Aug 7, 2025 at 11:54am EDT)

**Additional Comments:**

1) Sub-Served Successful Attempt: Aug 19, 2025, 4:12 pm EDT at Company: 1702 S Belmount Ave, Indianapolis, in 46221 received by Imroj Singh. Age: 40; Ethnicity: Hispanic; Gender: Male; Weight: 200; Height: 5'10"; Hair: Black; Other: Successful Attempt. Paperwork left with Office Manager of Chandi Trucking. Office Manager Josh informed Imroj Singh lives in California.

_____    08/19/2025

Kit Stuard    **Date**

QuickServe, a Clinton Investigations company
PO Box 836
Mooresville, IN 46158
3174430012

2025CV05162

e-Filed 11/4/2025 12:07 AM

Control Number : SOP-25168134

Tiki Brown
Clerk of State Court
e-Filed 8/28/2025 4:51 PM
Clayton County, Georgia
Latasha Currie

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Adazel Sheleysorto

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Chandi Trucking, Inc.**

have been filed with the Secretary of State on 08/22/2025 pursuant to O.C.G.A. § 14-2-1510(b) relating to the following matter:

Case: Cornellius Sutton v. Chandi Trucking, Inc.
Court: Clayton County State Court
Civil Action No.: 2025CV05162

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/27/2025.

Brad Raffensperger
Secretary of State

## SERVICE OF PROCESS

*Electronically Filed*
Secretary of State
Filing Date: 8/22/2025 2:43:58 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-25168134 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : Chandi Trucking, Inc. |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : 1702 S Belmont Ave, Indianapolis, IN, 46221, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 14-2-1510(b)

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Cornellius Sutton |
| Style of Proceeding | : Cornellius Sutton v John Doe et. al |
| Civil Action Number | : 2025CV05162 |
| Court | : Clayton County State Court |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Business |
| Name | : The Miller Firm |
| Address | : 500 Bishop St NW, Suite A5, Atlanta, GA, 30318, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : Star C Coble |

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Adazel Sheleysorto

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

**Cornellius Sutton C/O Steven A. Miller, 500 Bishop Street NW, Suite A5, Atlanta, GA 30318,**

*Plaintiff,*

vs.

**Chandi Trucking Inc. C/O Imroj Singh, 1702 S. Belmount Avenue, Indianapolis, IN 46221,**

*Defendant,*

Imroj Singh
15637 Iron Spring Lane
Fontana, California 92336
*Defendant.*

Civil Action No.:

**2025CV05162** Filed 11/4/2025 12:07 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

### AFFIDAVIT OF RETURN OF SERVICE (PRIVATE PROCESS SERVER) — AS TO DEFENDANT CHANDI TRUCKING INC. C/O IMROJ SINGH

I, Raul A. Mata, am over the age of 18, a citizen of the United States, and not a party to this action. I am registered as a private process server in Riverside County, California, Registration No. PS-001514, authorized to serve process within California pursuant to *Cal. Bus. & Prof. Code § 22350* et seq.

Under O.C.G.A. § 9-11-4(c) and (h), proof of service by a person other than a sheriff or marshal shall be made by that person's affidavit stating the date, place, and manner of service. Personal service outside Georgia may be authorized pursuant to O.C.G.A. § 9-11-4(f)(2).

### DOCUMENTS SERVED

On **October 4, 2025**, I received the AMENDED SUMMONS (08/19/2025); SUMMONS (08/04/2025); COMPLAINT (07/17/2025) from The Miller Law Firm for service of process in Case No. 2025CV05162. On **October 13, 2025**, at **7:08 P.M.** I served the following upon CHANDI TRUCKING INC C/O IMROJ SINGH: Amended Summons (as to Imroj Singh, an individual) (08/19/2025), Summons (as to Chandi Trucking Inc. C/O Imroj Singh (08/04/2025) and Complaint (07/17/2025).

### SERVICE DETAILS REQUIRED BY O.C.G.A. § 9-11-4(H)

Date & Time of Service: **October 13, 2025 at 7:08 P.M. (PST).**

Service Location: **15637 Iron Springs Lane, Fontana, California 92336.**

Person Served: **Imroj Singh on behalf of CHANDI TRUCKING INC.**

Capacity/Authority: **On behalf of CHANDI TRUCKING INC., an authorized person for service for Chandi Trucking Inc., per representations made at the time of service.**

Method of Service: **Personal, hand-to-hand delivery at the above address**.

Identity Confirmation: Self-identification, IMROJ SINGH (a Middle Eastern Male, approximately 48-51 years of age, 5'9-5'10 in height, 190-200 Lbs. with salt and pepper hair) identified himself by name; corroborated by a BeenVerified Report as to the residence at the service address whose Ownership reflected IMROJ SINGH as one of two owners thereof.

## PRIOR ATTEMPTS (IF ANY)

10-06-2025 at 10:52 A.M., No Answer at front door.

10-08-2025 at 6:16 P.M., No Answer at front door.

10-10-2025 at 4:45 P.M., No Answer at front door.

10-11-2025 at 11:14 A.M., No Answer at front door.

10-12-2025 at 11:29 A.M., No Answer at front door.

## FEES (OPTIONAL)

Service fee: $ 50.00; Mileage/other: Notary $ 15.00.

I am not a party to this action and am competent to testify to the foregoing.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: _10-16-2025_


Place of execution: _Riverside_ , California


_Raul A Mata_
Raul A. Mata
Riverside County, CA Registered Process Server No. PS-001514
6130 Camino Real #212, Riverside, California 92509
Tel: 951-823-9709; Facsimile: 888-410-8642

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of _Riverside_____ }

On _October 16th, 2025_ before me, _Anthony David Romero (Notary public)_
(Here insert name and title of the officer)

personally appeared _Raul Armando Mata Vargas_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature          (Notary Public Seal)

**ANTHONY DAVID DELAPINA ROMERO**
Notary Public – California
Riverside County
Commission # 2525065
My Comm. Expires Jul 24, 2029

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_Affidavit of Return of Service_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _2_ Document Date _10/16/25_

### CAPACITY CLAIMED BY THE SIGNER
- [✓] Individual (s)
- [ ] Corporate Officer
  _____
  (Title)
- [ ] Partner(s)
- [ ] Attorney-in-Fact
- [ ] Trustee(s)
- [ ] Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM
*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

2025CV05162    e-Filed 11/3/2025 11:49 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Maria Martin**

Re:
CORNELLIUS SUTTON v. JOHN DOE ET AL.

STATE OF GEORGIA
COUNTY OF CLAYTON

## AFFIDAVIT OF STEVEN A. MILLER

Steven Miller appeared before the undersigned notary, and after being sworn, did depose and state as follows:

**1.**

My name is Steven A. Miller and I represent the Plaintiff in the above-referenced matter. I am over the age of 18, suffer from no legal disability, and am otherwise competent to give the testimony contained in this affidavit. I would testify to these facts if asked to do so in a court of law.

**2.**

This civil action was filed in the State Court of Clayton County on July 17, 2025, under civil action case #2025CV05162.

**3.**

On August 12, 2025, Defendant Chandi Trucking Inc. was served by a private process server by handing a copy of the Summons, Complaint and initial discovery to office manager Josh. On August 12, 2025, I mailed a copy of the Summons, Complaint and initial discovery certified returned receipt requested (tracking #9589 0710 5270 2993 1251 87) to Defendant Chandi Trucking Inc. c/o registered agent Imroj Singh to 1702 S. Belmont Ave., Indianapolis, Indiana 46221.                    **4.**

On August 19, 2025, Defendant Chandi Trucking was served with a copy of the Summons, Complaint and initial discovery by handing the service documents to the office manager Josh who informed the private process server that the Registered Agent, Imroj Singh lives in California.

5.

On August 19, 2025, I forwarded a copy of the Summons, Complaint and initial discovery to the Georgia Secretary of State for Defendant Chandi Trucking Inc. and paid $10.00 to the Georgia Secretary of State. On August 22, 2025, the Georgia Secretary of State accepted service for Defendant Chandi Trucking Inc..

6.

On October 13, 2025, Defendant Chandi Trucking Inc. was served with a copy of the Summons, Complaint and initial discovery c/o registered agent Imroj Singh by handing a copy of the service documents to him at 15637 Iron Springs Lane, Fontana. California 92336.

Respectfully submitted this __3rd__ day of ___November___, 2025.

*(Signature on Following Page.)*

Tiki Brown
**Clerk of State Court**
**Clayton County, Georgia**
**Maria Martin**

Respectfully submitted this ___3___ day of _____November_____, 2025.

Steven A. Miller
*Attorney for Plaintiff*

500 Bishop Street NW
Suite A-5
Atlanta, GA 30318
steven@millerfirmatl.com
cc: paralegaltmf@gmail.com

Notary Name (Printed)

Notary Signature

3 NOV 25
Date

STAR C COBLE
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA

3

*Tiki Brown*

IN THE STATE COURT OF CLATON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO: 2025CV05162. |
| v. | ) |
| | ) |
| JOHN DOE, BALWINDER SINGH CHANDI, | ) |
| RUPINDER KAUR, IMROJ SINGH, | ) |
| CHANDI TRUCKING INC. , | ) |
| GOLDEN MILE ENTERPRISES INC., | ) |
| and ACE AMERICAN INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S
## MOTION TO OPEN DEFAULT

COMES NOW Cornelius Sutton, Plaintiff, and responds to Defendants Chandi Trucking

Inc. ("CT"), Golden Mile Enterprises Inc. ("Golden"), and Ace American Insurance Company's

("Ace") Motion to Open Default and shows the Court as follows:

## BACKGROUND

This action stems from a collision between the Plaintiff's vehicle and a blown tire from

Defendants 18-wheeler from August 22, 2023 which struck Plaintiff's windshield.  Plaintiff filed

suit on July 17, 2025, naming the present Defendants CT, Golden, and Ace among others

responsible for the blown tire.  Defendant Golden was served on August 6, 2025, Defendant Ace

on August 8, 2025, and Defendant CT on August 12, 2025.

Out of an abundance of caution, Plaintiff again served Defendant Chandi Trucking by its

registered agent's address under O.C.G.A. §14-2-1510(b) through the Secretary of State.

According to the tracking, Defendant Chandi Trucking was served by certified mail on August

18, 2025 at 5:05pm. *See* Exhibit A, Plaintiff's certified mail receipt. (*refer to* O.C.G.A. §14-2-1510(c) "Service is perfected under subsection (b) of this Code section at the earliest of . . . the date the foreign corporation receives the mail.)

Defendants filed their present Motion to Open Default contemporaneously with Plaintiff's Motion for Default against Defendants on October 3, 2025. *See* Plaintiff's Motions for Default. Defendants moved to open default prior to final judgement pursuant to O.C.G.A. §9-11-55(b) which allows for opening default for "excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial."

Plaintiff's counsel was contacted by Defendants to seek consent to open default, which Plaintiff had no objection to if **any** offer was made to Plaintiff. Defendants' made no such offer and as such filed this Motion.

## ARGUMENT AND CITATION OF AUTHORITY

Under O.C.G.A. § 9-11-55 (b), at any time before final judgment, a trial court has the discretion to open default on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case. The four conditions precedent are: (1) a showing made under oath, (2) an offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. Compliance with the four conditions is a condition precedent and once met, the question of whether to open the default on

one of the three grounds rests within the sound discretion of the trial court.   Rainbow Real

Investors, LP v. Red Oak Vill. Condo. Ass'n, 376 Ga. App. 458, 463 (2025)

"Generally, the opening of a default rests with the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default."  *Comcast Corp.et al. v. Warren*, 286 Ga. App. 835, 836 (2007).

In support of its Motion to Open Default and Brief in Support Thereof, Defendants rely on two of the three grounds in O.C.G.A. § 9-11-55(b), Excusable Neglect and Proper Case.

**A.  Defendants have not made a showing of Excusable Neglect and as such not made a valid showing to Open Default**

"Where a defendant has been properly served and relies upon the insurer, the insurance agent, or counsel to file an answer timely, the failure of the defendant's agent, counsel, or insurer is imputable to the defendant in determining the presence or absence of excusable neglect. Excusable neglect means a reasonable excuse or justification for failure to answer timely; it is that neglect which might have been the act of a reasonably prudent person under the same circumstances." COMCAST Corp. v. Warren, 286 Ga. App. 835, 838 (2007).  "[E]xcusable neglect" does not mean "gross negligence," and default should never be opened for capricious or fanciful reasons. [Hence,] if a party, on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect is **inexcusable** and **gross**, and the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer. Crawford v. Dammann, 277 Ga. App. 442, 451 (2006).  "The Court has some discretion in opening default when a Defendant has neglected to answer a Complaint filed against

him and offers a plausible excuse. A default, prior to judgment, may be opened if the Defendant has made out an <u>extremely good case</u> for excusable neglect. <u>Patel v. Gupta</u>, 234 Ga. App. 441, 442 (1998) (citing <u>Cobb County Fair Asso. V. Boyle</u> 143 Ga. App. 754 (1977). In *Patel*, Defendant was served with a complaint and left the country the next day because he thought it was merely a threat. Once returning to the country, Defendant found that he had a judgment against him and owed money to the plaintiff. The appellate court held that for purposes of O.C.G.A. §9-11-55(b) "excusable neglect has been defined as referring to where there is a reasonable excuse for failing to answer." *See* Patel.

Defendants have failed to show any reason let alone an <u>extremely good case</u> for "excusable neflect.". Defendants filed an affidavit as required under the four conditions in O.C.G.A. §9-11-55(b) in support of their contentions. However, said affidavit omits key facts to help the Court determine if a "reasonable excuse" exists allowing Defendants out of Default. When did Defendants CT and Golden forward the Summons and Complaint to their insurer and codefendant, Ace? When did Ace reach out to obtain counsel on their behalf? How long did it take for counsel to reach out to Plaintiff's attorney after receiving said Complaint and Summons. Defendants were served on four separate occasions. Defendant CT was served both in person and by certified mail. That is four opportunities for Defendants to respond in any way to Plaintiff's Complaint. This is also four different times or methods that Defendants received the Complaint and Summons and had the opportunity to respond. "Where a defendant has been properly served and relies upon an insurer, an insurance agent, or counsel to file an answer timely, the failure of the defendant's agent, counsel, or insurer is imputable to the defendant in determining the presence or absence of excusable neglect." <u>COMCAST</u> at 838. (*finding* "No valid reason has been given for not filing a timely answer, or for failing to file an answer within the time granted.")(*See also* <u>Rainbow</u> at 465,

"a defendant's unconfirmed belief that [their] insurer had timely received suit papers and was preparing a defense on the defendant's behalf is not sufficient to constitute excusable neglect that would authorize the trial court to set aside a default judgment.")  Defendants have not established excusable neglect as their Motion and Affidavits show a lack of diligence and as presented, a willful disregard for the Court's process.

### B.  Defendants Fail to Show a "Proper Case" for Opening Default

The legal standard for the broadest of the three grounds in O.C.G.A. §9-11-55(b) is explained in *Bowen* which permits "the reaching out to take in every conceivable case where injustice might result of the default were not opened." *Bowen* at 208.  By the Default Judgment Statute's plain language, the trial court is instructed, when determining whether a proper case exists for the opening of default, to consider "*all* the facts." *Id.*  Indeed, the proper case inquiry is intensely fact-specific, though case law can offer some guidance. *See* Nelson v. Bd. of Regents of the Univ. Sys. of Ga., 307 Ga. App. 220, 225 (2010).  While not conclusory, the Court is able to take the "unexplained delay into consideration as a factor in determining whether to exercise its discretion to open default. (*See* Follmer v. Perry, 229 Ga. App. 257, 260 (1997).

Defendants are sophisticated entities and have the resources and knowledge to understand the importance of the legal process and answering a lawsuit.  A simple google search of GM shows that it has over 700 trailers.  Chandi owns over 150 trailers and Ace is an insurance company in business since 1984.  Plaintiff is not similarly situated and does not have the time or expenses to continue with the process of litigation as the Defendants delay further.  Plaintiff is prejudiced by the mere fact that he was forced into litigation by the Defendants.  Opening Default would delay any recovery and force Plaintiff to continue spending unnecessary resources for recovery.

### C.  Defendants Pleadings are do not Meritorious Defense requirement under O.C.G.A. § 9-11-55(b)

"Compliance with the four conditions, including the necessity of setting up a meritorious defense, however, is a condition precedent; absent the showing of a meritorious defense, a trial court has no discretion to open a default. Furthermore, the failure to make this showing is, in and of itself, fatal to the motion to open default, such that no other condition need be considered. In order to establish a meritorious defense, a defendant must demonstrate that the outcome of the case "may be different" if the motion is granted.  Water Visions Int'l, Inc. v. Tippett Clepper Assocs., 293 Ga. App. 285, 287 (2008)

In order to make that showing, "the defendant must set forth facts that show the existence of the essential elements of such defense even though there is no requirement that the affidavit [or other sworn statement] contain in great detail the factual basis of the proposed defense." *Id.*

In its collective Answer for a case in which Plaintiff's vehicle was hit by a blown tire as the result of Defendants' collective negligence, Defendants argue among other Defenses, comparative negligence, assumption of the risk, and contributory negligence among other boilerplate defenses.  The remainder of Defendants' Answer are general denials not authorized by a Meritorious Defense.  As such, their Motion should be denied for failing to meet this requirement under O.C.G.A. §9-11-55(b).

### CONCLUSION

Wherefore, Plaintiff moves the Court to deny Defendant's Motion to open default in this action or in the alternative, set a hearing for oral arguments on the issue of Default.

Respectfully submitted this 3ʳᵈ day of November, 2025.

**THE MILLER FIRM**
/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT CHANDI TRUCKING INC'S MOTION TO** OPEN DEFAULT upon the defendant in this action by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

LEWIS BRISBOIS BISGAARD & SMITH LLP
Paul R. Borr, Esq.
600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308

This 3rd day of November 2025.

/s/Steven Miller
**Steven Miller**
Georgia Bar No. 154011
*Attorney for Plaintiff*

**THE MILLER FIRM**
500 Bishop St NW, Ste. A5
Atlanta, GA 30318
Office: 470.825.4031
steven@millerfirmatl.com



**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CORNELLIUS SUTTON<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE, BALWINDER SINGH CHANDI, RUPINDER KAUR, IMROJ SINGH, CHANDI TRUCKING, INC., GOLDEN MILE ENTERPRISES INC., and ACE AMERICAN INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO.: 2025CV05162 |

## DEFENDANTS CHANDI TRUCKING, INC'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendant Chandi Trucking, Inc., (hereinafter "Defendant"), in the  above-captioned civil action, and,  hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint (hereinafter Plaintiff's "Complaint"), stating as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted, therefore, Plaintiff's Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the incident which resulted in Plaintiff's alleged injuries, therefore, Plaintiff is barred from recovery.

### THIRD DEFENSE

Plaintiff's recovery is barred by the doctrines of comparative negligence, contributory negligence, and assumption of the risk.

### FOURTH DEFENSE

Defendant's actions and/or inactions were not the proximate cause of Plaintiff's alleged harm and, therefore, Plaintiff's Complaint should be dismissed as to Defendant.

### FIFTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom the Defendant had no control; therefore, Defendant cannot be liable to Plaintiff.

### SIXTH DEFENSE

Plaintiff failed to mitigate her damages and is barred from recovery.

### SEVENTH DEFENSE

Defendant did not owe or breach any duty owed Plaintiff.

### EIGHTH DEFENSE

Plaintiff's Complaint is barred due to a failure to join an indispensable party and, therefore, Plaintiff's Complaint should be dismissed.

### NINTH DEFENSE

Defendant is not subject to joint and several liability.

### TENTH DEFENSE

The alleged danger that resulted in Plaintiff's alleged harm and forms the basis of his Complaint was not reasonably foreseeable and there lacked a pattern of substantially similar

conduct which is necessary to meet the definition of nuisance or notice, therefore, Defendant cannot be liable to Plaintiff.

## ELEVENTH DEFENSE

This Court lacks personal jurisdiction.

## TWELFTH DEFENSE

Venue is improper.

## THIRTEENTH DEFENSE

Any special damages not specifically pleaded are not recoverable. *See* O.C.G.A. § 9-11-9(g).

## FOURTEENTH DEFENSE

Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable.

## FIFTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant assert the defenses of failure to avoid consequences, failure to mitigate damages, discharge in bankruptcy, estoppel, fraud, illegality, res judicata and open and obvious.

## SIXTEENTH DEFENSE

Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## SEVENTEENTH DEFENSE

The Plaintiff has failed to properly serve or perfect service upon Defendant.

## ANSWER

Defendant responds to the specifically numbered allegations in Plaintiff's Complaint as follows:

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

2.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

3.      Defendant admits Chandi Trucking Inc. is a foreign corporation with its principal place of business in Indiana. Defendant denies it was doing business in Clayton County, Georgia on August 22, 2023. Defendant admits that its registered agent is Imroj Singh at 1702 Belmont Avenue, Indianapolis IN, 46221. Otherwise denied.

4.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

5.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

7.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

## BACKGROUND

8.      This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

9.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

10.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

11.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

12.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

14.     Defendant admits Defendant Balwinder Singh Chandi was an owner of Chandi Trucking Inc.  Otherwise, denied.

15.     Defendant denies that Defendant Rupinder Kaur was an owner of Chandi Trucking Inc.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint; therefore, denied.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

17. Denied.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

18. This Defendant incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

19. This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

20. This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

21. This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

22. This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

23.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

24.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

25.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

26.     This Defendant incorporates by reference its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

28.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

29.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

30.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

31.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

32.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

33.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT CHANDI TRUCKING, INC.

34.     This Defendant incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

36.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

37.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

38.     Denied.

39.     Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT IV- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT CHANDI TRUCKING, INC.

40.     This Defendant incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT V- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES INC.

52.    This Defendant incorporates by reference its responses to Paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

53.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

54.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

55.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

56.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

57.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## COUNT VI -NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT GOLDEN MILE ENTERPRISES, INC.

58.    This Defendant incorporates by reference its responses to Paragraphs 1 through 57 of Plaintiff's Complaint as if fully set forth herein.

59.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

60.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

61.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

62.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

63.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

64.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

65.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

66.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

67.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

68.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

69.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BALWINDER SINGH CHANDI

70.     This Defendant incorporates by reference its responses to Paragraphs 1 through 69 of Plaintiff's Complaint as if fully set forth herein.

71.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

72.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

73.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

74.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

75.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT VII-NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BALWINDER SINGH CHANI

76.     This Defendant incorporates by reference its responses to Paragraphs 1 through 75 of Plaintiff's Complaint as if fully set forth herein.

77.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

78.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

79.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

80.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

81.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

82.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

83.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

84.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

85.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

86.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

87.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT RUPINDER KAUR

88.     This Defendant incorporates by reference its responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully set forth herein.

89.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

90.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

91.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

92.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

93.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT RUPINDER KAUR

94.    This Defendant incorporates by reference its responses to Paragraphs 1 through 93 of Plaintiff's Complaint as if fully set forth herein.

95.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

96.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

97.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

98.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

99.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

100.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

101.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

102.     This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

103.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

104.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

105.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT XI: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT IMROJ SINGH

106.    This Defendant incorporates by reference its responses to Paragraphs 1 through 105 of Plaintiff's Complaint as if fully set forth herein.

107.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

108.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

109.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

110.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

111.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

### COUNT XII: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT IMROJ SINGH

112.    This Defendant incorporates by reference its responses to Paragraphs 1 through 111 of Plaintiff's Complaint as if fully set forth herein.

113.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

114.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

115.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

116.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

117.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

118.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

119.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

120.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

121.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

122.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

123.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

Plaintiff's WHEREFORE clause makes no allegation against Defendant and therefore requires no response from Defendant. To the extent a response is required, Denied.

## COUNT XIII: NEGLIGENCE OF DEFENDANT ACE AMERICAN INSURANCE COMPANY

124.    This Defendant incorporates by reference its responses to Paragraphs 1 through 123 of Plaintiff's Complaint as if fully set forth herein.

23

125.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

126.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

127.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

128.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

129.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

130.    This paragraph of the Complaint makes no allegation against Defendant and therefore requires no response from Defendant. However, to the extent a response is required,

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint; therefore denied.

To the extent Plaintiff's WHEREFORE clause requires a response from Defendant, denied.

## EIGHTEENTH DEFENSE

To the extent any allegations in Plaintiff's Complaint have not been specifically answered by Defendant, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant Chandi Trucking Inc., respectfully prays for the following relief from this Honorable Court:

1.     That Plaintiff's claims be denied and Plaintiff's Complaint for Damages and Demand for Jury Trial be dismissed with prejudice;

2.     That all costs, attorney's fees, and expenses of this action be taxed against Plaintiff;

3.     That the case be tried before a jury of twelve (12) persons; and

4.     For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this 12th day of November, 2025.


                                                        LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

                                                        /s/ *Jasmine M. Choi*
                                                        R. Scott Masterson
                                                        Georgia Bar No. 476356
                                                        Paul R. Borr
600 Peachtree Street, N.E., Suite 4700                  Georgia Bar No. 309380
Atlanta, Georgia  30309                                 Jasmine Choi
Tel:  404-348-8585                                      Georgia Bar No. 960461
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com                       *Counsel for Defendant Chandi Trucking Inc.*
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant Chandi**

**Trucking Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** was filed with the

Clerk of Court utilizing Odyssey, Georgia E-file system, its online electronic filing system, which

will provide copies of same to all counsel of record, by **STATUTORY ELECTRONIC SERVICE**

**O.C.G.A. § 9-11-5(f):**

Steven A. Miller
**THE MILLER FIRM**
500 BISHOP ST. NE STE A5
Atlanta, GA30318
*themillerfirmatl.com*

*Counsel for Plaintiff*

Respectfully submitted, this 12th day of November, 2025.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

/s/ *Jasmine M. Choi*
R. Scott Masterson
Georgia Bar No. 476356
 Paul R. Borr
600 Peachtree Street, N.E., Suite 4700    Georgia Bar No. 309380
Atlanta, Georgia  30309                              Jasmine Choi
Tel:  404-348-8585                                        Georgia Bar No. 960461
Fax:  404-467-8845
Scott.Masterson@lewisbrisbois.com    *Counsel for Defendant Chandi Trucking Inc.*
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois

# **EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CORNELLIUS SUTTON

      Plaintiff,

v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR,
IMROJ SINGH, CHANDI
TRUCKING, INC., GOLDEN MILE
ENTERPRISES INC., and ACE
AMERICAN INSURANCE
COMPANY,

      Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

## NOTICE OF REMOVAL TO OPPOSING COUNSEL

TO:   Steven A. Miller
      The Miller Firm
      500 Bishop St. NW STE A5
      Atlanta, GA 30318
      themillerfirmatl.com

**YOU ARE HEREBY NOTIFIED** that on the 12th day of November, 2025,

Defendant filed in the Office of the Clerk of Clayton County, Georgia, its Notice of

Removal to the United States District Court for the Northern District of Georgia,

Atlanta Division.

Please serve the undersigned with copies of all pleadings that may be filed by you in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the removal of this case and in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted this 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

2

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **NOTICE OF REMOVAL TO OPPOSING COUNSEL** has been mailed to all parties via U.S. Mail, addressed as follows:

Steven A. Miller
The Miller Firm
500 Bishop St. NW STE A5
Atlanta, GA 30318
themillerfirmatl.com

*Counsel for Plaintiff*

This 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

3

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CORNELLIUS SUTTON

     Plaintiff,

v.

JOHN DOE, BALWINDER SINGH
CHANDI, RUPINDER KAUR,
IMROJ SINGH, CHANDI
TRUCKING, INC., GOLDEN MILE
ENTERPRISES INC., and ACE
AMERICAN INSURANCE
COMPANY,

     Defendants.

CIVIL ACTION FILE
NO.: 2025CV05162

## CERTIFICATION OF NOTICE OF REMOVAL

TO:   State Court of Clayton County
      Clerk's Office
      Harold R. Banke Justice Center
      9151 Tara Boulevard
      Room 1CL181
      Jonesboro, GA 30326-4912

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing

of a Notice of Removal of State Court Case No. 2025CV05162, styled *Cornellius*

*Sutton v. John Doe, Balwinder Singh Chandi, Rupinder Kaur, Imroj Singh, Chandi*

*Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company,*

1

to the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted this 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*

R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

2

**EXHIBIT D**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CORNELLIUS SUTTON<br><br>        Plaintiff,<br><br>v.<br><br>JOHN DOE, BALWINDER SINGH CHANDI, RUPINDER KAUR, IMROJ SINGH, CHANDI TRUCKING, INC., GOLDEN MILE ENTERPRISES INC., and ACE AMERICAN INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO.: 2025CV05162 |

## <u>CERTIFICATION OF NOTICE OF REMOVAL</u>

TO:   State Court of Clayton County
      Clerk's Office
      Harold R. Banke Justice Center
      9151 Tara Boulevard
      Room 1CL181
      Jonesboro, GA 30326-4912

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing

of a Notice of Removal of State Court Case No. 2025CV05162, styled *Cornellius*

*Sutton v. John Doe, Balwinder Singh Chandi, Rupinder Kaur, Imroj Singh, Chandi*

*Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*,

1

to the United States District Court for the Northern District of Georgia, Atlanta

Division. A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted this 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*
R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

2

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **CERTIFICATION OF NOTICE OF REMOVAL** has been filed with the Clerk of Court utilizing the electronic filing system, which automatically sends an electronic copy of same to all counsel of record, and by certified electronic service to:

Steven A. Miller
The Miller Firm
500 Bishop St. NW STE A5
Atlanta, GA 30318
themillerfirmatl.com

*Counsel for Plaintiff*

This 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*

R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

3

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **CERTIFICATION OF NOTICE OF REMOVAL** has been filed with the Clerk of Court utilizing the electronic filing system, which automatically sends an electronic copy of same to all counsel of record, and by certified electronic service to:

Steven A. Miller
The Miller Firm
500 Bishop St. NW STE A5
Atlanta, GA 30318
themillerfirmatl.com

*Counsel for Plaintiff*

This 12th day of November, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
Telephone:  (404) 348-8585
Facsimile: (404) 467-8845
Scott.Masterson@lewisbrisbois.com
Paul.Borr@lewisbrisbois.com
Jasmine.Choi@lewisbrisbois.com

*/s/  Paul R. Borr*

R. Scott Masterson
Georgia Bar No. 476356
Paul R. Borr
Georgia Bar No. 309380
Jasmine M. Choi
Georgia Bar No. 960461

*Counsel for Defendants Rupinder Kaur, Imroj Singh, Chandi Trucking Inc., Golden Mile Enterprises Inc., and Ace American Insurance Company*

3